# EXHIBIT F



## STUDENT CODE OF CONDUCT

1.0  <u>**PREAMBLE**</u>

1.1   The primary purposes of the Student Code of Conduct are to promote campus civility and academic integrity and to provide a framework for the imposition of discipline in the University setting.  The code gives general notice of prohibited conduct and of the sanctions to be imposed if such conduct occurs. The code should be read broadly, and is not designed to define misconduct in exhaustive terms. The code specifies the rights of the student and the rights of other parties to the procedure.

1.2   As provided by the Board of Governors in WSUCA 2.31.01, "Student Rights and Responsibilities," and as mandated by academic tradition, the students of Wayne State University possess specific rights and responsibilities. Students are expected to conduct themselves in a manner conducive to an environment that encourages the free exchange of ideas and information. As integral members of the academic community, students have the right to expect that their rights are protected from arbitrary, capricious and malicious acts on the part of other members of the academic community. This Student Code of Conduct is designed to assure that students who are alleged to have engaged in unacceptable conduct receive fair and impartial consideration as specified in this code.

1.3   Students are accountable both to civil authorities and to the University for acts which constitute violations of both the law and this code. In such cases disciplinary action at the University will normally proceed while civil or criminal proceedings are pending, and will not be subject to challenge on the grounds that civil or criminal charges involving the same incident have been invoked, dismissed or reduced.

1.4   Final authority in student disciplinary matters is vested in the President or his/her designee.

1.5   The Office of the Ombudsperson is available to advise students at any stage in the proceedings provided for in this code. To assure that students are aware of that availability, whenever charges are initiated against a student or student organization, the Student Conduct Officer will provide the student (or representative of the student organization) with a copy of a memorandum prepared by the Ombudsperson explaining the Ombudsperson's role.

1

**2.0**     **DEFINITIONS**

When used in this code:

2.1     "Academic misbehavior" means any activity which tends to compromise the academic integrity of the institution or subvert the education process. Examples of academic misbehavior include, but are not limited to: (1) cheating, as defined in Section 2.3; (2) fabrication, as defined in Section 2.5; (3) plagiarism, as defined in Section 2.8; (4)  academic obstruction, as defined in Section 2.10; (5) enlisting the assistance of a substitute in the taking of examinations; (6) violation of course rules as contained in the course syllabus or other written information provided to the student.

2.2     "Aggravated violation" means a violation which resulted or foreseeably could have resulted in significant damage to persons or property, or which otherwise posed a substantial threat to normal University or University sponsored activities.

2.3     "Cheating" means intentionally using or attempting to use, or intentionally providing or attempting to provide, unauthorized materials, information or assistance in any academic exercise.

2.4     "Distribution" means sale or exchange with an intent to profit.

2.5     "Fabrication" means intentional and unauthorized falsification or invention of any information or citation.

2.6     "Institution" and "University" mean Wayne State University.

2.7     "Organization" means a number of persons who have complied with University requirements for recognition.

2.8     "Plagiarism" means to take and use another's words or ideas as one's own.

2.9     "Student" means a person  who has enrolled in or is auditing a course or courses, or who has enrolled in or is taking a special program sponsored by any unit of the University, or who has taken or audited a course or courses at the institution on either a full-time or part-time basis.   A person who withdraws from the University after engaging in conduct which may have violated the Student Code of Conduct is considered a "student" for purposes of this Code.

2.10    "Academic obstruction" means any attempt to limit another student's access to educational resources, or any attempt to alter equipment so as to lead to an incorrect answer for subsequent users.

2.11    "University premises" means buildings or grounds owned, leased, operated, controlled, or supervised by Wayne State University or Wayne Housing Authority.

2.12 "Weapon" means any object or substance designed to cause injury, or incapacity, including, but not limited to, all firearms, pellet guns, switchblade knives, knives with blades three or more inches in length, and chemicals such as "Mace" or tear-gas.

2.13 "University-sponsored activity" means any activity on or off University premises, which is initiated, aided, authorized, or supervised by the University.

2.14 "Sexual misconduct" means non-consensual sexual touching, including, among other things, non-consensual oral sex.

2.15 "Technology resources" means any and all technologies that produce, manipulate, store, communicate, or disseminate information. These resources include, but are not limited to, wired and wireless data, video and voice networks, computers for processing information, and other devices for storing and archiving information.

2.16 Unless otherwise noted, "days" means school days and days Wayne State University is open for business and not calendar days.

2.17 "Faculty" applies to full-time, fractional-time, part-time faculty as well as Graduate Teaching Assistants, adjuncts, and Academic Staff with teaching duties.

## 3.0 PROSCRIBED CONDUCT – STANDARDS AND JURISDICTION

3.1 The focus of inquiry in disciplinary proceedings is to determine if the student is in violation of the prohibited conducts outlined in the Student Code of Conduct. Formal rules of evidence are not applicable, nor will deviations from prescribed procedures or deadlines invalidate the decision or proceeding, unless significant prejudice to a student or to the University results.

3.2 The Student Code of Conduct shall apply to conduct that occurs on University or Housing premises and at University or Housing sponsored activities that occur on or off-campus.

3.3 Each student shall be responsible for his/her conduct from the time she or he has notified the University that he/she will attend the University through the actual awarding of a degree, even though conduct may occur before classes begin or after classes end, as well as during the academic year and during periods between terms of actual enrollment and even if their conduct is not discovered until after a degree is awarded.

3.4 The Student Code of Conduct shall apply to a student's conduct even if the student withdraws from school while a disciplinary matter is pending.

**4.0    PROHIBITED CONDUCT**

The following conduct is subject to disciplinary action when it occurs on University or Housing premises, or in connection with a University course or University documents, or at a University-sponsored activity.

4.1    All forms of academic misbehavior.

4.2    Forgery, unauthorized alteration, or unauthorized use of any University document or instrument of identification.

4.3    Physical abuse of another person, or conduct which threatens or endangers another, or verbal or physical threats which cause reasonable apprehension of harm.

4.4    Unauthorized use, unauthorized possession, or unauthorized storage of a weapon.

4.5    Intentionally initiating a threat, or false report or false warning, of fire, explosion, or other emergency.

4.6    Disorderly behavior that interferes with activities authorized, sponsored, or permitted by the University such as teaching, research, administration, and including disorderly behavior that interferes with the freedom of expression of others.

4.7    Violation of the terms of any disciplinary sanction imposed in accordance with this code.

4.8    Illegal use, possession, manufacture or distribution of drugs.

4.9    Theft of property or services, or intentional or reckless damage to property, of the institution, or of a member of the institutional community, or of a visitor to the University.

4.10    Knowingly possessing stolen property.

4.11    Conduct that is a crime under the criminal law of the State of Michigan or the United States.

4.12    Unauthorized entrance into, or use of, institutional facilities, including computing and telecommunication facilities and systems.

4.13    Knowingly furnishing false information to the institution.

4.14    Intentional obstruction or disruption of institutional activities or functions.

4.15    Failure to comply with the direction of any authorized institutional representative, acting in the performance of his/her duties.

4

4.16    Maliciously initiating charges pursuant to this procedure when the initiator knows that the charges are baseless.

4.17    Misuse or intentional disruption of the University's technological resources.

4.18    Any form of sexual misconduct.

4.19    Failure to comply with published University regulations or policies. Such regulations or policies include but are not limited to:

   a)    University statutes prohibiting discrimination and sexual harassment;

   b)    Regulations relating to entry and use of University facilities;

   c)    Regulations relating to sale or consumption of alcoholic beverages;

   d)    Regulations relating to use of vehicles and electronic, amplifying equipment;

   e)    Regulations relating to campus demonstrations;

   f)    Regulations relating to misuse of identification or parking cards;

   g)    Regulations relating to residing in the University's residence halls and apartments.

4.20    Abuse of the Student Code of Conduct system, including but not limited to:

   a)    Deliberate falsification or misrepresentation of information before a Hearing Committee Panel or before a dean in an informal conference;

   b)    Disruption or interference with the orderly conduct of a Hearing Committee Panel proceeding.

## 5.0    DISCIPLINARY SANCTIONS

Students found to have committed an act, or acts of misconduct may be subject to one or more of the following sanctions, which shall take effect immediately upon imposition, unless otherwise stated in writing, except as provided in this code.  More than one sanction may be imposed for any single violation.

5.1    Disciplinary Reprimand. Notification that the student has committed an act of misconduct, and warning that another offense may result in the imposition of a more serious sanction.

5

5.2    <u>Disciplinary Probation.</u> A disciplinary status which does not interfere with the student's right to enroll in and attend classes, but which includes specified requirements or restrictions (as, for example, restrictions upon the students representing the University in any extracurricular activity, or running for or holding office in any student organization) for a specific period of time as determined in the particular case.

5.3    <u>Loss of Privileges.</u>  Denial of specified privileges for a designated period of time, including, but not limited to, the privilege of participating in non-academic activities or student organizations on campus.

5.4    <u>Discretionary Sanctions.</u>  Assignments, essays, service to the University, or other related discretionary assignments.

5.5    <u>Residence Hall Suspension.</u>  Separation of the student from the residence halls for a definite period of time, or until the student demonstrates that she/he has satisfied conditions established for return determined at the time of suspension.

5.6    <u>Residence Hall Expulsion.</u>  Permanent expulsion of the student from the residence halls.

5.7    <u>Suspension.</u> A denial of the privilege of continuing or enrolling as a student anywhere within the University, and denial of any and all rights and privileges conferred by student status, for a specified period of time. At the termination of the suspension the student will be entitled to resume his/her education without meeting any special academic entrance requirements.

5.8    <u>Expulsion.</u> A permanent denial of the privilege of continuing or enrolling as a student anywhere within the University, and permanent denial of any and all rights and privileges conferred by student status.

5.9    <u>Restitution.</u> The requirement that a student make payment to the University or to another person or group of persons, or to a student organization, for damage caused as a result of violation of this code.

5.10    <u>Transcript Disciplinary Record.</u> An entry onto the student's transcript, permanently or for a specified period of time indicating that the student has been found to have engaged in prohibited conduct, pursuant to Section 4.0 of the Student Code of Conduct.  The entry shall also designate the sanction imposed.

5.11    <u>Other Sanctions.</u>  Other sanctions may be imposed instead of, or in addition to, those specified above.

5.12    Among the factors that will be considered in the determination of what sanction is appropriate is whether there have been repeated or aggravated violations. Among the factors that may be considered in mitigation are whether the student has been straightforward, and taken responsibility for his/her acts; the nature of

the offense and the severity of any damage, injury, or harm resulting from it; and the lack of past disciplinary record of the offender. Because a primary purpose of this code is to protect the University community, a claim that a violation was committed as a matter of "innocent fun" shall not be viewed as a factor in mitigation.

5.13    Attempts to commit acts prohibited by this code shall also be punishable .

5.14    Students who have left the University, and who, after leaving the University, have used forged University transcripts or other University documents, or have used University transcripts or other University documents with unauthorized alterations, may be subject to one or more of the following sanctions:

    a)    The refusal to provide any further transcripts or other documents;

    b)    The refusal to provide any further transcripts or other documents except directly to institutions or employers;

    c)    The denial of any further enrollment;

    d)    An entry onto the student's transcript, permanently or for a specified period of time.

## 6.0    COMMUNICATION OF NOTICES TO STUDENTS: APPEALS AND APPEARANCES BY STUDENTS

Except as provided in Section 10.1, all notices to students which are provided for by this code shall be sent by first-class mail (not certified or registered) to the student's address filed by the student at the time of last registration. If the sender of the notice has actual knowledge that a different address is correct, the sender shall also send a copy to that address. Copies of written notices may also be hand-delivered to the student.

All written appeals or requests for review must be signed and submitted by the student herself/himself (not by an advisor or an attorney). Sections 15.9 and 14.3 of this statute provide, respectively, that any party may bring an advisor or an attorney to a formal hearing held pursuant to Section 15 of the statute, and that a student, or the representative of an intra-college organization, may bring an advisor or attorney to an Informal Disciplinary Conference. These sections specify the role of the advisor or attorney at the hearing or conference. All appearances by the student except for Section 15 hearings and Section 14.3 conferences shall be by the student herself/himself except that the Student Conduct Officer may, in her/his discretion, permit the student to bring an advisor or attorney if, because of a language impediment, disability, or other special circumstance, the presence of an advisor or attorney would improve the quality of the fact-finding conference, and if the student notifies the Student Conduct Officer of the name of the advisor or attorney, and the reason the student desires the presence of an advisor or attorney, at least 48 hours prior to the conference. The Student Conduct Officer may revoke her/his permission for the presence of an advisor or attorney at any time if, in her/his judgment, it is not improving the quality of the conference.

7.0     **INTERIM SUSPENSION**

Whenever there is evidence that the continued presence of a student on University premises poses a substantial threat to that student or to others, or to the stability and continuance of normal University functions, the President, Provost or his/her designee, and after consultation with the Office of the General Counsel, may suspend the student for an interim period pursuant to these disciplinary procedures.  In matters of academic misconduct, the Provost's designee will ordinarily be the student's Academic Dean; in matters of nonacademic misconduct, the Dean of Students. Notice of the interim suspension shall be mailed to the student. The interim suspension may be made immediately effective, without prior notice, and may provide for complete exclusion from University premises except for the appearance provided for in Section 7.1, which appearance may be scheduled to occur at the Public Safety headquarters.

7.1     A student suspended on an interim basis shall be given an opportunity to appear personally before the University officer who suspended the student, or before his/her designee, within five school days from the date of the interim suspension. Notice of the time and place of the appearance shall be included in the notice of suspension. The University officer shall hear the student regarding the following issues only:

   a)     The reliability of the information concerning the student's conduct;

   b)     Whether the conduct and surrounding circumstances reasonably indicate that continued presence of the student on the campus poses a substantial threat to the student or to other individuals or to the stability and continuance of normal University functions.

7.2     Within two school days following the opportunity for an appearance provided for in Section 7.1, the suspending officer or his/her designee shall issue a written determination as to whether or not the suspension should continue, and whether a formal charge should be filed. The suspension may not be continued for more than ten school days after the determination unless a charge is filed within the ten school days.

7.3     The suspending officer or his/her designee shall, within the two school days referred to in Section 7.2, mail to the student a copy of the determination concerning the suspension.

8.0     **HEARING COMMITTEE PANELS**

8.1     Academic Misbehavior Committee Panels:  At the beginning of each academic year, each college of the University, including the Graduate School, shall establish two standing panels, one of students, and another of faculty from the college. Each panel shall contain a minimum of eight and a maximum of twenty-four members. The faculty panel shall be selected by the faculty

8

governing body within the college and the student panel shall be selected by the student governing body within the college. The respective governing bodies shall determine how large a panel, within these limits, is desired. If either governing body fails to act by October 15, the Academic Dean shall determine the size of the panel and shall select the panelists. Vacancies occurring during the year which bring the size of the panel below eight shall be filled within one month of the vacancy's occurring by the appropriate faculty body or student body, or, if they fail to act, by the Academic Dean.

8.2     Non-Academic Misbehavior Committee Panels:  The Academic Senate and the Student Council shall each establish a standing panel for the purpose of processing cases involving individual students or student organizations charged with non-academic misbehavior. Each panel shall contain a minimum of eight and a maximum of twenty four members. Appointees to the Committee Panel will normally serve for three years, unless the Academic Senate or the Student Council specifies a shorter term, except that student appointees will not continue to serve after they graduate.  If the Student Council or Academic Senate fail to act by October 15, the Provost shall determine the size of the panel and shall select the panelists. A vacancy occurring during the year which brings the size of the panel below eight shall be filled within one month of the vacancy by the Student Council or the Academic Senate.  If the Student Council or Academic Senate fail to act, the Provost then shall fill the vacancy.

8.3     The Dean of each college or his/her designee and the presidents of the Academic Senate and Student Council shall report the names of the panelists to the Provost and the Student Conduct Officer no later than October 20 of each academic year, and shall report vacancies and replacements to the Provost and the Student Conduct Officer as soon as they occur.

## 9.0     **<u>STUDENT CONDUCT OFFICER</u>**

The President of the University, or his/her designee, shall appoint an individual to act as Student Conduct Officer. The Student Conduct Officer shall direct and coordinate matters involving student discipline and shall be available to answer questions concerning the procedure to be followed in implementing this code. It is not the role of the Student Conduct Officer to be the proponent of any party.

The Student Conduct Officer shall maintain disciplinary files in the name of the student respondents. Except where litigation or administrative proceedings are pending regarding the matter, if a student is found not to be in violation of the charges his/her file shall be sealed, and after three years shall be destroyed. The files of students found in violation of any of the charges against them will be retained as a disciplinary record for the duration of time specified in the sanction, but no less than five years. If the sanction includes a Transcript Disciplinary Record pursuant to Section 5.10, disciplinary records shall be retained permanently if the transcript entry is permanent, or, if the entry is for a specified period of time, for five years after the end of that period. Disciplinary records may be retained for as long as litigation or administrative proceedings are pending regarding the matter.

9

The Student Conduct Officer shall keep a list of the hearing panels in all colleges and in the Academic Senate and Student Council, and shall report promptly to the Provost, and to the appropriate dean or president, any college or Academic Senate which does not have in place a current, complete panel.

The Student Conduct Officer shall prepare an annual report for the Board of Governors describing how this code has functioned during the year and, if the Student Conduct Officer believes changes are desirable, recommending those changes.

## 10.0   PRELIMINARY PROCEDURE

Any person may initiate charges against one or more students or a student organization believed to have violated this code, by filing charges with, and by providing information pertinent to the case, to the Student Conduct Officer, both in writing. The charge must be made within a reasonable time after the alleged misconduct has occurred.  The Student Conduct Officer will coordinate the adjudication of both academic and non-academic misbehavior violations of the Student Code of Conduct.

### 10.1   ACADEMIC MISBEHAVIOR – PRELIMINARY PROCEDURE

a)      When a faculty member is persuaded that academic misbehavior has occurred, the faculty member may, without filing a charge, adjust the grade downward (including downgrading to a failing grade) for the test, paper, or other course-related activity in question, or for the entire course. In such instances, the faculty member shall either orally notify the student (or each of the students, if more than one student is involved), in the presence of the department or unit head, of the downgrading and the reason(s) for it, or provide the notice by first-class mail as provided in Section 6.0, with a copy to the department or unit head. If the faculty member provides oral notice to the student, the faculty member shall provide the department or unit head with a written statement of the action taken. In any case, the faculty member shall provide the student with a copy of this Section 10.1 and a copy of the memorandum prepared by the Ombudsperson, explaining the Ombudsperson's role, referred to in Section 1.5. In the case of written notice, the copies shall be mailed with the notice. In the case of oral notice, the copies shall be hand-delivered to the student in person, or mailed, within five school days.

The student may appeal the action by filing with the department or unit head a statement in writing, within ten school days of oral notice or postmark of the written notice. The department or unit head shall give the student an opportunity to appear personally before him/her within fifteen school days of the postmark of the student's statement, and shall notify the student of her/his decision, in writing, within ten school days of the opportunity for an appearance. In a departmentalized college where the unit head is not the Academic Dean, the student may appeal to

the Academic Dean, in writing, within ten school days of the postmark of the unit head's decision.

Where the department or unit head is the faculty member, then, in a departmentalized college where the unit head is not the Academic Dean, the student may appeal directly to the Academic Dean, in writing, within ten school days of the oral notice or postmark of the written notice, from the faculty member.

The Academic Dean shall notify the student of his/her decision within ten school days of the postmark of the student's appeal. The Academic Dean's decision shall be final.

Where the Academic Dean is the faculty member, the student may appeal directly to the Provost, in writing, within ten school days of the oral notice or postmark of the written notice from the faculty member.

b)  If the faculty member in whose course the alleged infraction occurred perceives it as warranting discipline in addition to that provided for in Section (a) the faculty member may also file academic misbehavior charges.

In the case of academic misbehavior charges against a student, the Student Conduct Officer shall forward a copy of the charges to the Dean of the college in which the student is enrolled. In the case of graduate students, this will be the subject-area college, not the Graduate School, unless there is no subject-area college. If the student is not enrolled in a college, the Student Conduct Officer shall forward the copy of the charges to the Dean of the College of Liberal Arts and Sciences.  If the Student Conduct Officer determines that another college has primary concern with the matter, in which case he/she shall assign the matter to that college, and forward the charges to the Dean of that college.

In the case of academic misbehavior charges against a student organization that the Student Conduct Officer finds is an intra-college student organization, the Student Conduct Officer shall forward a copy of the charges to the Dean of the college.

In the case of academic misbehavior charges against "related students," as defined in Section 13.2, if the students are enrolled in more than one college, the Student Conduct Officer shall determine which college has primary concern with the matter, shall assign the matter to that college, and shall forward the charges to the Dean of that college

c)  The Provost or his/her designee may approve expedited due process procedures applicable to students enrolled in short-term, non-credit access programs, up to and including removal from the subject program.

11

10.2    NON-ACADEMIC MISBEHAVIOR PRELIMINARY PROCEDURE

Charges of non-academic misbehavior made against students or student organizations will be adjudicated in the Dean of Students Office.

10.3    NON-ACADEMIC MISBEHAVIOR-HOUSING AND RESIDENCE LIFE

Because of the special communal relationship of the residence hall living environment, University Housing may adjudicate and sanction students for minor policy infractions as proscribed in Housing handbooks, contracts, licenses, policies and regulations.

In order to maintain the consistency of Housing's administrative hearing process, the Student Conduct Officer or his or her designee shall meet regularly with the Director of Housing or his or her designee to review non-academic misbehavior cases that occur within the Residence Halls.

The Director of Housing, or his or her designee, may, initiate non-academic misbehavior charges with the Student Conduct Officer at any time.

10.4    WITHDRAWAL OF CHARGES

In all cases, the charge may be withdrawn only by the charging party. It may be withdrawn at any time prior to the notice provided for in Section 11.7, but may not be withdrawn thereafter.

## 11.0    FACT-FINDING PROCEDURES

11.1    Upon receipt of the charges, the Student Conduct Officer shall initiate an investigation, which must include an opportunity for the student(s), or representative(s) of the student organization, to participate in a fact-finding conference with the Student Conduct Officer, and may include a conference by the Student Conduct Officer with the person making the charges, in order to determine whether further proceedings are appropriate.

11.2    A notice shall be sent to the student(s) or to representative(s) of the student organization, with a copy to the Dean of Students or the Academic Dean, within ten school days of the Student Conduct Officer's receipt of the charges, and at least five school days prior to the conference. The notice shall contain the following information:

a)      The alleged infraction;

b)      The nature of the evidence submitted;

c)       The time and place of the conference;

d)      A copy of this code, with a statement that it is the governing policy and that the student should retain it for use throughout the proceeding.

11.3    Should the student(s) or representative of the student organization fail to appear at the fact-finding conference or fail to inform the Student Conduct Officer that he/she is waiving his/her right to the fact-finding conference, the Student Conduct Officer may take action as described in section 11.5.

11.4    Upon request, the student(s), or representative of the student organization, and the charging party, may review the documents, statements, or other material in the Student Conduct Officer's case file.

11.5    Within ten school days following the fact-finding conference, the Student Conduct Officer shall decide:

   a)    that no further action will be taken; or

   b)    in the case of academic misbehavior, charges made against student(s) or against a student organization that the Student Conduct Officer has determined, pursuant to section 10.1(b), to be an intra-college student organization, that the matter will be referred to the Dean of the college in which the student is enrolled or the student organization is based; or

   (c)    in the case of academic misbehavior charges made against two or more students (called "related students" in this statute) where the students are enrolled in more that one college, that the matter will be referred to the Dean of the college with primary concern, as determined pursuant to section 10.1(b);

   d)    in the case of non-academic misbehavior charges made against a student(s) or against a student organization that the matter will be referred to the Dean of Students.

11.6    The Student Conduct Officer will notify in writing the student or representative of the student organization, the Academic Dean or the Dean of Students and the person bringing the charge, of his/her determination, within the ten school days specified in Section 11.5.  If the Student Conduct Officer determines the case should be referred, the Student Conduct Officer shall, forward the original file to the Academic Dean.

11.7    a)    If the Student Conduct officer concludes that there is a sufficient basis to forward a charge for further proceedings, the Student Conduct Officer may, but need not, concurrently propose to the charged party a recommended disposition of the charge. If the Student Conduct Officer does so, he/she will advise the charged party in writing of the recommendation, that he/she has the option to accept or decline the recommendation and the consequence of accepting the recommendation.  The recommended disposition will not be forwarded to the Dean of Students, but only to the charged party.

b)      The charged party may accept or decline the recommended disposition. If the charged party elects to accept the recommended disposition, he/she must do so in writing within ten school days. If the charged party accepts the recommended disposition, then the Student Conduct Officer will notify the Dean of Students of the disposition, and no further proceedings will be had.  If the charged party declines the recommended disposition, then the matter will proceed as if no recommendation had been made.

## 12.0     PROCEDURE IN NON-ACADEMIC MISBEHAVIOR CASES

12.1    The Dean of Students shall notify the student that he/she may either meet with him/her in an Informal Disciplinary Conference pursuant to Section 14.0 of the Student Conduct Code or choose to have the decision and/or sanction of the Student Conduct Officer heard by a formal Hearing Committee convened by the Dean of Students pursuant to Section 15.0 of the Student Conduct Code.  If the Dean of Students is the charging party, the Provost or his or her designee shall notify the student that he or she may either meet with him/her in an Informal Disciplinary Conference or if the student chooses, convene the formal Hearing Committee to review the case.

## 13.0     PROCEDURE IN ACADEMIC MISBEHAVIOR CASES

13.1    If, after reviewing the information transmitted by the Student Conduct Officer, the Academic Dean decides that further action shall be taken, and that the charges are sufficiently serious that it is possible that the alleged misconduct might result in a permanent disciplinary record, suspension or expulsion pursuant to sections 5.7, 5.8, 5.10 of this code, he/she shall initiate the Hearing Procedure, pursuant to Section 15. All other cases shall be resolved by an Informal Disciplinary Conference, pursuant to Section 14.

13.2    Charges against two or more related students arising out of the same or substantially overlapping sets of facts shall be heard together by the same Committee, pursuant to Section 15, or in the same Informal Disciplinary Conference procedure, pursuant to Section 14, unless the Academic Dean determines that separate hearings or procedures should be held.

13.3    If the Academic Dean has determined that further action shall be taken, he/she shall, in writing, so notify the student, or the intra-college student organization, within ten school days of receipt of the referral.

In cases where the Academic Dean has decided that the charges are sufficiently serious that the alleged misconduct might result in a permanent disciplinary record, or a suspension or expulsion pursuant to sections 5.7, 5.8, or 5.10 of this code, he/she shall notify the student (with a copy to the Student Conduct Officer) that the Hearing Procedure, pursuant to Section 15, has been initiated. In all other cases, the Academic Dean shall notify the student or the intra-college

14

student organization (with a copy to the Student Conduct Officer) that the Informal Disciplinary Conference procedure, has been initiated. In hearing procedure cases, the Academic Dean's notice to the student shall include the statement that the student may elect instead to have the case resolved pursuant to the informal disciplinary conference provided for in Section 14, and that, in such cases, the full range of sanctions authorized by this code may be imposed, although the right of appeal specified in Section 18 shall not be applicable.

In the case of related students offered this choice, if any student desires a hearing procedure, all students will be afforded a hearing procedure in accordance with Section 15.

The Academic Dean shall advise the student to contact the Academic Dean's office within ten school days of the postmark of the Academic Dean's  notice, in order to schedule the Informal Disciplinary Conference or the opportunity to strike names from the panels, as provided for in Section 15.2 (in hearing procedure cases). The Academic Dean shall forward the charges to the student and shall refer the student or organization to the copy of this code that has previously been provided.

13.4    If the student or a representative of the student organization does not respond to the Academic Deans within the time specified in Section 13.3, or if the student or representative fails to schedule the Informal Disciplinary Conference, or the opportunity to strike names from the panels, within fifteen school days of the postmark of the Academic Dean's notice, the Dean may decide the matter on the basis of the information provided by the Student Conduct Officer. If the Academic Dean sustains the charges the Dean shall decide the appropriate sanctions as specified in Section 5. The Academic Dean may take note of previously imposed sanctions when making his/her decision regarding sanctions. The Academic Dean shall notify the student or representative, the charging party, and the Student Conduct Officer of the decision, in writing.  The decision of the Academic Dean shall be final. In those cases in which the nature of the sanction requires notice to the Registrar, the Student Conduct Officer shall forward the Academic Dean's notice to the Registrar.

13.5    Students referred to the hearing procedure may elect instead to have their case resolved pursuant to the informal disciplinary conference provided for in Section 14. In such cases, the full range of sanctions authorized by this code may be imposed, although the right of appeal specified in Section 18 shall not be applicable.

## 14.0    INFORMAL DISCIPLINARY CONFERENCE

Students or student organizations subject to, or electing to participate in, an Informal Disciplinary Conference before the Academic Dean or his/her designee or the Dean of Students shall be accorded the following procedure:

14.1    The student or representative of the student organization shall have access to the case file, prior to and during the conference.

15

14.2    The student or representative of the student organization shall have an opportunity to respond to the evidence and to call appropriate witnesses.

14.3    The student or representative shall have the right to be accompanied and assisted by an advisor or attorney only in the manner provided in Section 15.9 of this code.

14.4    The Dean shall render a decision within ten school days. If the Dean sustains the charges, the Dean shall decide the appropriate sanctions as specified in Section 5. The Dean shall notify the student or representative, the charging party, and the Student Conduct Officer of the decision, in writing, within ten school days.  The decision of the Dean shall be final. The Dean shall, at this time, return the original file to the Student Conduct Officer. In those cases in which the nature of the sanction requires notice to the Registrar, the Student Conduct Officer shall forward the Dean's notice to the Registrar.

## 15.0   HEARING PROCEDURES

15.1    In general hearing procedure cases the hearing committee shall be convened either by the Academic Dean or the Dean of the Students. The committee shall consist of three faculty members and two students.

15.2    The student or related students may strike a maximum of two names from each panel, before the committee is drawn from the panels. If related students fail to agree as to the names (if any) to be stricken, then no names shall be struck.

15.3    In the first case of the year, the Dean shall begin with the first person remaining on each list after the student's opportunity to strike. Thereafter, the Dean shall begin with the first person who did not serve on the previous committee who remains on the lists after the opportunity to strike. The Dean shall proceed alphabetically through the lists until he/she has obtained three faculty and two student panelists who are able to serve. These five persons shall constitute the Committee. They shall elect the Committee Chairperson. The Dean shall brief the Committee regarding its responsibilities and regarding procedure under the statute. The Dean shall provide the Committee with necessary staff .

15.4    The Committee shall conduct a fair and impartial hearing.

15.5    The student shall be given notice of the hearing date at least five school days in advance of the hearing, and shall be accorded access to the case file, pursuant to Section 11.4, prior to and during the hearing.

15.6    The student and the charging party should be present at the hearing. If the student fails to appear, the hearing may proceed without him/her, and if the charging party fails to appear, the hearing may proceed without him/her.

15.7    Both the student and the charging party shall have the opportunity to be heard. The student may not be required to testify against herself/himself. Both the

student and the charging party shall have the opportunity to question opposing witnesses.

15.8   The Dean may subpoena witnesses upon the request of either party or on his/her own motion. University students and employees are expected to comply with subpoenas issued pursuant to this procedure, unless compliance would result in significant and unavoidable personal hardship or substantial interference with normal University activities.

15.9   Any party may bring an advisor or an attorney to the Disciplinary Conference with the Dean or to the Hearing, provided that in order to be permitted to do so, the party must notify the Dean, in writing, of the name of the advisor or attorney at least 48 hours prior to the hearing. The role of the advisor or attorney during the hearing is solely to counsel and assist the party; the advisor or attorney may not participate actively in the conduct of the hearing.

15.10   The Chairperson may, in her/his discretion, permit participation by an interpreter or other assistant if, because of a language barrier, or impediment, or disability, or other special circumstance, such participation would improve the quality of the hearing. The Chairperson may revoke his/her permission of the participation by assist or interpreter at any time if, in his/her judgment, it is not improving the quality of the hearing.  The party must notify the Academic Dean or the Dean of Students, in writing, of the request for an interpreter or assistant at least 48 hours prior to the hearing.

15.11   Hearings will be closed to the public, except that, in the discretion of the Chairperson, an open hearing may be held if requested by the student. In the case of related students, if any student in the group desires a closed hearing, the hearing shall be closed.

15.12   The Chairperson shall exercise control over the hearing to avoid needless consumption of time and to prevent the harassment or intimidation of witnesses. Any person, including the student, who disrupts a hearing or who fails to adhere to the rulings of the Chairperson may be excluded from the proceedings.

15.13   Hearings will normally be recorded. However, this code does not require that hearings be recorded, and the failure to record all or part of a hearing, or the technical inadequacy or loss of any recording made, does not invalidate the hearing or the procedure. Whether or not a recording is made, the decision must include a summary of the testimony, and shall be sufficiently detailed to permit review by the President or his/her designee.

15.14   The Chairperson may exclude witnesses other than the charging party and the charged party from the hearing during the testimony of other witnesses.

15.15   Formal rules of evidence shall not apply in disciplinary proceedings conducted pursuant to this code. The Chairperson shall admit all matters into evidence which reasonable persons would accept as having persuasive value in the

17

conduct of their affairs. Unduly repetitious or irrelevant evidence may be excluded.

15.16   Affidavits shall not be admitted into evidence unless signed by the affiant and notarized, and shall not be admitted in any case unless the Chairperson finds that there is good cause to accept an affidavit instead of actual testimony.

15.17   The Committee may be advised by a representative of the Office of the General Counsel, except that if the Office of the General Counsel shall have acted in the case as proponent of any party, then the Committee shall be advised by independent, outside counsel.

15.18   A decision by the Committee that the charges are sustained must be based upon a preponderance of the evidence at the hearing. (A preponderance of the evidence is that which is sufficient to convince the Committee that it is more probable than not that the student's alleged misconduct occurred.)

## 16.0   HEARING BY THE COMMITTEE

The Academic Dean or his/her designee, or the Dean of Students shall convene the Committee within 15 school days of the student's response provided for in Section 13.3, except where the academic calendar makes a longer interval appropriate. The Dean or designee shall be present at the hearing but shall not be present during the Committee deliberations. A simple majority of the Committee members shall be present for the hearing. If a majority of the members are not present, the student may decide to proceed with the hearing before those members who are present, or to reschedule the meeting. In the case of related students, if 50% or more of the students prefer to proceed, the hearing shall proceed.

16.1   Within ten school days of the hearing, the Committee shall prepare and send to the Dean its decision, including a summary of the hearing and of its decision-making process. If the Committee sustains the charges, it shall recommend a sanction or sanctions.

16.2   If the Committee sustains the charges, then, within five school days, the Dean shall decide appropriate sanctions as specified in Section 5. The Dean may adopt the sanctions recommended by the Committee or may impose sanctions more or less severe than those recommended by the Committee. The Dean shall notify the student, the charging party, and the Student Conduct Officer of the decision and the sanction(s), in writing, within the five-school-day period. The Dean shall return the original file to the Student Conduct Officer. In those cases in which the nature of sanction(s) requires notice to the Registrar, Student Conduct Officer shall forward the dean's notice to the Registrar.

## 17.0   STUDENT ORGANIZATIONS

17.1   Any member of a group of related students can elect to have his or her charges heard separately from the rest of the group by making a written request to the

Student Conduct Officer within five school days of receiving notice of the charges filed against the group.  If a request is not made within five school days, the ability to have the case heard separately is waived.  This section does not apply in cases of charges filed against student organizations.

17.2   A student organization and its officers may be held collectively or individually responsible when violations of this code by those associated with the organization have received the tacit or overt consent or encouragement of the organization or of the organization's leaders, officers, or spokespersons.

17.3   As a part of the decision in the case, the officers or leaders or any identifiable spokespersons for a student organization may be directed to take appropriate action designed to prevent or end violations of this code by the organization or by any persons associated with the organization who can reasonably be said to be acting in the organization's behalf. Failure to make reasonable efforts to comply with such a directive shall be considered a violation of this code both by the officers, leaders or spokespersons for the organization and by the organization itself.

17.4   Sanctions for organization misconduct may include revocation or denial of recognition, as well as other appropriate sanctions pursuant to Section 5 of this code.

## 18.0   <u>**APPEAL PROCESS**</u>

18.1   If as the result of a formal hearing process, a sanction is imposed the student or representative(s) of the organization may request the President or his/her designee to review the decision on the record. A written Request for Review must be signed and submitted by the student or representative himself/herself (not by an advisor or an attorney) to the Student Conduct Officer, with a copy to the Dean of the college, or the Dean of Students postmarked within twenty school days of the postmark of the college's final decision. The Student Conduct Officer will forward the appeal, with the record, to the President or his/her designee. Appellate review of the college's decision will proceed as soon as practicable after notification by the student of his/her wish to seek review.

The President or his/her designee may affirm, reverse or modify the decision or the sanction, or, in unusual circumstances, may send the matter back to the college. The President or his/her designee shall notify the student, the Dean, the charging party, and the Student Conduct Officer of the decision, in writing, within a reasonable time.

18.2   In individual cases (not organization cases), the student may also file with the President or his/her designee a Request for Postponement of the effect of the Dean's final decision. Such request must be postmarked within seven school days of the postmark of the Dean's final decision, and a copy must be sent to the Dean.

Upon receipt of a Request for Postponement, the President or his/her designee will immediately contact the Dean. Unless the college or the Dean of Students demonstrates that the injury to the college or University or to third persons that

would result from a postponement would outweigh the injury to the student from denying the postponement, the effect of the decision rendered by the Dean will be postponed until the date that the President or his/her designee issues a decision regarding the underlying Request for Appellate Review.

The President or his/her designee will inform the student and the Dean of his/her decision regarding the Request for Postponement within three school days after receiving the request.

Exceptions to this procedure may be granted by the President or his/her designee upon a showing of good and sufficient cause.

18.3.   The decision of the President or his/her designee shall be final.

## 19.0   INHERENT AUTHORITY

The University reserves the right to take necessary and appropriate action to protect the safety and well-being of the campus community, including the right, in cases of a perceived threat of danger, to act to bar students from the campus without prior notice.

**Amended by the Wayne State University Board of Governors, November 30, 2005.**