UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

     Plaintiff,

v.

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERSITY SCHOOL OF
MEDICINE, NIKOLINA CAMAJ, MATT
JACKSON, RICHARD S. BAKER, and R.
DARIN ELLIS, in their individual and official
capacities, jointly and severally,

     Defendants.

Case No: 20-cv-11718

Hon. Gershwin A. Drain

Mag. Judge David R. Grand

_____/

Mark C. Rossman (P63034)
Jacob M. Campbell (P83900)
ROSSMAN SAXE, P.C.
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI  48084
(248) 385-5481
mark@rossmansaxe.com
jacob@rossmansaxe.com

J. Robert Flores
Attorney for Plaintiff
Seeking EDMI Admission
10410Hampton Road
Fairfax Station, VA  22039
(703) 609-8731
rfloresesq@verizon.net

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
    David Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

_____/

## **DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**

Defendants Wayne State University, Wayne State University School of Medicine, Nikolina Camaj, Matt Jackson, Richard S. Baker, and R. Darin Ellis, move this Court under Rules 8, 10, and 12 to dismiss the Complaint without prejudice to Plaintiff filing an amended complaint that complies with the court rules.

1.     Plaintiff, a former Wayne State University student, has filed a 119-page Complaint against WSU, its medical school, and several of its employees.

2.     The title of the Complaint, which pseudonymously lists Plaintiff as "John Plaintiff," fails to "name all the parties," as required by Fed. R. Civ. P. 10(a). Because Plaintiff has not moved for, let alone been granted, permission to proceed pseudonymously, this Court lacks jurisdiction over this case and must dismiss the Complaint without prejudice.

3.     Alternatively, this Court should dismiss the Complaint because it violates the letter and spirit of Fed. R. Civ. P. 8, which requires that complaints consist of a "short and plain statement of [each] claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

4.     The Complaint is not a notice pleading, but a piece of a legal advocacy replete with argumentative subheadings that are customary in briefs and paragraphs that resemble interrogatories or requests to admit rather than a short and plain

statement of the factual allegations and legal causes of action supporting Plaintiff's claim.

5.      Answering the Complaint will significantly prejudice Defendants, who must parse over 400 paragraphs containing a scrambled mix of allegations, many of which are repetitious and full of argumentative rhetoric.  It will be impossible to respond to the substance of each allegation without reformulating them, which will be an unusually onerous, time-consuming and costly task.  Additionally, Defendants will be required to answer allegations that would otherwise be objectionable if served in a discovery request, which again allows Plaintiff to circumvent the court rules.  *See* Fed. R. Civ. P. 8(b).

6.      Defendants therefore alternatively ask this Court to dismiss the Complaint without prejudice to Plaintiff filing one that complies with Rule 8.

7.      For additional support, Defendants rely on the accompanying brief.

8.      On September 8, 2020, Defendants' counsel sought concurrence of Plaintiff's counsel in the relief sought here. Plaintiff's counsel did not concur, necessitating this motion.

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.


By: */s/Elizabeth Hardy*
    Elizabeth Hardy (P37426)
    David Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

Dated: September 8, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

     Plaintiff,

v.

                                  Case No: 20-cv-11718

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERITY SCHOOL OF             Hon. Gershwin A. Drain
MEDICINE, NIKOLINA CAMAJ, MATT
JACKSON, RICHARD S. BAKER, and R.      Mag. Judge David R. Grand
DARIN ELLIS, in their individual and official
capacities, jointly and severally,

     Defendants.

                                                               /

Mark C. Rossman (P63034)
Jacob M. Campbell (P83900)
ROSSMAN SAXE, P.C.
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI 48084
(248) 385-5481
mark@rossmansaxe.com
jacob@rossmansaxe.com

J. Robert Flores
Attorney for Plaintiff
Seeking EDMI Admission
10410 Hampton Road
Fairfax Station, VA  22039
(703) 609-8731
rfloresesq@verizon.net

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
    David Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

                                                                  /

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
WITHOUT PREJUDICE**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF ISSUES PRESENTED.............................................. iv

CONTROLLING AUTHORITY ...............................................................v

INTRODUCTION ...................................................................................1

ARGUMENT ...........................................................................................2

   I.   This Court should dismiss the Complaint for lack of jurisdiction because Plaintiff has not obtained permission to proceed pseudonymously.................2

   II.  Plaintiff's Complaint is neither short nor plain and should be dismissed without prejudice for failing to comply with Rule 8.......................................4

CONCLUSION ......................................................................................18

# TABLE OF AUTHORITIES

## Cases

*Anonymous v. City of Hubbard,*
  2010 WL 148081 (N.D. Ohio Jan. 11, 2010)......................................................2

*Battle v. Nat'l City Bank of Cleveland*,
  364 F. Supp. 416 (N.D. Ohio 1973) ....................................................................17

*Bennett v. Schmidt,*
153 F.3d 516 (7th Cir. 1998) ..................................................................................12

*Citizens for a Strong Ohio v. Marsh*,
  123 F. App'x 630 (6th Cir. 2005).....................................................................v, 3

*Conley v. Gibson*,
  355 U.S. 41 (1957) ................................................................................................4

*D.E. v. John Doe*,
  834 F.3d 723 (6th Cir. 2016)................................................................................2

*Doe v. Porter*,
  370 F.3d 558 (6th Cir. 2004) ...............................................................................2

*Doe v. Whitmer*,
  2019 WL 4645686 (W.D. Mich. July 1, 2019) ....................................................2

*Jennings v. Emry,*
  910 F.2d 1434 (7th Cir. 1990) .............................................................................10

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996)..........................................................................5, 10

*Michigan Paralyzed Veterans of Am. v. Charter Twp. of Oakland, Mich.*,
  2015 WL 4078142 (E.D. Mich. July 2, 2015).......................................................5

*Murray v. U.S. Dep't of Treasury*,
  2010 WL 3464914 (E.D. Mich. Sept. 1, 2010) ...................................................16

*Salahuddin v. Cuomo,*
   861 F.2d 40 (2d Cir. 1988) ........................................................... 5, 6, 12

*Schied v. Daughtrey,*
   2008 WL 5422680 (E.D. Mich. Dec. 29, 2008) ................................ 6, 17

*Simmons v. Abruzzo,*
   49 F.3d 83 (2nd Cir. 1995) ............................................................ 6, 17

*Universal Health Grp. v. Allstate Ins. Co.,*
   2010 WL 2278618 (E.D. Mich. May 12, 2010) ............................... 5, 10

*Verfuerth v. Orion Energy Sys., Inc.,*
   65 F. Supp. 3d 640 (E.D. Wis. 2014) ................................................. 12

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.,*
   20 F.3d 771 (7th Cir. 1994) ................................................................ 15

## Other Authorities

5 Wright & Miller, *Federal Practice and Procedure* § 1217 (3d ed.) ............ passim

## Rules

Fed. R. Civ. P. 8 ............................................................................ passim

Fed. R. Civ. P. 10 .......................................................................... passim

Fed. R. Civ. P. 12 .......................................................................... passim

Fed. R. Civ. P. 33 .............................................................................. 16

## STATEMENT OF ISSUES PRESENTED

I.    Should this Court dismiss Plaintiff's unsanctioned pseudonymous Complaint because it lacks jurisdiction over cases that fail to properly name the plaintiff?

II.    Should this Court dismiss Plaintiff's 400-plus paragraph, argumentative Complaint without prejudice to filing an amended complaint that complies with Rule 8?

## CONTROLLING AUTHORITY

Issue 1:         Fed. R. Civ. P. 10(a) (requiring that "[t]he title of the complaint must name all the parties").

                        *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005) (failure to seek permission to proceed pseudonymously deprives federal court of jurisdiction).

Issue 2:         Fed. R. Civ. P. 8(a) (requiring complaints consist of a "short and plain statement of [each] claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct").

                        Fed. R. Civ. P. 12(f) (authorizing district courts to strike pleadings containing "redundant, immaterial, impertinent, or scandalous matter").

# INTRODUCTION

Plaintiff, a former Wayne State University student, has filed what purports to be a pseudonymous Complaint against WSU and several of its employees. In substance, it is a miscaptioned and overwrought piece of legal advocacy that fails the two basic litmus tests for complaints in federal court.

It fails, first and foremost, because it does not "name all the parties," as required by Rule 10(a). Instead, Plaintiff improperly identifies himself pseudonymously as "John Plaintiff" without seeking this Court's prior approval. That is a jurisdictional defect, and it requires dismissal.

The Complaint also fails the basic notice-pleading standard of Rule 8. A meandering 119-page, 400-paragraph tome containing dozens of complex interrogatory-like paragraphs, the Complaint is a thinly veiled attempt to either improperly persuade another audience or circumvent the limitations placed on discovery and motion practice, or both. Either way, it violates the letter and spirit of Rule 8. Properly responding to it will be an enormously burdensome undertaking, tantamount to responding to exhaustive discovery requests without the ability to object to requests that are neither relevant nor proportionate to the needs of the case. The rules do not require Defendants to take on such an onerous task at this stage in the litigation process, especially if doing so risks waiving their right to object to requests that call for information outside the scope of discovery. Because answering

1

Plaintiff's highly improper Complaint will significantly and unnecessarily prejudice Defendants, Defendants respectfully ask this Court to dismiss it without prejudice and direct Plaintiff to file one that complies with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10.

## ARGUMENT

**I.   This Court should dismiss the Complaint for lack of jurisdiction because Plaintiff has not obtained permission to proceed pseudonymously.**

This Court should dismiss the Complaint, first and foremost, because it presently lacks jurisdiction over this case. The Federal Rules of Civil Procedure require that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "[A]ll the parties" includes plaintiffs, even those wishing to proceed pseudonymously. *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Although some plaintiffs may, in rare circumstances, seek permission from the Court to proceed pseudonymously, Plaintiff has not moved this Court for such status or otherwise shown he is entitled to do so.[1] *Cf., e.g.*, *Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *1 (W.D. Mich. July 1, 2019) (showing that plaintiff moved

---

[1]  Paragraph 1 of the Complaint states that Plaintiff wishes to proceed anonymously (*see* R. 1, ¶ 1), but there is no motion before the Court requesting this relief, let alone one that shows entitlement to it under the prevailing legal standard. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (establishing a four-factor test); *see also Anonymous v. City of Hubbard,* No. 09-cv-01306, 2010 WL 148081, at * 1–2 (N.D. Ohio Jan. 11, 2010) (finding the plaintiff's "vague assertion" in complaint that he needed to proceed pseudonymously was woefully insufficient).

contemporaneously with Complaint for permission to proceed anonymously).  As a result, well-settled Sixth Circuit law requires this Court to dismiss Plaintiff's Complaint: "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 637 (6th Cir. 2005).  Although Plaintiff has promised in his Complaint to "file the appropriate Motion to Proceed Anonymously if requested by the Court" (R. 1, ¶ 1), the burden is on him, as the one seeking extraordinary relief and invoking this Court's jurisdiction, to initiate that process, not the Court.  This Court cannot create its own jurisdiction.

Unless Plaintiff successfully moves this Court for permission—a request that Defendant will contest because it is entirely unwarranted in this case[2]—this Court has no jurisdiction and must dismiss the Complaint.  *See* Fed. R. Civ. P. 12(b)(1). In the words of the *Marsh* Court, until then, "a case has not been commenced."  123 F. App'x at 637.

---

[2] Defendants will reserve their arguments on the merits of Plaintiff's request until he files an appropriate motion, but will say now that his choice to file an improper pseudonymous complaint, coupled with the *kind* of complaint he filed, *see infra* pp. 6–17, evidences a strategic effort by Plaintiff to make bombastic and legally irrelevant assertions without attribution while avoiding the public scrutiny that comes with their rebuttal.

## II.    Plaintiff's Complaint is neither short nor plain and should be dismissed without prejudice for failing to comply with Rule 8.

This Court should alternatively dismiss the Complaint for failure to comply with Rule 8's "short and plain statement" requirement.

### A. Legal Principles

Complaints serve an important, but limited, role in federal litigation. They are not evidentiary pieces, meant to prove a plaintiff's case. They are not advocacy pieces, meant to persuade. They are meant, instead, to put the defendant on notice of the nature of the claims so that the substance of every allegation can be fairly answered in the span of just a few weeks. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Whether a complaint conforms to these requirements is policed by Rule 8. Rule 8 begins with the plaintiff's pleading duties. It requires plaintiffs plead a "short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Emphasizing "clarity and brevity," 5 Wright & Miller, *Federal Practice and Procedure* § 1217 (3d ed.), Rule 8 reminds the pleader that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

Rule 8 also prescribes the defendant's responsive obligations. The defendant's responsibility, Rule 8(b) says, is to answer each and every allegation in the complaint using one of three—and only three—responses: (1) admit, (2) deny, or (3) assert lack of information or knowledge sufficient to admit or deny. Fed. R. Civ. P. 8(b)(1)(B), (b)(5); *see also Michigan Paralyzed Veterans of Am. v. Charter Twp. of Oakland,*

4

*Mich.*, No. 14-cv-14601, 2015 WL 4078142, at *1 n.2 (E.D. Mich. July 2, 2015)

(Berg, J.) ("Rule 8 of the Federal Rules of Civil Procedure requires that

a Defendant respond to all allegations in one of the three ways listed in Rule 8(b).").

Defendant must "fairly respond to the substance of the allegation." Fed. R. Civ. P.

8(b)(2). If that means that the defendant can admit only "part of an allegation," the

defendant must parse the allegation and respond, as appropriate, to each separate

allegation. Fed. R. Civ. P. 8(b)(4). And all of this must occur in a relatively short

period of time. *See* Fed. R. Civ. P. 12(a)(1).

Rule 8(b) assumes that Rule 8(a) is followed. Complaints must be "short," so

that they are concise enough to permit defendants to fairly respond to every part of

every allegation in a timely fashion. *See Salahuddin v. Cuomo,* 861 F.2d 40, 41 (2d

Cir. 1988); *Universal Health Grp. v. Allstate Ins. Co.*, No. 09-12524, 2010 WL

2278618, at *2 (E.D. Mich. May 12, 2010), *R&R adopted*, 2010 WL 2287151 (E.D.

Mich. June 4, 2010). They must also be "plain," so that defendants can identify and

respond to the gist of the claims against them without having to sort through

extraneous or argumentative factual and legal assertions. *Id.*

When a complaint is neither of those things, it fails to fulfill its fundamental

purpose and prejudices the defendant with the unduly burdensome task of

responding to an improper complaint. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th

Cir. 1996). In that case, the out-of-line allegations should be struck or, if that is

impractical, the entire complaint should be dismissed without prejudice to plaintiff refiling one that meets Rule 8.  *See* Fed. R. Civ. P. 12(f); *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2nd Cir. 1995) ("When a complaint fails to comply with [Rule 8], the district court has the power . . . to dismiss the complaint or to strike such parts as are redundant or immaterial."); *Schied v. Daughtrey*, No. 08-cv-14944, 2008 WL 5422680 (E.D. Mich. Dec. 29, 2008) (dismissing complaint without prejudice for violating Rule 8); 5 Wright & Miller, *Federal Practice and Procedure* § 1217 (3d ed.).

## B. Analysis

Plaintiff's Complaint, which is neither plain nor short, does not comply with the notice-pleading standard of Rule 8.

*Not Plain*.   Rule 8 requires complaints be "plain" statements so that defendants can identify and respond to the gist of the claims against them without having to sort through extraneous or argumentative factual and legal assertions. *Salahuddin,* 861 F.2d at 42.  The Complaint fails in this respect for several reasons.

First, from its structure to its substance, the Complaint is a piece of legal advocacy, not a notice pleading.  Start with the structure.  The Complaint opens with a "Nature of this Action" Section spanning five pages—the kind of introduction one would expect to see at the beginning of an appellate brief.  Following that is the "Factual Allegations Common to All Claims" Section, which contains twenty-one

6

subheadings—something that also belong in legal briefs, not a notice pleading. Plaintiff's choice to use *twenty-one* of them is an unwitting acknowledgement that the Complaint is so unwieldy that it requires guideposts.

Now consider the substance. The Complaint consists of extremely verbose and compound paragraphs that weave together a multitude of factual allegations and argumentative rhetoric, rendering it impossible for Defendants to appropriately respond to the substance of allegations without significantly reformulating them. Take the "Nature of this Action" Section, for example. (*See* R. 1, ¶¶ 10–17.) It is chock full of lengthy, compound, and complicated argumentation disguised as "factual" assertions. Here is just one of the paragraphs, which comes with its own footnote, and which Defendants are expected to dissect for factual propositions that they must either admit, deny, or assert lack of information or knowledge sufficient to admit or deny:

> 14. Upon information and belief, in or about May of 2018, the U.S. Department of Education's Office of Civil Rights ("OCR") initiated an investigation against WSU and its SOM for retaliation against a female medical student who sought to assert her rights under Title IX, and which just became public knowledge on June 4, 2020, and, consequently, at all times relevant to this Complaint, Defendants knew about the OCR investigation for violation of Title IX. Therefore, Defendants (a) had an interest in proving to the OCR that they did not improperly dismiss allegations of harassment by female students, (b) were motivated to avoid any additional claim(s) by female students that its SOM did not take allegations of harassment seriously, (c) were aware that if they accepted Roe's allegations against Plaintiff as true, they would avoid the possibility of Roe filing her own Title IX complaint while the OCR investigation was ongoing, and (d) in tandem

with the Department of Education's highly publicized effort to force colleges and universities to side with female victims over accused males, alongside the ongoing investigation against Plaintiff, suffered a motivation and predisposition to accept Roe's accusations against Plaintiff, which concluded with his dismissal, as the best way forward to protect Defendants from possible sanctions and further public scrutiny.[1]

————————————

[1] At the time Defendants were engaged in considering the charges against Plaintiff, WSU faced additional civil rights investigations under Title IX for Denial of Benefits (opened on January 23, 2019), Discipline (opened on March 19, 2019), and Retaliation (opened on August 16, 2018). Upon information and belief, Defendants knew that the University was already under active scrutiny by the Department of Education, and that after almost a decade of intense efforts to force schools to better defend female students and advance their interests in harassment claims, Defendants opted for a quick and permanent end in this case, and subjected Plaintiff to an excessive punishment based on the arbitrary and capricious use of an investigative and disciplinary process that intentionally kept Plaintiff in the dark as to both the accusations and the possible outcome of the process, so that he would not be able to mount a meaningful defense.

(R. 1 ¶ 14.)  Parsing this paragraph yields at least *ten* separate assertions, many of which are made solely on information and belief, and many of which include unsupported surmises regarding Defendants' motivations.  Each of these parts requires a separate response, entailing roughly twenty separate answers for this paragraph alone,[3] which is not even counting the highly unorthodox footnote at the end.

————————————

[3] Defendants could attempt to reformulate Plaintiff's allegation and answer the reformulation with a simple denial.  But that not only imposes a significant burden on Defendants, it will spawn additional litigation over the sufficiency of Defendants'

That's just the beginning. The Complaint as a whole is a lengthy dissertation on the legal theory for Plaintiff's claims, filled with combative rhetoric to the point that it reads like a summary judgment brief, not a notice pleading.[4]  (*See, e.g.,* R. 1, ¶¶ 11, 13–15, 79, 145, 155, 185, 192, 243–45, 304, 344.)  The following paragraphs, taken from the "Common Factual Allegations," are exemplary:

192. In contrast, Defendant Camaj admitted to Plaintiff when he voluntarily appeared in-person at the fact-finding conference on November 30, 2018 that she invited him to that she intentionally withheld the necessary notice and information that she was required to provide Plaintiff because she wanted to surprise him and keep him from preparing a defense to which he was entitled under due process. In so doing, she revealed her bias in favor of Roe and against Plaintiff. Both Roe and Plaintiff had competing versions of events, justifications for their conduct, and witnesses to their version of events. Yet Defendant Camaj only challenged the male respondent's statement and subjected him to an investigative ambush to intentionally deny him of the due process to which he was entitled.

\* \* \*

243. The Promotions Committee's demands on Plaintiff, without providing him with access to the full record being used by the Committee, and without being informed of the Committee's specific questions, issues, or areas of interest, provided an illusory opportunity for Plaintiff to explain why he should not be dismissed, when in reality it worked as a trap to provide the Promotions Committee with an

---

answer, requiring even more judicial resources to resolve those ancillary disputes— precisely what notice pleading is design to prevent.

[4] By Paragraph 383, Plaintiff abandons any pretense at notice pleading by arguing (not alleging) that "Plaintiff has pleaded sufficient facts to show the existence of bias," seemingly forgetting that the purpose of a complaint is not justify itself against a motion to dismiss, but simply to put defendant on notice of the nature of the claims against it.  (*See also* R. 1, ¶ 340 (reciting the elements necessary to state the claim being alleged)).

> opportunity to further build their record against Plaintiff who they kept
> in the dark as to what they were focused on, what issues they considered
> important, and what evidence they were relying on.

(R. 1, ¶¶ 192, 243.)  As these allegations show, unlike a typical Rule 8-compliant complaint, this Complaint blends factual and legal assertions in the same paragraph and, often, the same sentence.  Multiplied many times over in a 400-plus paragraph Complaint, an Answer in this case will inevitably be at least two or three times the length of Plaintiff's (already oversized) Complaint.

Asking Defendants to sift through this heap of legal and quasi-factual allegations, to divorce the factual assertions from the legal argument, and to identify the factual residue that they cannot fairly deny is an abuse of Rule 8.  *See McHenry*, 84 F.3d at 1178 ("If the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then [Rule 8's] purpose is defeated."); *Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what it is the plaintiff asserts); *see also Universal Health Grp. v. Allstate Ins. Co.*, 2010 WL 2278618, at *3 (stating that a complaint that "reads more like a brief" "violates the letter and spirit of Rule 8(a)[.]").

It's worse than simply filtering out argumentative language in overly complex sentences and paragraphs.  In an effort to lay out his legal theory for a larger outside audience, Plaintiff ventures far afield from what is purportedly at issue in this lawsuit.  For instance, the Complaint opens the "Common Allegations to All Claims" with a series of unnecessary allegations propounding the (dubious) theory that the Obama Administration's Department of Education "publicly admonished" universities to support its view that female complainants should be favored and male students accused of misconduct should be disciplined without due process of the law.  (R. 1, ¶¶ 20–28.)   In building this argument, the Complaint detours into irrelevant allegations about administrative regulations and Sixth Circuit law, even citing press articles.  (*Id*.)   The only purpose for this "factual" background is advocacy.  None of it belongs in a complaint. Yet if this Complaint is allowed to stand as drafted, Defendants are obligated to answer all of it.

The same goes for much of the rest of the Complaint.  It spends roughly forty paragraphs (spread out over a dozen pages) explaining every detail of WSU's disciplinary committee process.  (*See* R. 1, ¶¶ 96–136.)  The vast majority of these allegations are irrelevant to Plaintiff's legal claims (*see e.g, id*. at ¶¶ 99–127), and none of them are necessary to put *Defendants*—who promulgated and carry out the

procedures—on notice of the nature of Plaintiff's claims, yet Defendants are expected to answer each and every one.[5]

The fact is, as a consequence of Plaintiff's pleading strategy, culling factual kernels from impenetrable paragraphs like the ones quoted above will be a daunting undertaking. The time and resources needed to carry out this process will be far greater than any defendant (especially a public institution and its employees) should spend in order to respond to a notice pleading. That is especially true for a complaint this size, which leads to the second facet of why the Complaint violates Rule 8.

***Not Short***. Complaints must be "short" statements because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it[,] . . . forc[ing it] to select the relevant material from a mass of verbiage." *Salahuddin*, 861 F.2d at 42 (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)).

Here, the Complaint is anything but "short." Totaling 119 pages (twice that if you count exhibits) and over 400 paragraphs, the complaint is *ten times* larger than the average complaint in federal court. *See Verfuerth v. Orion Energy Sys., Inc.*, 65 F. Supp. 3d 640, 652 (E.D. Wis. 2014) ("The typical complaint filed in federal court is somewhere between four and twelve pages.") (citing *Bennett v. Schmidt,* 153 F.3d 516, 517 (7th Cir. 1998)).

---

[5] For other examples, *see e.g.* R. 1 ¶¶ 42–46, 59–72, 74, 79–81.

Complaints, of course, come in different sizes depending on the complexity of the case.  5 Wright & Miller, *Federal Practice and Procedure* § 1217 (3d ed.). But there is nothing unusually complex about Plaintiff's claims to justify such a long-winded pleading.  Plaintiff, like others alleging a denial of due process, feels aggrieved by the process that led to his dismissal from medical school.  But no one needs over 400 allegations to notify their adversary of that.  Indeed, others in Plaintiff's shoes have been able to do so in just half the space.  *See, e.g.*, *John Doe 1 et al v. Doe v. Univ. of Cincinnati*, No. 15-cv-681, ECF 1, Pg ID 1–64 (S.D. Ohio) (two male students sanctioned by college through disciplinary process alleging five similar claims in just 168 paragraphs); *John Doe v Miami Univ.*, 15-cv-605, ECF 1, Pg ID 1–55 (S.D. Ohio) (male student sanctioned by college through disciplinary process alleging eight similar claims in just 213 paragraphs).

Two features of the Complaint drive the point home.  First, Plaintiff does not begin to reference the factual allegations relating to *his* case until Paragraph 143.  In other words, there are roughly *twelve dozen* paragraphs, most of which are spent unnecessarily reciting legal and administrative developments and the contours and alleged legal significance of WSU's disciplinary policies.  (*See* R. 1, ¶¶ 20–30, 42–46, 59, 61–72, 74, 79–81, 96–136.)

Second, the bulk of the Complaint is a lesson in how to say the same thing multiple ways.  The Complaint's recitation of the facts restates the same basic factual

13

allegations several times in varied ways. (*Compare* R. 1 ¶¶ 220, 225, 227–28, 231, 233–35, *with id*. ¶¶ 47–60; *compare id*. ¶¶ 237, 240–45, *with id*. ¶¶ 73–79; *and compare id*. ¶¶ 249–58, *with id*. ¶¶ 80–85.)  Worse yet, the "Causes of Action" Section regurgitates many of those allegations another time, again using slightly different formulations (and despite purporting to "repeat[] and re-allege[] each and every allegation hereinabove as if fully set forth herein").  (*E.g.*, *id*. ¶¶ 289, 334; *compare generally id*. ¶¶ 298–388 *with id*. ¶¶ 163–288.)  Here are a few examples:

| **First Iteration** | **Second Iteration** | **Third Iteration** |
|---|---|---|
| 49. At no time was Plaintiff provided an opportunity to hear Roe's testimony. | 227. . . . the SOM did not even provide Plaintiff an opportunity to listen to his accuser's testimony live . . . . | 302. In denying Plaintiff, *inter alia*, the opportunity to hear the evidence of witnesses against him, . . . Defendants denied Plaintiff notice of the charges and evidence against him in violation of the Fourteenth Amendment. |
| 52. At no time did the Professionalism Committee provide a list of other witnesses called by the Professionalism Committee and, if called, whether they attended the hearing and provided testimony. | 138. To this day, no record of any witness testimony or hearing evidence has been provided to Plaintiff. | 303. . . . WSU has yet to provide Plaintiff with a list of witnesses heard by the Professionalism Committee . . . . |

| | | |
|---|---|---|
| 53. At no time before, during, or after the hearing conducted by the Professionalism Committee ever provided with a summary of the testimony taken by the Committee or a transcript or recording of the testimony. | 227. …the SOM did not even provide Plaintiff an opportunity to … even read a detailed summary of her testimony. | 302. In denying Plaintiff, *inter alia*, the opportunity to . . . to be provided with a complete record of the evidence relied upon in the decision by Defendants to dismiss Plaintiff, Defendants denied Plaintiff notice of the charges and evidence against him in violation of the Fourteenth Amendment. |

These allegations (and many others like it) were improper the first time (as discussed above); they are overkill the second and third.

*Prejudicial*. This is no technical objection. A plaintiff's utter failure to conform to the requirements of Rule 8 has real and prejudicial consequences. *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (recognizing that a complaint that violates Rule 8 "makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation").

The most obvious one is the enormous burden and expense it imposes on a Defendants to comb through hundreds of rhetorically charged allegations and conduct discovery-like investigations of Plaintiff's entire legal case to properly respond to an opening pleading. Adding to that burden, Plaintiff's practice of

restating the same factual proposition multiple times but in a slightly different way means that Defendants cannot simply rely on earlier responses; each allegation must be answered independently. This renders the task of responding that much more onerous and time consuming.

Moreover, the Complaint is full of legal assertions that are tantamount to written discovery requests, and their number far exceeds the limits on interrogatories and requests to admit. Fed. R. Civ. P. 33(a) (limit of 25 interrogatories); *Murray v. U.S. Dep't of Treasury*, No. 08-cv-15147, 2010 WL 3464914, at *1 (E.D. Mich. Sept. 1, 2010) (recognizing a similar limit on RFAs). Frontloading discovery efforts like this is an abuse of the discovery process. If Plaintiff is allowed to use the complaint process as a discovery tool, Defendants will be deprived of their right to object to allegations that are irrelevant or disproportionate to the needs of the case.

Defendants recognize that motions like this are rare. But that says more about Plaintiff's Complaint than it does Defendants' request for relief. The one and only purpose of a complaint is to put defendant on notice of the claims. Complaints that do that and then some—those that are directed at other audiences or serve ulterior purposes—are just as violative of Rule 8 as those that fail to put a defendant on notice altogether. This follows not only from the letter of Rule 8, but from its guiding principle, reflected in Rule 8(e): "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Justice belongs not only to the pleader, but to the

16

responding party as well.  Requiring Defendants to respond to a complaint this far out of compliance with Rule 8 would be patently unfair and upend the foundational premise of Rule 8 and the litigation process.

Defendants also recognize that courts are hesitant to strike entire pleadings under Rule 12—which is tantamount to a dismissal without prejudice—when a less severe remedy is available.  *Battle v. Nat'l City Bank of Cleveland*, 364 F. Supp. 416, 419 (N.D. Ohio 1973).  But given the size and complexity of Plaintiff's Complaint, it would be impractical and burdensome to identify the specific allegations that must be struck to bring it into compliance with Rule 8.  This would put nearly as great a burden on Defendants and this Court as attempting to answer Plaintiff's Complaint.  In any event, Plaintiff ought to be the party who bears the labor of ensuring his pleadings conform to the court rules.  Thus, as other courts have done before, *see Simmons v. Abruzzo,* 49 F.3d at 86; *Schied*, 2008 WL 5422680; 5 Wright & Miller, *Federal Practice and Procedure* § 1217, this Court should strike the entire pleading with permission to refile a complaint that complies with Rule 8 (and Rule 10).  *See* Fed. R. Civ. P. 12(f).

## CONCLUSION

For these reasons, Defendants ask this Court to dismiss the Complaint without prejudice to filing an amended complaint that complies with Rules 8 and 10.  In the event this Court denies Defendants' request for relief, Defendants respectfully request an additional 90 days to answer the Complaint.  *See* Fed. R. Civ. P. 12(a)(4) (requiring a 14-day response "[u]nless the court sets a different time").

Respectfully submitted,

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.

By:*/s/Elizabeth Hardy*
Elizabeth Hardy (P37426)
David Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

Dated: September 8, 2020
387101

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/Elizabeth Hardy*
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano Pelton
 & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com