UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

     Plaintiff,

v.

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERSITY SCHOOL OF
MEDICINE, NIKOLINA CAMAJ, MATT
JACKSON, RICHARD S. BAKER, and R.
DARIN ELLIS, in their individual and official
capacities, jointly and severally,

     Defendants.

Case No: 20-cv-11718

Hon. Gershwin A. Drain

Mag. Judge David R. Grand

_____/

Mark C. Rossman (P63034)
Jacob M. Campbell (P83900)
ROSSMAN SAXE, P.C.
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI  48084
(248) 385-5481
mark@rossmansaxe.com
jacob@rossmansaxe.com

J. Robert Flores
Attorney for Plaintiff
Seeking EDMI Admission
10410Hampton Road
Fairfax Station, VA  22039
(703) 609-8731
rfloresesq@verizon.net

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
    David Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

_____/

**UNPUBLISHED CASES CITED IN
DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**

2010 WL 148081
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial
staff and not assigned editorial enhancements.**

United States District Court,
N.D. Ohio,
Eastern Division.

ANONYMOUS, Plaintiff,

v.

CITY OF HUBBARD, Ohio, et al., Defendants.

No. 4:09cv1306.
|
Jan. 11, 2010.

**Attorneys and Law Firms**

Jason P. Matthews, Jeffrey M. Silverstein, Law Office of
Jeffrey M. Silverstein, Dayton, OH, for Plaintiff.

Patrick S. Vrobel, Matthew John Markling, McGown,
Markling & Whalen, Akron, OH, for Defendants.

***MEMORANDUM OF OPINION
AND ORDER*** [Resolving Doc. 7]

JOHN R. ADAMS, District Judge.

**\*1** This matter comes before the Court on Defendants'
Motion for a More Definite Statement ("Motion") (Doc. 7).
Defendants argue that Plaintiff, who has filed this action
anonymously for relief from several employment-related
claims against Defendants, must not only reveal his identity,
but must also provide a list of any parallel litigation to which
he is a party and must produce the employment contract
and collective bargaining agreement under which he was
operating at the time the events at issue in this matter arose.
The Complaint does not indicate the basis for Plaintiff's belief
that he should conceal his identity.

The Federal Rules of Civil Procedure provide that "[a] party
may move for a more definite statement of a pleading to
which a responsive pleading is allowed but which is so vague
or ambiguous that the party cannot reasonably prepare a
response." Fed.R.Civ.P. 12(e). The notice pleading standard
is generally forgiving and courts do not favor motions for

a more definite statement, largely because parties may use
the discovery period to flesh out the details of claims and
defenses. *Fed. Ins. Co. v. Webne,* 513 F.Supp.2d 921, 924
(N.D.Ohio 2007). However, Rule 10 of the Federal Rules
clearly requires that parties be named in the complaint: "The
title of the complaint must name all the parties." Fed.R.Civ.P.
10(a). The rule does not contemplate use of aliases or
anonymous filing.

The Sixth Circuit has ruled that anonymous plaintiffs must
first seek permission to proceed anonymously, and may only
do so under certain circumstances:

> It is a general rule that a complaint must state the
> names of the parties. Fed.R.Civ.P. 10(a). Plaintiffs are
> permitted to proceed under pseudonyms only under certain
> circumstances that justify an exception to this rule. *Doe
> v. Porter,* 370 F.3d 558, 560 (6th Cir.2004). When
> determining whether such an exception is justified, a court
> may consider, among others, the following factors:

>> (1) whether the plaintiffs seeking anonymity are
>> suing to challenge governmental activity; (2) whether
>> prosecution of the suit will compel the plaintiffs to
>> disclose information of the utmost intimacy; (3) whether
>> the litigation compels plaintiffs to disclose an intention
>> to violate the law, thereby risking criminal prosecution;
>> and (4) whether the plaintiffs are children.

> *Id.* at 560 (internal quotes omitted). It is also relevant
> to consider whether the defendants are being forced to
> proceed with insufficient information to present their
> arguments against the plaintiff's case. *See id.* at 561.

> Ordinarily, a plaintiff wishing to proceed anonymously
> files a protective order that allows him or her to proceed
> under a pseudonym. *See id.* at 560 ... Failure to seek
> permission to proceed under a pseudonym is fatal to an
> anonymous plaintiff's case, because, as the Tenth Circuit
> has held, "the federal courts lack jurisdiction over the
> unnamed parties, as a case has not been commenced with
> respect to them." *Nat'l Commodity & Barter Ass'n, Nat'l
> Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th
> Cir.1989).

**\*2** *Citizens for a Strong Ohio v. Marsh,* 123 Fed.Appx. 630,
636-37 (6th Cir.2005).

In his Response in Opposition to Defendants' Motion
("Response") (Doc. 8), Plaintiff asserts that he is a law
enforcement officer and that revealing his identity would

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works.

expose him to a risk of harm, namely retaliation from those whom he has arrested during his career. The Court does not find that this is a compelling reason. The Federal Rules require the disclosure of a plaintiff's name. Plaintiff has neither sought leave to avoid that requirement, nor has he provided anything more than a vague assertion in support of his belief that he would suffer harm were he to reveal his identity. [1] This in no way satisfies the requirements of Rule 10 or of Sixth Circuit precedent, particularly the factors set forth in *Citizens*. As to the issue of Plaintiff's identity, Defendants' Motion is GRANTED.

[1]     Plaintiff contends in his Response that he has disclosed his identity and pertinent documents to Defendants off the record. This does not cure the defects in the Complaint.

Defendants' second ground for their Motion is that Plaintiff has not identified any parallel proceedings to which he is a party, and that such proceedings, if they exist, may raise issues of abstention and jurisdiction. The Court acknowledges Defendants' argument, but would note that, in his Response, Plaintiff has provided the case numbers of other proceedings to which he is a party. The Court DENIES AS MOOT Defendants' request and will not require that parallel proceedings be enumerated in an amendment to Plaintiff's complaint.

Finally, Defendants have moved for the disclosure of Plaintiff's employment contract and collective bargaining agreement on the basis that review of those documents will reveal whether Plaintiff has exhausted his administrative remedies and whether he has been denied his due process rights. In support of their claims, Defendants cite Rule 10(A) of the Ohio Rules of Civil Procedure, which require that when a plaintiff bases a claim upon a written agreement, he must then attach a copy of that agreement to the complaint.

The Federal Rules of Civil Procedure have no parallel requirement. As stated above, a motion for a more definite statement is not intended to serve as a substitute for the discovery process. *See Fed. Ins. Co., 513 F.Supp.2d at 924.* The employment contract and collective bargaining agreement may be obtained as part of initial disclosures. In this respect, Defendants' Motion is DENIED.

In sum, for the foregoing reasons, Defendants' Motion is GRANTED IN PART, DENIED IN PART. Plaintiff shall file an amended complaint within ten (10) days of this Order in which he shall provide his identity. However, Plaintiff is not required to identify parallel proceedings or to provide the employment contract or the collective bargaining agreement.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 148081

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

2019 WL 4645686
Only the Westlaw citation is currently available.
United States District Court, W.D.
Michigan, Southern Division.

John DOE, Plaintiff,

v.

Gretchen WHITMER, et al., Defendants.

Case No. 1:19-cv-422
|
Signed 07/01/2019

**Attorneys and Law Firms**

Christopher M. Gibbons, Dunn Gibbons PLC, Grand Rapids, MI, for Plaintiff.

Joseph T. Froehlich, MI Department Attorney General, Lansing, MI, for Defendants.

## REPORT AND RECOMMENDATION

ELLEN S. CARMODY, United States Magistrate Judge

**\*1** This matter is before the Court on Plaintiff's Motion for Leave to Proceed Anonymously. (ECF No. 2). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted**.

A review of the allegations in Plaintiff's complaint and the attachments thereto reveals the following. In 1994, Plaintiff pleaded guilty to one count of second degree criminal sexual conduct for which he was sentenced to serve a 60-month term of probation. As of the date of his conviction, Michigan law required that Plaintiff register as a sex offender for 25 years. In 2006 and 2011, the State of Michigan amended the Michigan Sex Offender Registration Act to impose additional obligations and limitations on those offenders subject thereto. For example, these amendments required sex offenders to register as such for the rest of their life and included limitations on where offenders could live, work, or loiter.

In 2016, the Sixth Circuit held that the retroactive application of the 2006 and 2011 amendments to the Michigan Sex Offender Registration Act was unconstitutional. *Does v. Snyder*, 834 F.3d 696 (6th Cir. 2016). This decision has not been disturbed by the United States Supreme Court or any

subsequent Sixth Circuit decision. In 2019, Plaintiff applied to be removed from the sex offender registry, having completed the 25-year period of registration applicable when he was convicted. Despite the Sixth Circuit's ruling, the State of Michigan has refused to grant Plaintiff's request. Plaintiff has now initiated the present action against Gretchen Whitmer, Governor of the State of Michigan, and Colonel Joseph Gasper, Director of the Michigan State Police. Plaintiff alleges that the State of Michigan's continued enforcement of amendments to the Michigan Sex Offender Registration Act, unlawful in light of the Sixth Circuit's ruling, violates his right to be free from ex post facto punishment. Plaintiff now moves to proceed in this action under the pseudonym John Doe.

Failure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter. *See Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 636-37 (6th Cir., Jan. 3, 2005) ("[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because...the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them"). While Defendants have not yet appeared, the Court nevertheless has an obligation to address the matter given that it affects the Court's jurisdiction.

The Federal Rules of Civil Procedure expressly require that "the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also, Ericksen v. United States*, 2017 WL 264499 at *1 (E.D. Mich., Jan. 20, 2017) ("[t]he public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a)"). Plaintiffs are permitted to proceed anonymously only in exceptional circumstances. *See Marsh*, 123 Fed. Appx. at 636. When considering whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

**\*2** Other factors courts consider include: (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. *See EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations

**WESTLAW**   © 2020 Thomson Reuters. No claim to original U.S. Government Works.

omitted). No one factor is dispositive. *See Doe v. University of Pittsburgh*, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Consideration of these factors weighs in favor of granting Plaintiff's motion. Plaintiff is challenging governmental activity, specifically the alleged refusal by the State of Michigan to discontinue enforcing portions of the Michigan Sex Offender Registration Act which have been held unconstitutional. Plaintiff asserts that during his time on the sex offender registry, "members of the public [have come] to his residence to confront him regarding his status as a sex offender." The Court has no reason to doubt that such encounters have occurred. Thus, Plaintiff's concern that denial of the present motion might result in he and/or his family being subjected to similar harassment in the future is not unfounded. In this respect, the Court finds that the public interest is poorly served by, in effect, compelling a litigant to choose between securing his family's safety and enforcing his fundamental constitutional rights. Furthermore, the Court discerns no prejudice to Defendants by granting Plaintiff's motion. [1]

[1] The Court has no opinion regarding, and this Report and Recommendation does not address, the propriety or necessity of any protective order or similar order governing the use or revelation of Plaintiff's name during the course of this litigation.

## CONCLUSION

In sum, consideration of the relevant factors weighs in favor of Plaintiff's request to proceed anonymously. Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to Proceed Anonymously, (ECF No. 2), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

**All Citations**

Slip Copy, 2019 WL 4645686

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**  © 2020 Thomson Reuters. No claim to original U.S. Government Works.   2

Case 2:20-cv-11718-GAD-DRG   ECF No. 6, PageID.306   Filed 09/08/20   Page 6 of 21

Michigan Paralyzed Veterans of America v. Charter Tp. of...,'Not Reported in...

2015 WL 4078142
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

MICHIGAN PARALYZED
VETERANS OF AMERICA, Plaintiff,
v.
The CHARTER TOWNSHIP OF
OAKLAND, MICHIGAN, Defendant.
Moceri/DM Investments, LLC, et al., Plaintiffs,
v.
The Charter Township of
Oakland, Michigan, Defendant.

Nos. 14–14601, 14–14697.
|
Signed July 2, 2015.

**Attorneys and Law Firms**

Dean M. Googasian, Thomas H. Howlett, George A. Googasian, Googasian Law Firm, Bloomfield Hills, MI, Jamie K. Warrow, Gregory D. Hanley, Kickham Hanley PLLC, Royal Oak, MI, for Plaintiffs.

Daniel J. Kelly, Giarmarco, Mullins, Troy, MI, for Defendants.


*ORDER RESOLVING PENDING
MOTIONS, CONSOLIDATING CASES,
AND DECLINING SUPPLEMENTAL
JURISDICTION OVER STATE LAW CLAIMS*

TERRENCE G. BERG, District Judge.

 **\*1** Before the Court are two cases brought against Defendant, the Charter Township of Oakland, Michigan, arising from the Township's disapproval of a plan to allow the construction of a multi-family housing development intended to serve the needs of elderly and disabled residents in the Township. For ease of reference, Case No. 14–14697, brought by Plaintiffs Moceri/DM Investments, LLC, and Joan M. Buser, shall be called the DM case; while Case No. 14–14601, brought by Plaintiff Michigan Paralyzed Veterans of America, shall be referred to as the Veterans case.

In the DM case, a number of motions have been filed in relation to the pleadings. These motions include Plaintiffs' motion challenging the sufficiency of Defendant's answer and affirmative defenses, filed on March 6, 2015 (Dkt.12); Defendant's motion to dismiss Count VI of Plaintiffs' complaint, filed on April 28, 2015 (Dkt.19); and Plaintiffs' motion for leave to amend their complaint, filed on May 27, 2015. (Dkt.21.)

The pendency of these motions was preventing the Court from issuing a joint scheduling order [1] because the issues raised in the motions bore on the scope of discovery in both of the above-captioned cases. On June 11, 2015, the Court held a telephonic status conference attended by all parties to discuss the pending motions and the need to go forward with the discovery process. (June 11, 2015 text-only entry.)

[1]     This case was reassigned to this Court on January 13, 2015 as a companion to *Michigan Paralyzed Veterans of America v. The Charter Township of Oakland, Michigan,* Case No. 14–14601. (Case No. 14–14697, Dkt. 4.) On March 10, 2015, all parties in the above-captioned cases filed a joint discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. (Case No. 14–14601, Dkt. 11; Case No. 14–14697, Dkt. 13.) In this plan, the parties agreed to consolidate the cases for the purposes of discovery only. (Case No. 14–14601, Dkt. 11, p. 8; Case No. 14–14697, Dkt. 13, p. 13 .) On June 11, 2015, the parties were directed to confer and submit a revised joint discovery plan. (June 11, 2015 text-only entry.) On June 25, 2015, the parties filed a second joint discovery plan that revises the original recommended case management dates. (Case No. 14–14601, Dkt. 13, pp. 8–9; Case No. 1414697, Dkt. 29, pp. 9–10.) No scheduling order has been entered in either case.

After careful review and consideration of the parties' briefs, the Court finds that oral argument would not significantly aid the Court's decision. Accordingly, the motions filed in the DM case, Case No. 14–14697, will be decided without a hearing. *See* E.D. Mich. LR 7.1(f)(2). With regard to the DM Plaintiffs' motion for leave to file an amended complaint (Dkt.21), the motion will be **GRANTED.** Consequently, the DM Plaintiffs' earlier filed motion to strike Defendant's answer (Dkt.12) will be **DENIED AS MOOT.** The DM Plaintiffs' amended complaint, attached to the motion as Exhibit 1, will be accepted for filing. [2]

2 Defendant will be permitted to file an amended answer. In anticipation thereof, the Court notes, however, that Rule 8 of the Federal Rules of Civil Procedure requires that a Defendant respond to all allegations in one of the three ways listed in Rule 8(b). In its first amended answer (Dkt.15), Defendant responded to certain allegations by stating that it "neither admits nor denies the allegations contained therein for the reason that said allegations constitute conclusions of law rather than allegations of fact and, therefore, leave Plaintiffs to their proofs." (E.g., Dkt.15, ¶ 42.) Such an answer is not authorized under the Rule. Pursuant to Rule 8(b), Defendant may admit an allegation, deny an allegation, or state that it lacks sufficient knowledge or information to form a belief as to the allegation's truth. Refusing to admit or deny an allegation because it calls for a legal conclusion is not permissible under the Rule. In fashioning any future responsive pleadings, Defendant is directed to avoid such language.

As to both the DM case and the Veterans case, the Court is declining to exercise supplemental jurisdiction with respect to Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(c)(2) and (4). As a result, these claims will be **DISMISSED WITHOUT PREJUDICE.** Because the Court will dismiss all of the state law claims in the above-captioned cases, which include Count VI in the DM complaint, Defendant's motion to dismiss Count VI of the DM Plaintiffs' complaint (Dkt.19) will also be **DENIED AS MOOT.**

Finally, because these cases involve common questions of law or fact, they will be ORDERED **CONSOLIDATED** in accordance with Federal Rule of Civil Procedure 42(a), under the lower case number of 14–10601. Case No. 14–14697 will be statistically **DISMISSED.** The Court will then issue a scheduling order in the consolidated case, Case No. 14–14601.

## I. ANALYSIS

Plaintiffs in both cases challenge Defendant Oakland Township's denial of a plan to build a multi-family housing development for the elderly and disabled. Defendant maintains that its denial of Plaintiff Moceri/DM Investments, LLC's application for a special accommodation use was not motivated by discriminatory animus and that Plaintiffs simply failed to meet the requisite standard for approval. Plaintiff Michigan Paralyzed Veterans of America filed its Complaint in Case No. 14–14601 on December 5, 2014 alleging violations of: (1) the Fair Housing Act; (2) the Americans with Disabilities Act; and (3) Michigan's Persons with Disabilities Civil Rights Act. (Dkt.1.)

**\*2** On December 11, 2014, Plaintiffs Moceri/DM Investments, LLC and Joan Buser filed a Complaint in Case No. 14–14697 against Defendant alleging violations of: (1) the Fair Housing Act; (2) the Americans with Disabilities Act; (3) the Equal Protection and Due Process clauses of the United States and Michigan State Constitutions; (4) Michigan's Zoning Enabling Act; (5) Michigan's Elliott–Larsen Civil Rights Act; and (6) Michigan's Persons with Disabilities Civil Rights Act. [3] (Dkt.1.) Case No. 14–14697 was then reassigned to this Court on January 13, 2015 as a companion to Case No. 14–14601. (Case No. 14–14697, Dkt. 4.)

[3] The 68–page Complaint in the DM case is a far cry from being a "short and plain statement" of Plaintiff's claims, as a complaint should be according to Rule 8 of the Federal Rules of Civil Procedure. Many of the allegations are duplicative and compound, consisting of numerous sentences or multiple subparagraphs. Others are legal arguments that would be more at home in advocacy briefs or memoranda of law. (E.g., Dkt. 1, ¶¶ 25, 28, 31, 44–45, 58, 73, 85, 130, 131, and 169.) Such unnecessary prolixity and surplusage obscures, rather than clarifies, the nature of the DM Plaintiffs' claims.

The parties in the DM case have been locked in a battle over the scope of the pleadings for three months and as a result, no scheduling order has been issued in either of these cases. (*See* Case No. 14–14697, Dkts. 12, 19, 21.) The DM Plaintiffs filed a motion to strike Defendant's answer on March 6, 2015, alleging that some of Defendant's responses were invalid under Federal Rule of Civil Procedure 8 and that Defendant's affirmative defenses should be stricken as "boiler plate." (Dkt.12.) Defendant responded on March 30, 2015 (Dkt.13), and voluntarily filed an amended answer on March 27, 2015 (Dkt.15), but Plaintiffs maintained in their reply brief that the amended answer did not cure the original pleading's defects (Dkt.17, pp. 3–4.)

Case 2:20-cv-11718-GAD-DRG  ECF No. 6, PageID.308  Filed 09/08/20  Page 8 of 21

Michigan Paralyzed Veterans of America v. Charter Tp. of...,'Not Reported in...

Then, on April 28, 2015, Defendant filed a motion to dismiss Count VI of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(c). (Dkt.19.) Count VI alleges discrimination under Michigan's Elliott–Larsen Civil Rights Act. (Dkt.1, ¶¶ 205–210.) The motion is fully briefed. (*See* Dkts. 19, 22, 26.)

Finally, on May 27, 2015, the DM Plaintiffs filed for leave to amend their Complaint. (Dkt.21.) Defendant initially objected, arguing that any amendment would be futile because Count VI would still not be able to survive Defendant's motion to dismiss despite Plaintiffs' proposed amendments.[4] (Dkt.27, p. 8.) The Court will now address each motion.

[4]     On June 18, 2015, the parties in the DM case submitted a proposed order in which they stipulated to allowing Plaintiffs fourteen days to file their first amended Complaint, and to denying Plaintiffs' motion to strike Defendant's answer (Dkt.12) and Plaintiffs' motion for leave to file their first amended complaint (Dkt.21) as moot. In addition, the parties stipulated to denying without prejudice Defendant's motion to dismiss Count VI of Plaintiffs' Complaint. In lieu of adopting this stipulation, the Court enters this Order.

## A. DM Plaintiffs' Motion for Leave to File an Amended Complaint

The DM Plaintiffs wish to amend their complaint to include: (1) additional facts related to "the impact the Township's discriminatory practices have had on Plaintiff Buser"; and (2) "additional facts and evidence supporting Plaintiffs' claim under the Elliott–Larsen Civil Rights Act." (Dkt.21, p. 1.) After initially opposing the motion to amend, as stated, Defendant has now proposed stipulating to allow Plaintiffs to amend their complaint. The decision to grant or deny a motion to amend a pleading is left to the discretion of the Court. *See Robinson v. Michigan Consol. Gas Co., Inc.,* 918 F.2d 579, 591 (6th Cir.1990). A party may amend a pleading after the opposing party's responsive pleading has been filed only by leave of court or by written consent of the adverse party. *See* Fed.R.Civ.P. 15(a)(2). Rule 15(a) provides that "leave shall be freely given when justice so requires ." *Id.* Amendments, however, should not be permitted in instances of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party,

and futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

**\*3**  Applying this standard, the Court finds that granting the DM Plaintiffs leave to file a first amended Complaint is appropriate. There is no evidence of undue delay, lack of notice, bad faith, repeated failure to cure deficiencies, or undue prejudice to Defendants.[5] Accordingly, Plaintiffs' proposed first amended Complaint (Dkt.21, Ex. 1) is accepted for filing. Defendant's motion to dismiss Count VI of the earlier Complaint (Dkt.19) is now therefore moot. Defendants shall file responsive pleadings to the first amended Complaint within the time limits set forth in Federal Rule of Civil Procedure 12(a) and shall take account of the Court's direction to abide by the requirements of Federal Rule of Civil Procedure 8.

[5]     In addition, the parties in the above-captioned cases agreed in the March 10, 2015 joint discovery plan to allow Plaintiffs to amend their pleadings through June 15, 2015. (Case No. 14–14601, Dkt. 11; Case No. 14–14697, Dkt. 13.) Plaintiffs filed for leave to amend their complaint on May 27, 2015. (Dkt.21.) On June 25, 2015, the parties filed a second joint discovery plan that revises the original recommended case management dates, allowing Plaintiffs to amend their pleadings through September 15, 2015. (Case No. 14–14601, Dkt. 13, pp. 8–9; Case No. 14–14697, Dkt. 29, pp. 9–10.) Although the Court has not yet entered a scheduling order in this case, the parties informed the Court during the June 11, 2015 telephonic status conference that they are proceeding as though the joint discovery plan had been entered and was in force. The Court therefore gives some weight to the parties' agreement.

## B. Declining Supplemental Jurisdiction Over State Law Claims

As stated above, the Court will accept the DM Plaintiffs' proposed amended Complaint for filing. However, the Court declines to exercise supplemental jurisdiction over all state law claims.[6] "A district court has the power to dismiss or remand claims sua sponte for lack of subject matter jurisdiction." *See, e.g., Commodities Exp. Co. v. City of Detroit,* No. 09–CV–11060–DT, 2010 WL 3905482, at \*15 (E.D.Mich. Sept.30, 2010). Claims with original jurisdiction in a district court have either federal question jurisdiction

Case 2:20-cv-11718-GAD-DRG ECF No. 6, PageID.309 Filed 09/08/20 Page 9 of 21

Michigan Paralyzed Veterans of America v. Charter Tp. of..., Not Reported in...

pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. In some circumstances, additional purely state law claims may be heard under the supplemental jurisdiction granted federal courts under 28 U.S.C. § 1367. In addition to federal causes of action, Plaintiffs in the above-captioned cases have alleged a series of state law claims. In the DM case, Plaintiffs have alleged the following state law claims:

6      As will be discussed in greater detail below, these cases will be consolidated. Consequently, the Court is declining to exercise supplemental jurisdiction with respect to state law claims in both cases.

1) In Count III, a violation of the Due Process clause of the Michigan State Constitution arising from Defendant's refusal "to allow rezoning of the Land in the manner approved by the Planning Commission" and Defendant's denial of Plaintiff DM's reasonable accommodation request (*See* Dkt. 1, ¶¶ 172–183);

2) In Count IV, a violation of Michigan's Zoning Enabling Act based on Defendant's refusal "to grant a reasonable accommodation" and its adoption of an exclusionary zoning regime that "exceeds and abuses the authority given the Township under the Michigan Zoning Enabling Act." (*See Id.* at ¶¶ 173–194);

3) In Count V, a violation of Michigan's Persons with Disabilities Civil Rights Act based on Defendant's refusal "to make a reasonable accommodation necessary to afford persons with a disability equal opportunity to use and enjoy residential property in Oakland Township." (*See Id.* at ¶¶ 195–204); and

4) In Count VI, a violation of Michigan's Elliott–Larsen Civil Rights Act, as shown by "public sentiments and prejudices revealed in the public debates about Blossom Ridge [which further] revealed an unlawful animus against the employment of persons from Pontiac or Detroit or 'outside the Township' " (*See Id.* at ¶¶ 205–210).

**\*4** In the Veterans case, Plaintiff alleges a state law claim in Count III of its Complaint: that Defendant violated Michigan's Persons with Disabilities Civil Rights Act by refusing "to make a reasonable accommodation necessary to afford persons with a disability equal opportunity to use and enjoy residential property in Oakland Township." (*See* Case No. 14–14601, Dkt. 1, ¶¶ 232–223.)

The decision whether to exercise supplemental jurisdiction over these state law claims is within the Court's discretion, because these claims "form part of the same case or controversy" as the claims over which the Court has original jurisdiction. *See* 28 U .S.C. § 1367(a); *see also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). At the same time, it is also within the Court's discretion to decline supplemental jurisdiction where appropriate under the provisions of 28 U.S.C. § 1367(c) and in consideration of the interests of comity and judicial economy. In this case, the Court believes that §§ 1367(c)(2) and (4), as well as considerations of comity and judicial economy, counsel in favor of declining supplemental jurisdiction.

**1. Legal Standard**

A district court's authority to decline supplemental jurisdiction is governed by 28 U.S.C. § 1367. The statute recognizes a court's discretion to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The United States Supreme Court has recognized a district court's discretion in hearing state law claims: "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the state claims...." *Gibbs,* 383 U.S. at 726; *Baer v. R & F Coal Co.,* 782 F.2d 600, 603 (6th Cir.1986). The *Gibbs* Court stated that pendent jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. 383 U .S. at 726–27.

Congress' adoption of 28 U.S.C. § 1367 codified *Gibbs,* and the Court has since affirmed that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Supplemental jurisdiction is thus "a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* A district court may therefore, in its discretion, decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a).

### 1. Declining Jurisdiction Pursuant to 28 U.S.C. § 1367(c) (2)

**\*5** While the state law claims in the above-captioned cases are, in some senses, related to the federal issues, the state law claims would substantially predominate over the three federal claims. A district court may decline to exercise supplemental jurisdiction pursuant to section 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Under this exception, dismissal is appropriate where the state law claims will either require elements of proof distinct from the federal claim, or cause a substantial expansion of the suit beyond that necessary and relevant to the federal claim. *Burch v. Medilodge of Port Huron, LLC,* No. 12–CV–13454, 2013 WL 1499344, at \*1 (E.D.Mich. Apr.11, 2013).

The DM and Veterans Plaintiffs have alleged federal claims pursuant to the Americans with Disabilities Act and the Fair Housing Act for discriminatory housing practices under theories of disparate treatment and disparate impact, and, in the DM case specifically, under the Equal Protection and Due Process clauses of the United States Constitution. The state law claims are broader, and more numerous, and allege violations of Michigan's Constitution, Zoning Enabling Act, Persons with Disabilities Civil Rights Act, and Elliott–Larsen Civil Rights Act. These state law claims span substantive due process violations, exclusionary zoning, discrimination because of a disability, and, apparently, employment discrimination based on race as well as age and familial status discrimination. There is no doubt that the state law claims would substantially expand the scope of the above-captioned cases.

The Court recognizes some benefits to litigating all related claims in the same forum, but it is also aware that it is appropriate to decline supplemental jurisdiction "where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Commodities Exp. Co.,* 2010 WL 3905482, at \*18–20 (quoting *Borough of West Mifflin v. Lancaster,* 43 F.3d 780, 789 (3rd Cir.1995).

The DM and Veterans Plaintiffs, at the heart of their case, want the Court to overrule Oakland Township's denial of Plaintiff Moceri/DM Investments, LLC's request for a special accommodation under local zoning regulations and allow Blossom Ridge to be constructed. Retaining the state law claims will allow this uniquely state law issue to predominate over any federal issues. Under such circumstances, dismissal is appropriate under 28 U.S.C. § 1367(c)(2). *See, e.g., Detroit Mem'l Park Ass'n, Inc. v. City of Detroit Bd. of Zoning Appeals,* —— F.Supp.3d ——, 2015 WL 2343879, at \*10 (E.D.Mich. May 14, 2015) (declining supplemental jurisdiction over state law claim where Court explained that "Count I of Plaintiffs' complaint, the zoning appeal claim, is the heart of this matter and this Court concludes that it substantially predominates over the federal claims in this action. That zoning appeal claim predominates over the federal claims in this action in terms of proof, scope of issues raised, and comprehensiveness of remedies. It is the only claim that can potentially give Plaintiffs the ultimate relief they seek—an outright reversal of the zoning decision.")

### 2. Declining Jurisdiction Pursuant to 28 U.S.C. § 1367(c) (4)

**\*6** Dismissal is also appropriate pursuant to 28 U.S.C. § 1367(c)(4). As noted above, Plaintiffs' state law claims primarily concern the validity of local zoning regulations and the validity of Defendant's denial of a reasonable accommodation request under those regulations. Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Under this exception, the District Court must articulate why the circumstances of the case are exceptional and then balance "economy, convenience, fairness, and comity," as the Supreme Court instructed in *Gibbs. Carnegie–Mellon,* 484 U.S. at 350 (citing *Gibbs,* 383 U.S. at 726–27). The Court finds that the strong federalism and comity

Case 2:20-cv-11718-GAD-DRG    ECF No. 6, PageID.311    Filed 09/08/20    Page 11 of 21

Michigan Paralyzed Veterans of America v. Charter Tp. of..., Not Reported in...

concerns implicated in these cases counsel against exercising jurisdiction.

Both exceptional circumstances and compelling reasons are present here. As other district courts in this Circuit have noted, mixing federal and state law claims can, in some circumstances, cause procedural and substantive problems that should be avoided. *See, e.g., Detroit Mem'l Park Ass'n, Inc.,* 2015 WL 2343879, at \*8–10; *Commodities Exp. Co.,* 2010 WL 3905482, at \*18–20. As the Court in *Frankel v. Detroit Medical Center,* 409 F.Supp.2d 833 (E.D.Mich.2005), held:

> Federal and state law each have a different focus, and the two bodies of law have evolved at different times and in different legislative and judicial systems. Because of this, in almost every case with supplemental state claims, the courts and counsel are unduly preoccupied with substantive and procedural problems in reconciling the two bodies of law and providing a fair and meaningful proceeding.
>
> The attempt to reconcile these two distinct bodies of law often dominates and prolongs pre-trial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees. Consequently, in many cases the apparent judicial economy and convenience of the parties' interest in the entertainment of supplemental state claims may be offset by the problems they create.

*Frankel,* 409 F.Supp.2d at 833, 835.

In above-captioned cases, for example, the litigation has already resulted in prolonged pre-trial practice and the simultaneous consideration of state and federal claims could further complicate the trial and jury instructions, potentially confusing the jury and leading to inconsistent verdicts and even post-trial problems.[7] Although the federal and state claims in the above-captioned cases arise out of the same facts, and as a result there may be some duplication of effort required if Plaintiffs chose to pursue their state law claims in state court, the advantage of convenience in this particular circumstance is outweighed by the possibility of confusion about the issues, legal theories, defenses, and possible relief.

[7]     Defendant has made a jury demand in both of the above-captioned cases. (Case No. 14–14601, Dkt. 7; Case No. 14–14697, Dkt. 15.)

\*7  These cases also present compelling reasons for declining supplemental jurisdiction. In their Complaints, the DM and Veterans Plaintiffs urge the Court to declare Defendant's "zoning regime" to be unlawful and to grant a reasonable accommodation allowing the development to be built on the land owned by Plaintiff Moceri/DM Investments, LLC. (Case No. 14–14601, Dkt. 1, pp. 40–42; Case No. 14–14697, Dkt. 1, ¶¶ A–G.) Federal courts, however, "are ill-suited to reviewing the decisions of local zoning boards and their particularly local concerns." *Baskin v. Bath Twp. Bd. of Zoning Appeals,* 1996 WL 678228 at \*7 (6th Cir., Nov.21, 1996). As the Sixth Circuit has held, although "concerns for efficiency and convenience may weigh in favor of exercising jurisdiction, the fact that zoning regulations are of primarily local concern in which the principles of federalism are particularly strong," can weigh in favor of declining jurisdiction. *Id.* (quoting *Goldberg v. Charter Township of West Bloomfield,* No. 90–1039, 1990 WL 208597 \*4 (6th Cir., Dec.17, 1990)).

The Court recognizes that the exception under 28 U.S.C. § 1367(c) (4) "should be interpreted quite narrowly." *Baskin,* 1996 WL 678228 at \*7. Federal courts, however, "were not created to be the Grand Mufti of local zoning boards nor do they sit as super zoning boards or zoning boards of appeals." *T–Mobile Cent., LLC v. City of Grand Rapids,* No. 1:06–CV–747, 2007 WL 1287739, at \*7 (W.D.Mich. May 2, 2007) (quoting *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara,* 344 F.3d 822, 832 n. 5 (9th Cir.2003) and collecting cases). Because strong federalism and comity concerns counsel against this Court issuing rulings on matters of state law that federal courts are "ill-suited" to resolving, the Court will, in the early stage of litigation, dismiss all claims in the above-captioned cases that Defendant's actions violated Michigan state law.

**C. Consolidation**

Finally, in light of the similarity of the claims, issues of fact and law, and parties, these cases ought to be consolidated. On January 13, 2015, Case No. 1414697 was reassigned to this Court as a companion to Case No. 14–14601. (Case No. 14–14697, Dkt. 4.) For purposes of discovery, the parties have already agreed to consolidate. (Case No. 14–14601, Dkt. 13, p. 8; Case No. 14–14697, Dkt. 29, p. 9.)

Because these cases involve common questions of law or fact that arise out of the denial of Plaintiff Moceri/DM Investments, LLC's plan to build a multi-family housing development in the Defendant township for the elderly and disabled, Case No. 14–14697 and Case No. 14–14601 will

Michigan Paralyzed Veterans of America v. Charter Tp. of..., Not Reported in...

Case 2:20-cv-11718-GAD-DRG   ECF No. 6, PageID.312   Filed 09/08/20   Page 12 of 21

be consolidated in accordance with Federal Rule of Civil Procedure 42(a), under the lower case number of 14–14601. Case No. 14–14697 will be statistically dismissed.

## II. CONCLUSION

Accordingly, in Case No. 14–14697, Plaintiffs' motion for leave to file their first amended complaint (Dkt.21) is **GRANTED** and the complaint attached to the motion as Exhibit 1 is accepted for filling.

**\*8** The state law claim alleged in Count III in Case No. 14–14601, and the state law claims alleged in Counts III, IV, V, and VI in Case No. 14–14697, however, are **DISMISSED WITHOUT PREJUDICE.**

Therefore, in Case No. 14–14697, Plaintiffs' motion to strike Defendant's answer (Dkt.12) and Defendant's motion to dismiss Count VI of Plaintiff's complaint (Dkt.19) are **DENIED AS MOOT.**

Finally, Case No. 14–14697 and Case No. 14–14601 are **HEREBY ORDERED** to be consolidated under the lower case number of 14–14601, and the Clerk's Office is directed to amend the case caption accordingly. Case No. 14–14697 is statistically **DISMISSED .**

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 4078142

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 3464914
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Michigan,
Southern Division.

Kevin J. MURRAY, Plaintiff,
v.
UNITED STATES DEPARTMENT OF
TREASURY, Secretary of, et al., Defendants.

Civil Action No. 08–cv–15147.
|
Sept. 1, 2010.

**Attorneys and Law Firms**

David Yerushalmi, Law Offices of David Yerushalmi, Chandler, AZ, Robert J. Muise, Thomas More Law Center, Ann Arbor, MI, for Plaintiff.

John R. Coleman, Julie Straus, U.S. Department of Justice, Washington, DC, for Defendants.

*OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF ANSWERS AND OBJECTIONS TO REQUESTS FOR ADMISSIONS (DOCKET NO. 48)*

MONA K. MAJZOUB, United States Magistrate Judge.

**\*1** This matter comes before the Court on Plaintiff's Motion To Determine Sufficiency Of Answers And Objections To Requests For Admissions filed on April 12, 2010. (Docket no. 48). Defendants filed a response Memorandum In Opposition on April 26, 2010. (Docket no. 50). Plaintiff filed a Reply Brief on May 3, 2010. (Docket no. 52). This matter was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 49). The Court dispenses with oral argument on these matters pursuant to E.D. Mich. Local Rule 7.1(f). (Docket no. 51). The matter is fully briefed and the motion is ready for ruling.

Plaintiff brings this motion asking the Court to determine the sufficiency of Defendants' answers to twenty-one of the

182 Requests for Admissions which Plaintiff served on the individual Defendants on February 24, 2010. (Docket no. 48). The Court finds Defendants' initial argument in opposition persuasive. Defendants argue that "the sheer volume of these Requests is objectionable" and raise their objection in their response to Requests for Admission dated March 26, 2010. (Docket nos. 50 at p. 2, 50–1 ¶ 6). Defendants provide case law to support the proposition that courts, including this one, have limited parties to 25 requests for admission. *Taylor v. Great Lakes Waste Servs.,* Case No. 06–cv–12312, 2007 WL 422036 at \*3 (E.D.Mich. Feb.2, 2007).

Plaintiff replies that Defendants' argument is "misguided" where "Plaintiff has only sought this Court's intervention on 21 requests for admission." (Docket no. 52). It is Plaintiff's reply that is misguided. Plaintiff's argument would allow a party to circumvent any discovery limitations as long as the Court's intervention was not sought for more than the allowable number of discovery requests.

Rule 36, Fed.R.Civ.P., allows a party to serve on any other party "a written request to admit, ... the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Unlike Fed.R.Civ.P. 33, which explicitly limits interrogatories to 25, Rule 36 does not contain an explicit limitation. Rule 26(b) (2)(A) provides that the "court may limit the number of requests under Rule 36." Fed.R.Civ.P. 26(b)(2)(A). Pursuant to Rule 26(c)(1), Fed.R.Civ.P., the Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the discovery or disclosure." Fed.R.Civ.P. 26(c)(1).

As Defendants point out, case law supports a limitation in instances where the Court has concluded that the number is oppressive and unduly burdensome. As this Court pointed out in *Taylor,* many courts have limited by local rule the number of Requests for Admission to 25. *See Oklahoma ex. rel. Edmondson v. Tyson Foods, Inc.,* 2007 WL 54831 (N.D.Okla.Jan.5, 2007) (noting local rule limits requests for admission to 25 per party); *Estate of Manship v. United States,* 232 F.R.D. 552 (M.D.La.2005) (requests for admission limited to 25 per local rule); *Cf. Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.,* 2007 WL 3171768 at \*3 (D.Kan. Oct.29, 2007) (court declines to limit requests for admission in "multi-defendant complicated anti-trust conspiracy case").

**\*2** The Court finds that 182 requests for admission is oppressive and unduly burdensome. Fed.R.Civ.P. 26(b)(2) (A), (c)(1). There are only two named Defendants in this action and one Plaintiff and the issues, while notably important, are fairly succinct. The Court does not find good cause to impose the burden of the excessive number of requests on Defendants. Subtracting the twenty-one requests at issue in Plaintiff's motion from the 182 requests, Plaintiff does not challenge the sufficiency of Defendants' responses to 161 Requests for Admission and has been afforded ample and broad discovery for the issues [1].

[1]    It is worth noting that Defendants provided with their Response Brief a copy of Plaintiff's 182 requests for admission and Defendants' responses. A review of the Requests themselves reveals such non-complying Requests for Admission as No. 133: "The Quran is considered by Islam to be the perfect expression of Allah's will for man." Request Nos. 133–153, 155, 156, 158 and 160–69 continue the barrage of requests asking Defendants to admit or deny the words, subjects and beliefs of the Quran, Islam, Sunna-stories of Mohammed's life, tenants of Shariah and explanations of Islamic law by scholars and non-parties to this action. The Court fails to see how these Requests fall within the purview of Fed.R.Civ.P. 26(b) (1) or 36(a)(1). The Court can only surmise that Defendants found it more efficient to serve responses and objections to these requests than to bring this to the attention of the Court by filing a motion for protective order.

Both Plaintiff and Defendants point out that many of Plaintiff's Requests for Admission track Plaintiffs' First Amended Complaint. (Docket no. 48 n. 2). For example, Request for Admission No. 167 relates to First Amended Complaint ¶ 95 regarding "purification" of a Shariah-compliant investment. (Docket nos. 45, 50–1). Defendants argue that "it is improper for a plaintiff to 're-serve the complaint in the form of a request for admissions' in order to require a defendant to admit or deny nearly every paragraph of a complaint a defendant has already answered.' " 7 MOORE'S FED. PRACTICE § 36.10[7] (3d ed.2009) (quoting *Perez v. Miami–Dade County,* 297 F.3d 1255, 1269 (11th Cir.2002)). While the Court finds that this may well be another basis on which to deny Plaintiff's motion, the Court need not reach this analysis where Plaintiff's 182 Requests for Admission are unduly burdensome and oppressive.

The Court will deny Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Determine Sufficiency Of Answers And Objections To Requests For Admissions (docket no. 48) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed.R.Civ.P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3464914

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

72 Fed.R.Serv.3d 669

2008 WL 5422680
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

David SCHIED, Plaintiff,

v.

Martha Craig DAUGHTREY et al., Defendants.

No. 08-14944.
|
Dec. 29, 2008.

**Attorneys and Law Firms**

David Schied, Northville, MI, pro se.

William W. Swor, Detroit, MI, for Defendants.

***OPINION AND ORDER DISMISSING
COMPLAINT UNDER*** *FED. R. CIV. P. 8*

LAWRENCE P. ZATKOFF, District Judge.

## I. INTRODUCTION

**\*1** Plaintiff David Schied filed his pro se complaint on November 26, 2008. Currently before the Court is Plaintiff's request to proceed *in forma pauperis* [dkt 4]. Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court DISMISSES Plaintiff's complaint under Fed.R.Civ.P. 8 with leave to amend.

## II. ANALYSIS

### A. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a)

applies to all natural persons. *See Floyd v. U.S. Postal Serv.,* 105 F.3d 274 (6th Cir.1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir.1990) (citing *Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir.1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will grant Plaintiff's request to proceed without prepayment of fees.

### B. DISMISSAL UNDER FED.R.CIV.P. 8

Upon granting a plaintiff's request to proceed *in forma pauperis,* the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c) (1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. In this case, however, the Court cannot perform the required screening because the complaint as filed is in violation of Rule 8(a) of the Federal Rules of Civil Procedure, and therefore the Court will require Plaintiff to file an amended complaint.

Pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Claims or defenses must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). What constitutes a "short and plain statement" depends "on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 (3d ed.2004). When cases are not pleaded "clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees,* 77 F.3d 364, 367 (11th Cir.1996). When faced with voluminous pleadings, "neither the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted

72 Fed.R.Serv.3d 669

can be found in such a mélange." *Silver v. Queen's Hosp.,* 53 F.R.D. 223, 226-27 (D.Haw.1971).

 **\*2** Plaintiff's complaint violates Rule 8. Plaintiff filed his civil-rights complaint on November 26, 2008, asserting claims for relief based on alleged injuries suffered by virtue of the disclosure of a 1977 felony charge that was later expunged from his record. According to Plaintiff, his employment as a teacher was terminated when his employer learned of the 1977 felony charge. Previously, Plaintiff unsuccessfully brought suit against his employer and individuals connected with the termination of his employment. In this suit, Plaintiff alleges that various federal employees, through perjury, malfeasance, conspiracy, and dereliction of duty, are acting in concert to "cover up crimes that have been repeatedly reported by this Plaintiff over the past two years." The complaint names 52 employees of the federal government as Defendants: (1) Martha Craig Daughtrey; (2) David William McKeague; (3) Gregory F. Van Tatenhove; (4) Stephen J. Murphy; (5) Terrence Berg; (6) Rod Charles; (7) Andrew Arena; (8) Margaret Colgate Love; (9) Greg Abbott; (10) Michael Mukasey; (11) Marie O'Rourke; (12) Shanetta Y. Cutlar; and 40 fictitious "John Does." Despite alleging only six claims for relief against these Defendants, Plaintiff's complaint spans 194 pages, 374 paragraphs (excluding subparagraphs), 80 footnotes, and 80 exhibits. Taken together, Plaintiff's complaint and exhibits total nearly 600 pages. Although Plaintiff has numbered the complaint's paragraphs, those paragraphs often incorporate numerous factual allegations. Further, Plaintiff devotes entire paragraphs to statements of law rather than factual averments. Other paragraphs are conclusory and argumentative in nature. Plaintiff also contorts the difference between alleged civil and criminal violations. The complaint in its present form considerably exceeds what it needs to be in order to provide Defendants notice as to what Plaintiff is actually alleging. *See Brown v. Knoxville News-Sentinel,* 41 F.R.D. 283 (E.D.Tenn.1966) (dismissing complaint that was so prolix, loosely drawn, and involved that it was unintelligible).

In this case, Plaintiff is appearing pro se. In such instances, the Court has a duty to construe Plaintiff's pleadings liberally. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir.1999). The Court is also aware of the requirement to construe pleadings "so as to do justice ." Fed.R.Civ.P. 8(e). Despite these safeguards afforded to plaintiffs appearing pro se, it "is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Federal lawsuits cannot proceed on the basis of complaints such as Plaintiff's. Accordingly, Plaintiff's complaint must be dismissed. *See, e.g., Mactec Eng'g & Consulting, Inc. v. Synergy Envtl., Inc.,* No. 04-04023, 2005 WL 950605 (E.D.Pa. April 25, 2005) (dismissing "179-paragraph monstrosity" but allowing plaintiff to amend); *Jackson v. Ashcroft,* No. 02-3957, 2004 WL 2674409 (N.D.Ill. Oct.29, 2004) (dismissing a 90-page, 304-paragraph complaint that contained an additional 700 pages of exhibits); *Echols v. Voisine,* 506 F.Supp. 15 (E.D.Mich.1981) (dismissing a pro se plaintiff's complaint when it was 14 pages long and contained 24 pages of attachments).

### III. CONCLUSION

 **\*3** Therefore, for the reasons set forth above, Plaintiff's request to proceed *in forma pauperis* is GRANTED; however, the Court HEREBY DISMISSES Plaintiff's complaint for failure to comply with Fed.R.Civ.P. 8. Plaintiff may file an amended complaint that complies with Fed.R.Civ.P. 8 within 30 days of the entry of this order.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 5422680, 72 Fed.R.Serv.3d 669

---

**End of Document**          © 2020 Thomson Reuters. No claim to original U.S. Government Works.

2010 WL 2278618
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

UNIVERSAL HEALTH GROUP, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

No. 09–12524.
|
May 12, 2010.

### REPORT AND RECOMMENDATION DEFENDANT'S MOTION TO STRIKE OR FOR MORE DEFINITE STATEMENT (Dkt.31)

MICHAEL HLUCHANIUK, United States Magistrate Judge.

## I. PROCEDURAL HISTORY AND PARTIES' ARGUMENTS

**\*1** District Judge Victoria A. Roberts issued an order dismissing plaintiff's defamation claim without prejudice and allowing plaintiff to re-file its defamation claim under the following circumstances:

> If Plaintiff intends to re-file its defamation claim with a request for exemplary and punitive damages, on or before November 2, 2009, it must send Allstate another notice to publish a retraction; allow Allstate 30 days to publish a retraction; and re-file its defamation claim by December 3, 2009, if Allstate does not publish a retraction.

(Dkt. 22, Order dated 10/30/09). Plaintiff filed a second amended complaint on December 2, 2009. (Dkt.24). This matter was referred to the undersigned for all pretrial purposes on December 22, 2009. (Dkt.30).

On January 7, 2010, defendant moved to strike plaintiff's second amended complaint or for a more definite statement.

(Dkt.31). Plaintiff filed a response on February 11, 2010 and defendant filed a reply on February 26, 2010. (Dkt.41, 45). The Court held a hearing on March 11, 2010. This matter is now ready for report and recommendation

As set forth in detail below, the undersigned **RECOMMENDS** that defendant's motion to strike be **GRANTED** in part and **DENIED** in part.

## II. ANALYSIS AND CONCLUSIONS

### A. *Fraud and New Factual Allegations*

Defendant argues that plaintiff's second amended complaint exceeds the scope of the October 30, 2009 Order because it includes a newly-pleaded fraud claim along with voluminous factual allegations not contained in the first amended complaint. (Dkt.31). Defendant contends that the second amended complaint violates Rule 8(a)'s requirement that a complaint contain a short, plain statement of the claim and Rule 12(f)'s bar on impertinent and scandalous materials. [1] According to defendant, the second amended complaint contains numerous factual allegations that have nothing to do with plaintiff's claims. Plaintiff has agreed to dismiss its fraud claim, but the parties are unable to agree on whether that dismissal should be with or without prejudice. Plaintiff asserts that second amended complaint contains more specific allegations regarding Allstate's bad faith national strategy to target, defame and destroy heath care clinics like plaintiff.

[1] Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Wrench LLC v. Taco Bell Corp.,* 36 F.Supp.2d 787, 789 (W.D.Mich.1998), quoting, *Resolution Trust Corp. v. Vanderweele,* 833 F.Supp. 1383, 1387 (N.D.Ind.1993). However, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS,* 221 F.3d 1059, 1063 (8th Cir.2000); 2 Moore's Federal Practice § 12.37 (3d ed.2002). In this case, however, the undersigned's recommendations as to the portions of plaintiff's second amended complaint that should be stricken are based on Judge Roberts' October 30, 2009 Order and Rule 8(a), rather than Rule 12(f).

With respect to the fraud claim, plaintiff argued in its opening brief that this claims should be stricken because plaintiff did not have leave of Court and because plaintiff failed to comply with Rule 9(b), which requires a fraud claim to be pleaded with particularity. (Dkt.31). Under these circumstances, where plaintiff has not had any opportunity to amend the fraud claim to comply with Rule 9(b), the undersigned suggests that plaintiff's fraud claim should be dismissed without prejudice. *Yaldu v. Bank of America Corp.,* ——F.Supp.2d ——, 2010 WL 123871, *10 (E.D.Mich.2010) ("[D]ismissal with prejudice on the basis of failure to plead with particularity ordinarily should be done only after the plaintiff has a chance to seek leave to amend the complaint."); *see also Boroff v. Alza Corp.,* 685 F.Supp.2d 704, 2010 WL 395211, *7 (N.D.Ohio 2010) ("The failure to properly plead fraud is not grounds for dismissal with prejudice," citing *United States ex rel. Bledsoe v. Cmty. Health Sys.,* 342 F.3d 634, 644 (6th Cir.2003)).

**\*2** As to the host of new factual allegations contained in plaintiff's second amended complaint, the undersigned concludes that plaintiff's inclusion of these additional factual allegations, unrelated to notice and retraction, is improper for two reasons. The first reason is that Judge Robert's October 30, 2009 Order was quite specific in allowing plaintiff to *re-file* its defamation claim after giving defendant the requisite opportunity to retract the allegedly defamatory statements. Nothing in Judge Roberts' order allowed plaintiff to rewrite its entire complaint or change any aspect of it other than those allegations in the defamation claim relating to notice and whether defendant issued any retraction.

The second reason plaintiff's new allegations are improper is because they violate Rule 8(a), which requires a short, plain statement of the claim. "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240–41 (3d ed.2004). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs,* 2009 WL 3200686, *3 (D.R.I.2009), quoting, *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.,* quoting, *Laurence v. Wall,* 2007 WL 1875794, *1 (D.R.I.2007); *see*

*also* *Wright & Miller § 1281 at 709* ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.,* quoting, *Laurence,* 2007 WL 1875794 at *1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in response to all of the allegations in a complaint ..." *Id.,* quoting, *Indiana Regional Council of Carpenters Pension Trust Fund,* 2006 WL 3302642, *2 (N.D.Ind.2006); *see also Calderon–Garnier v. Sanchez–Ramos,* 439 F.Supp.2d 229 (D.P.R.2006), aff'd, 506 F.3d 22 (1st Cir.2007).

The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal. See e.g. Tamayo v. Blagojevich,* 526 F.3d 1074, 1082–83 (7th Cir.2008) ( "Although *Twombly* retooled federal pleading standards ... and retired the oft-quoted *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) motion to dismiss no set of facts standard, *Twombly* did not supplant the basic notice-pleading standard.") (internal quotation marks omitted); *see also Hensley Manufacturing v. Propride, Inc.,* 579 F.3d 603, 609 (6th Cir.2009). Indeed, a "plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests...." *Tamayo,* 526 F.3d at 1083 (internal quotation marks and citation omitted). *Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625 (6th Cir.2009), quoting, *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

**\*3** Thus, in the wake of *Twombly/Iqbal,* a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts. *See e.g., Lease v. Fishel,* 2009 WL 922486, *2 (M.D.Pa.2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail.");

*Fritz v. County of Kern,* 2009 WL 382741, *2 (E.D.Cal.2009) (a "complaint is not a novel—background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). The undersigned suggests that plaintiff's second amended complaint contains far too much detail, extraneous information, and plaintiff's attempt to prove its case through the complaint is not well-taken. By way of example, here is a typical single paragraph contained in plaintiff's second amended complaint:

> McKinsey's name for its new strategy recommended to Allstate was "Claims Core Process Redesign" ("CCPR"). McKinsey taught Allstate the principles of CCPR over the course of many months, through the presentation of approximately 12,500 PowerPoint slides.

> As a result of litigation against Allstate and/or McKinsey, the substance of at least some of McKinsey slides have become public information very recently. Other related McKinsey documents/materials requested, which Allstate has either denied the existence of or desperately fought disclosure of in other litigated cases, expand on this vile and predatory claims handling plan/strategy in greater detail. Upon Court order they have been produced in other cases across the country and consequently there no longer exists, if there ever did, a proprietary or confidential nature concerning these documents. Similarly, since Allstate has previously produced these same documents in it's production as required by the courts in other litigation, it cannot now claim to this court that the requests would be overly burdensome or require unreasonable time to produce. While this Second Amended Complaint will refer to the contents of certain slides, these descriptions of the McKinsey slides are based on what limited information is currently publicly available, which, to some extent, may be paraphrasing or approximating the actual slides and by no means all inclusive. Nonetheless, what is presented below regarding the contents of the McKinsey slides is intended to be representative thereof on a substantive basis.

(Dkt.24, pp. 4–5, ¶ 10). It would be unduly burdensome for defendant to have to parse each sentence—and possibly each clause—of this paragraph in order to determine what to admit, what to deny, and what it can neither admit nor deny. Plaintiff's second amended complaint reads more like a brief than a complaint and the undersigned suggests that it violates the letter and spirit of Rule 8(a)'s requirement of a short, plain statement. Thus, the undersigned recommends that plaintiff's new factual allegations should also be stricken for this reason

in addition to the reason that they violate the October 30, 2009 Order.

**B.** *Defamation*

**\*4** Defendant also argues that the defamation claim, as set forth in the second amended complaint, should be stricken because it fails as a matter of law, based on the lack of specificity and because the communications at issue were privileged. Plaintiff asserts that the second amended complaint contains more specific allegations regarding Allstate's bad faith national strategy to target, defame and destroy heath care clinics like plaintiff and thus, its defamation claim should not be dismissed.

Defendant cites Michigan cases in support of its argument that plaintiff's defamation claim must be stated with specificity. (Dkt. 31, p. 15, n. 5; Dkt. 45, p 10). Defendant does not, however, offer any explanation or support for the implied proposition that the Court should follow state law on what appears to be a purely procedural issue of pleading form. [2] The undersigned concludes that nothing in the Federal Rules suggests that pleading a defamation claim is subject to higher pleading standard than any other claim. *Scheser v. Island Property Management, Inc.,* 2010 WL 1742532, *1 (W.D.Ky.2010)* ("We see no reason to impose a heightened pleading standard. Rule 9(b) demands particularity of complaints alleging fraud or mistake, but neither is alleged here. Consequently, ordinary notice-pleading rules apply."). The *Scheser* court also observed that in light of *Iqbal,* a claim for defamation, like any other claim for relief, must merely " 'state a claim to relief that is plausible on its face,' but no more than that is required simply because the plaintiff has asserted a defamation claim." *Id.* Defendant does not claim that plaintiff's defamation claim fails to satisfy the *Iqbal* [3] standard. Based on the foregoing, the undersigned suggests that defendant's motion to strike the defamation claim should be denied.

[2]    A handful of cases in this district appear to rely on the "specificity" or "particularity" requirement found in Michigan case law on defamation. For example, in *Williams v. Detroit Bd. of Educ.,* 523 F.Supp.2d 602, 606 (E.D.Mich.2007), the court noted, relying on *Royal Palace Homes, Inc. v. Channel 7 of Detroit,* 197 Mich.App. 48, 52, 495 N.W.2d 392 (1992), that a plaintiff must plead a defamation claim with specificity and cannot rely on general, conclusory allegations to

support a defamation claim, but must specifically identify the statements alleged to be defamatory. However, the court was actually analyzing a motion for summary judgment, not a motion to dismiss. Similarly, in *DirecTV v. Cavanaugh,* 321 F.Supp.2d 825, 836 (E.D.Mich.2003), the court concluded that the counterclaim for defamation failed for "want of particularity." Again, the court was analyzing a motion for summary judgment, not a motion to dismiss or a motion to strike. Finally, in *Stencel v. Augat Wiring Systems,* 173 F.Supp.2d 669 (E.D.Mich.2001), the court noted that a "defamation claim must be pleaded with particularity." While this observation was seemingly made in the context of a motion to dismiss, the court relied on the plaintiff's discovery response to reach the conclusion that her defamation claim was not viable.

3    Defendant raised this issue in the context of its futility argument in its reply brief, but this was not addressed or argued in the initial motion. Thus, the undersigned declines to address the issue, first raised in the reply, and which was not fully brief by the parties. *See Lexicon, Inc. v. Safeco Ins. Co. of America, Inc. .,* 436 F.3d 662, 676 (6th Cir.2006) (A district court properly declines to consider an issue raised for the first time in a reply brief.), citing, *Sundberg v. Keller Ladder,* 189 F.Supp.2d 671, 682–83 (E.D.Mich.2002) (Noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time.") (citation omitted).

Defendant also insists that the Court can, and should, decide, as a matter of law whether the statements alleged in plaintiff's second amended complaint are defamatory and whether it has a conditional privilege to make the alleged statements to its insured. Defendant relies primarily on *Another Step Forward v. State Farm Auto. Ins. Co.,* 2009 WL 879690 (E.D.Mich.2009), which, according to defendant, "held the defamation claim failed as a matter of law—not based on any factual analysis—on the ground that the defendant no-fault insurer's alleged defamatory statement to its insureds regarding why it was not paying the plaintiff's medical charges was privileged." A closer review of this case suggests that the court relied on deposition testimony to reach this conclusion and a finding that the plaintiff had failed to rebut the evidence presented by the defendant. *Another Step Forward,* at *13. [4] The undersigned suggests that the issues

raised by defendant regarding whether the statements at issue are defamatory and defendant's claimed conditional privilege, even if ultimately decided by the court, should be decided based on a factual development of the record and not on the pleadings alone. This is especially important here, where defendant bears the burden of proving qualified privilege. *See Savage v. Lincoln Benefit Life,* 49 F.Supp.2d 536, 542 (E.D.Mich.1999).

4    Specifically, the court in *Another Step Forward* observed: "As shown by Ms. Higginbottom's deposition testimony, the statements appear limited to this purpose, provided on a proper occasion, and made in a proper manner (non-threatening) and to proper parties (to the insureds and/or their guardians). Plaintiffs have not provided this Court with genuine issues of material fact to rebut such a finding."

### C. *Tortious Interference*

**\*5**    Finally, defendant asserts that plaintiff's tortious interference claim must also fail because plaintiff fails to allege facts showing the existence of any particular valid business relationship or expectancy and because defendant had a legitimate business reason to engage in the conduct about which plaintiff complains. (Dkt.31). Plaintiff asserts that the second amended complaint contains more specific allegations regarding Allstate's bad faith national strategy to target, defame and destroy heath care clinics like plaintiff and thus, the tortious interference claim should not be dismissed.

As with the defamation claim, the undersigned suggests that defendant attempts to hold plaintiff to a pleading standard that is not warranted under the Federal Rules of Civil Procedure. Defendant relies on *Badiee v. Brighton Area Schools,* 265 Mich.App. 343, 366, 695 N.W.2d 521 (2005) for the proposition that tortious interference claim will not lie where a defendant has a legitimate business reason for its actions. In *Badiee,* the court found that the plaintiff had presented insufficient evidence *at trial* to counter the defendant's evidence of a valid business purpose for its actions. *Id.* at 368, 695 N.W.2d 521. Even if the Court were inclined to follow *Badiee* for what appears to be a purely procedural pleading issue, nothing in *Badiee* suggests that the decision reached would be appropriate at the pleading stage. In addition, as with the defamation claim, defendant has not properly asserted that this claim fails to meet the *Twombly/Iqbal* standard for pleading. Based on the foregoing,

the undersigned suggests that defendant's motion to strike the tortious interference claims should be denied.

### D. *Motion for More Definite Statement*

In light of the conclusions reached above, which, if adopted by the Court would drastically alter plaintiff's complaint, the undersigned suggests that the Court need not decide the motion for more definite statement.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion to strike be **GRANTED** in part and **DENIED** in part and that plaintiff's fraud claim be **DISMISSED** without prejudice. More specifically, the undersigned **RECOMMENDS** that, if this report and recommendation is adopted, plaintiff be permitted **14 days** from the date of adoption to file a third amended complaint that contains no additional or different allegations or claims beyond those alleged in the first amended complaint except for the new allegations regarding the notice and retraction issues for its defamation claim.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir.1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

**\*6** Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### All Citations

Not Reported in F.Supp.2d, 2010 WL 2278618

---

© 2020 Thomson Reuters. No claim to original U.S. Government Works.