## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

      Plaintiff,

v.

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERSITY SCHOOL OF
MEDICINE, NIKOLINA CAMAJ, MARGIT
CHADWELL, MATT JACKSON, RICHARD
S. BAKER, and R. DARIN ELLIS,
in their individual and official capacities,
jointly and severally,

      Defendants.

Case No. 2:20-cv-11718
Hon. Gershwin A. Drain
Mag. Judge David R. Grand

---

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
## TO PERMIT PLAINTIFF TO PROCEED ANONYMOUSLY

Plaintiff moves this Court, pursuant to Fed. R. Civ. P. 26, 5.2(d) and 5(e)(1), and related case law precedent, for a Protective Order, and respectfully requests that the Court enter a Protective Order permitting Plaintiff to proceed anonymously, and in support thereof states as follows:

1.    Plaintiff, a former Wayne State University medical school student, filed his Complaint against Defendants seeking redress for a host of damages caused by Defendants' unconstitutional and unlawful conduct, which led to Plaintiff's dismissal from Defendant WSU's school of medicine.

2.      Given various well-founded privacy concerns, among others, Plaintiff filed his Complaint anonymously and utilizing a pseudonym (i.e. "John Plaintiff").

3.      After the Complaint was filed, Plaintiff's counsel discussed the anonymity issue with Defendants' counsel, and explained, in part, Plaintiff's basis and rationale for seeking to proceed anonymously.

4.      Nonetheless, through this discussion, Plaintiff learned that Defendants remained unwilling to allow Plaintiff to proceed anonymously, and Defendants would not enter into a stipulated protective order to protect Plaintiff's identity, thus necessitating the present motion filing.

5.      Plaintiff's identity is known to Defendants, and Defendants are not prejudiced by Plaintiff's use of a pseudonym.

6.      The underlying facts and circumstances giving rise to this litigation are unaffected and shall remain public record, save for Plaintiff's name and identity, as exemplified in Plaintiff's Complaint filing, which contains abundant factual evidence concerning the present dispute with minor redactions protecting Plaintiff's name and identity.

7.      The accompanying brief sets forth the basis of this motion and Plaintiff's asserted privacy interests.

8.      On Friday, September 25, 2020, Plaintiff's counsel sought concurrence from Defendants' counsel in the relief sought herein. On Sunday, September 27, 2020, concurrence was not obtained, thereby necessitating the present motion.

9.      A proposed protective order is attached as **Exhibit 1**.

Accordingly, for the reasons set forth herein and below, Plaintiff respectfully requests that this Court grant his Motion for Protective Order thereby allowing Plaintiff to proceed anonymously in this litigation with the use of a pseudonym.

Dated: September 28, 2020                          Respectfully submitted by:

**ROSSMAN, P.C.**

By:      /s/ Mark C. Rossman
          Mark C. Rossman (P63034)
          Jacob M. Campbell (P83900)
          2145 Crooks Road, Suite 220
          Troy, Michigan 48084
          Telephone: 248.385.5481
          Facsimile: 248.480.4936
          mark@rossmanpc.com
          jacob@rossmanpc.com
          *Attorneys for Plaintiff*

3

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

     Plaintiff,

v.

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERSITY SCHOOL OF
MEDICINE, NIKOLINA CAMAJ, MARGIT
CHADWELL, MATT JACKSON, RICHARD
S. BAKER, and R. DARIN ELLIS,
in their individual and official capacities,
jointly and severally,

     Defendants.

Case No. 2:20-cv-11718
Hon. Gershwin A. Drain
Mag. Judge David R. Grand

---

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO PERMIT PLAINTIFF TO PROCEED ANONYMOUSLY

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………….. ii

STATEMENT OF ISSUE PRESENTED ………………………………….. iii

CONTROLLING AUTHORITY ……………………………………………... iv

I. INTRODUCTION …………………………………………………… 1

II. FACTUAL BACKGROUND …………………………………………… 2

III. LEGAL STANDARD ………………………………………………... 5

IV. ARGUMENT ………………………………………………………… 5

    A. Plaintiff's Privacy Interests Substantially Outweigh the Presumption of
       Open Judicial Proceedings ………………………………………………… 5

        1.  Plaintiff is suing to challenge governmental activity. ……………… 5

        2.  Prosecution of the suit will compel the Plaintiff to disclose
           information "of the utmost intimacy." ……………………………… 6

        3.  This litigation could compel Plaintiff to disclose an intention to
           violate the law, but more aptly invites an opprobrium analogous to the
           infamy associated with criminal behavior. ………………………. 7

        4.  Plaintiff is not a child, but rather a young adult with his career and
           professional future ahead of him. …………………………………… 9

        5.  Other considerations, when analyzed, also favor Plaintiff's request for
           a Protective Order. ……………………………………………….. 9

V. CONCLUSION ……………………………………………………… 11

i

# TABLE OF AUTHORITIES

## Cases

*Doe v. Porter*
    370 F.3d 558 (6th Cir. 2004) …………………………………………… passim

*Doe v. Stegall*
    653 F.2d 180 (5th Cir. 1981) …………………………………........................ 8, 9

*Kreipke v. Wayne State Univ.*
    807 F.3d 768 (6th Cir. 2015) …………………………………………….... 6

*Roe v. Adams-Gaston*
    2017 U.S. Dist. LEXIS 181930 (S.D. Ohio Nov. 2, 2017) …………………….. 6

*Third Degree Films v. Doe*
    2012 U.S. Dist. LEXIS 87891 (E.D. Mich. May 29, 2012) …………………… 10

## Other Authorities

Family Educational Rights and Privacy Act (FERPA)
    20 U.S.C. § 1232g ……………………………………………………………. 6

## Rules

Fed. R. Civ. P. 10(a) ………………………………………………………… 5

**STATEMENT OF ISSUE PRESENTED**

1. Should this Court grant Plaintiff a Protective Order preventing disclosure of Plaintiff's name and identity throughout the litigation, as permitted in exceptional cases such as the present case, where Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings?

Plaintiff answers: Yes

## CONTROLLING AUTHORITY

**Issue 1:** *See Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004), which provides that, while Fed. R. Civ. P. 10(a) generally requires the title of a complaint to "name all the parties," this requirement can be displaced in situations where a Plaintiff's privacy interests substantially outweigh the public's interest to open judicial records.

## I.   <u>**INTRODUCTION**</u>

This case stems from Defendants' egregious violations of Plaintiff's Constitutional rights, which culminated in Plaintiff's expulsion from Defendant Wayne State University's ("WSU") school of medicine. Consequently, Defendants' unlawful actions now prevent Plaintiff, an exemplary student and lifelong medical doctor hopeful who was on the verge of achieving his dreams, from being accepted into any other M.D. program in the United States. Plaintiff had no choice but to file his lawsuit to rectify Defendants' decision-making processes, to reinstate him as a student, and seeking redress for the host of damages, both economic and non-economic, caused by Defendants who, *inter alia*, deprived Plaintiff of his right to due process, violated Title IX, denied Plaintiff of the Constitution's guarantee of equal protection, and inflicted severe emotional distress upon Plaintiff.

Against this backdrop, and while seeking to vindicate his rights, Plaintiff desires to proceed anonymously. Plaintiff understands there is a presumption in favor of open-judicial proceedings, but as will be explained herein, it is undoubtedly true that Plaintiff's privacy interests substantially outweigh this presumption. Plaintiff, a young adult and aspiring physician, must prevent and limit any and all reputational harm associated with his name and identity as related to this litigation. Plaintiff seeks to avoid the embarrassment associated with the baseless accusations lodged against him and will be forced to reveal information of the utmost intimacy.

1

Moreover, given the secret nature of many of Defendants' actions, Plaintiff has reason to believe that even more baseless information may be revealed to the public that would impact his good name and identity. Relatedly, many of the underlying records at issue are confidential student records containing a host of confidential information that should be protected. A proposed protective order is attached as **Exhibit 1**.

## II.    <u>FACTUAL BACKGROUND</u>

The facts in the Complaint are incorporated herein by reference (ECF No. 1), however, Plaintiff contends that a brief recitation of the process that brings Plaintiff to this place will be helpful to the Court.

Plaintiff's initial contact with Defendant WSU in this matter occurred on November 27, 2018, when Defendant Camaj notified Plaintiff that she would like to meet with him for a fact-finding conference on November 30, 2018. Although Plaintiff repeatedly sought information from Defendant Camaj about the nature, scope, and content of the meeting, she provided only the time and place for the meeting. The meeting went forward on November 30, 2018 in spite of Defendant Camaj's failure to provide Plaintiff notice on November 11, 2018 that he was being investigated and after being notified, failing to provide Plaintiff with the required five day period during which he could review information about the alleged

infraction, the nature of the evidence submitted, and a copy of the Student Code of Conduct.

After the meeting with Defendant Camaj, on December 4, 2018 the matter was forwarded to Defendant Chadwell, the Medical School's Dean of Student Affairs and Career Development. In turn, Defendant Chadwell referred the matter to the Medical School's Professionalism Committee.

On or about January 25, 2019, Defendant Jackson met with Plaintiff and provided him with notice of the hearing date and an opportunity to review documents that he claimed were provided to the Professionalism Committee. Plaintiff did not receive copies of the documents he was shown and when he asked Defendant Jackson, the Committee's chairman if dismissal was a possibility, Defendant Jackson failed to answer the question and minimized the risk to Plaintiff's academic standing.

On or about February 7, 2019 a Professionalism Committee hearing was convened during which the Committee heard from Plaintiff. Plaintiff, based on information and belief, believes that the Committee also heard from his accuser and her mother, but was not allowed to be present for the testimony, was not provided a transcript, and was not provided an opportunity to ask questions or submit areas for inquiry.

On or about February 11, 2019, Plaintiff received a letter from the Professionalism Committee setting forth their decision to refer the case to the Promotions Committee with a recommendation for dismissal. No information about the decision, its basis, or what evidence was considered was included. On or about February 27, 2019, without any information about what the Professionalism Committee had considered or what the Promotions Committee viewed as important, Plaintiff was required to submit a statement that provided information the Plaintiff wanted the Committee to consider.

On February 27, 2019, immediately after the hearing, the Promotions Committee issued a letter to Plaintiff informing him that they had decided to dismiss him from the School of Medicine.

On March 6, 2019, Plaintiff met with the Promotions Committee Chairman. After that meeting and based on the information provided by Defendant Baker, Plaintiff appealed the Promotions Committee decision back to the Committee, believing that the appeal would be granted. The result, however, was completely different and resulted in Plaintiff losing his ability to withdraw and putting him in the position of appealing to Defendant University's Provost who denied his appeal.

At no time during this process and in spite of the Defendants' demands that Plaintiff appear before various committees, submit documents and letters stating his position did he ever receive any information that provided him with evidence, the

4

equivalent of a bill or particulars, or any information regarding how and on what basis the Defendants' decisions were made or based.

## III.    LEGAL STANDARD

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, binding, Sixth Circuit precedent provides that Courts "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Moreover, although non-exclusive, "[s]everal considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id*. (internal citations omitted).

## IV.    ARGUMENT

**A.    Plaintiff's Privacy Interests Substantially Outweigh the Presumption of Open Judicial Proceedings**

**1.    Plaintiff is suing to challenge governmental activity.**

The first factor provided for by *Doe v. Porter* and its progeny is whether Plaintiff is suing to challenge governmental activity. This factor favors Plaintiffs, in cases such as the present case, where governmental activity *is* being challenged. *See*

5

*e.g. Roe v. Adams-Gaston*, 2017 U.S. Dist. LEXIS 181930, at \*2 (S.D. Ohio Nov. 2, 2017) (Plaintiff challenging a governmental activity weighs in favor of her request to proceed anonymously). This case, like *Doe v. Porter*, involves a challenge to governmental activity – challenging the actions of Defendants, and their agents, who are state actors of a public institution and university. *See also Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015) (affirming that Wayne State University is an "arm of the State of Michigan" and state actor). As such, this factor weighs in Plaintiff's favor and in his request for a Protective Order.

      **2.    Prosecution of the suit will compel the Plaintiff to disclose information "of the utmost intimacy."**

Given the facts and circumstances of this case, and the information that will be produced throughout the litigation, Plaintiff will be required to disclose information "of the utmost intimacy," including personal and confidential educational records held by and between Plaintiff and Defendant Wayne State University. As discussed in *Roe v. Adams-Gaston*, 2017 U.S. Dist. LEXIS 181930, at \*2 (S.D. Ohio Nov. 2, 2017), which permitted Plaintiff's request to proceed anonymously, the Court found that "requiring Plaintiff to proceed under her real name would disclose information of the utmost intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 C.F.R. pt. 99." The same privacy concerns are

present here, in addition to others. Therefore, this factor weighs heavily in Plaintiff's favor and in his request for a Protective Order.

> **3.      This litigation could compel Plaintiff to disclose an intention to violate the law, but more aptly invites an opprobrium analogous to the infamy associated with criminal behavior.**

As of this date, Plaintiff remains unaware of the specific basis of his expulsion, what his accuser testified to before Defendants' Professionalism Committee, and what evidence the Professionalism and Promotions Committees relied upon in reaching their decision. In challenging Defendants' defective investigative and disciplinary process, forcing Plaintiff to reveal his identity as challenging a process that is currently the subject of intense scrutiny and public argument will likely subject him to considerable harassment and harm even if he is successful in his suit.

In 2011, the United States Department of Education sent a *Dear Colleague* letter to colleges and universities. During the intervening years, this *Letter* and its purpose have been publicly debated with some federal courts raising concern that due process rights have been jeopardized by the approach suggested in the *Letter.* In May of 2020, the Department of Education published a new final rule regarding due process and Title IX that was received by opponents with vehement disagreement and the threat of multiple lawsuits. *See U.S. Publishes New Regulations on Campus*

*Sexual Assault*, Inside Higher Ed, May 7, 2020.[1] Indeed, United States Senator, Patty Murray, clearly stated the risk to which Plaintiff has put himself by declaring that any attack on the 2011 recommended process was "not about 'restoring balance' . . . but about silencing survivors."

Granting Plaintiff the ability to proceed anonymously does not require a finding that Plaintiff will be forced to confess to either illegal acts or purposes if, in filing the suit Plaintiff invites "an opprobrium analogous to the infamy associated with criminal behavior." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004) (quoting *Doe v. Stegall,* 653 F.2d 180, 185-186 (5th Cir. 1981)). Plaintiff asserts that if he is forced to identify himself to the public as having been expelled from medical school for a behavioral offense in order to press his suit, there is a substantial likelihood that a significant portion of the public, another medical school, or future employer will see his expulsion as tantamount to an admission that Plaintiff must have committed a significant sexual offense to receive the most severe penalty available to a university. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). Likewise, Defendants seek to benefit from the lack of due process in their disciplinary process by being able to threaten Plaintiff's reputation by making or revealing inflammatory allegations that were made but never proven, knowing that Plaintiff must wait to

---

[1]    https://www.insidehighered.com/news/2020/05/07/education-department-releases-final-title-ix-regulations.

8

defend that allegation only after it has been made public and attached to his name as Plaintiff. Therefore, this factor weighs heavily in Plaintiff's favor and in his request for a Protective Order.

**4.    Plaintiff is not a child, but rather a young adult with his career and professional future ahead of him.**

While Plaintiff is not a child and was not a child at all relevant times to the Complaint and as a medical school student at Defendant WSU's school of medicine, or even at the time this lawsuit was filed, he is a young professional with his career, and professional reputation, ahead of him. If he is not able to proceed anonymously and he is successful in his suit, his reputation and his future are significantly harmed. Defendants' actions, which have forced him to file the present lawsuit, should not be held against Plaintiff in perpetuity, a result that is guaranteed as social media and search engines ensure that time will not pass and this suit will not be forgotten. Therefore, even though Plaintiff is an adult, other considerations related to this factor support the conclusion that Plaintiff should be able to proceed anonymously.

**5.    Other considerations, when analyzed, also favor Plaintiff's request for a Protective Order.**

Notably *Doe v. Porter*, which provides the aforementioned factors, does not stand for the proposition that only those four factors govern the Court's analysis with respect to this type of Motion. In fact, there is "no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a

balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). And as stated by this Court, "[i]f Defendant can provide the Court with reasons particularized to his or her situation that justify proceeding anonymously, or at least provide some developed argument supporting [a request to proceed anonymously], the Court will reconsider whether a protective order is warranted." *Third Degree Films v. Doe*, 2012 U.S. Dist. LEXIS 87891, *36-38 (E.D. Mich. May 29, 2012). As such, other practical considerations must be analyzed by the Court, and in doing so, it becomes even more clear that Plaintiff should be permitted to proceed anonymously in this litigation.

First, Defendants will not be prejudiced by the use of a pseudonym. Defendants are well-aware of who Plaintiff is, and what happened to Plaintiff as a result of their administrative procedures and the implementation of those procedures by their staff. Second, and as provided for in the proposed protective order, attached hereto, the underlying facts and circumstances giving rise to this litigation will otherwise be fully disclosed and become public record, save for Plaintiff's name if this motion is granted. The public will not be harmed utilizing this narrowly tailored privacy mechanism and will be fully informed as to factual foundation at issue, and the Court's resolution with respect to the legal claims advanced in Plaintiff's

10

Complaint. Third, it is also worth noting that, through present, Defendant WSU's administrative and disciplinary processes are governed by FERPA and required to be entirely confidential and anonymous.

Lastly, and contrary to Defendants' Motion to Dismiss (ECF No. 5), Plaintiff's request for anonymity is absolutely warranted in this case. Plaintiff's lawsuit is neither improper in substance nor in style, and, despite Defendants' assertion to the contrary, there is no "strategic effort by Plaintiff to make bombastic and legally irrelevant assertions while avoiding the public scrutiny that comes with their rebuttal." Defendants, who have derailed Plaintiff's career, forced Plaintiff to file this lawsuit in an effort to avoid the permanent, irreversible consequences of Defendants' sham administrative process which led to Plaintiff's expulsion. And now, in opposing Plaintiff's attempt to remain anonymous, and to correct Defendants' deficient processes, it is evident that this is nothing more than a continuation of Defendants' efforts to destroy Plaintiff's career and his reputation altogether.

## V.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter a Protective Order, in the form attached as **Exhibit 1**, which permits Plaintiff to proceed in this litigation anonymously and to prevent disclosure of his name.

Dated: September 28, 2020                    Respectfully submitted by:

                                             **ROSSMAN P.C.**

                                      By:    /s/ Mark C. Rossman
                                             Mark C. Rossman (P63034)
                                             Jacob M. Campbell (P83900)
                                             2145 Crooks Road, Suite 220
                                             Troy, Michigan 48084
                                             Telephone: 248.385.5481
                                             Facsimile: 248.480.4936
                                             mark@rossmanpc.com
                                             jacob@rossmanpc.com
                                             *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on September 28, 2020, I caused the foregoing motion to be filed using the Court's electronic filing system, thereby giving notice to all counsel of record and all other ECF participants.

/s/ Mark C. Rossman
Mark C. Rossman

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,        Case No. 2:20-cv-11718

                                  Hon. Gershwin A. Drain

       Plaintiff,               Mag. Judge David R. Grand

v.

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERSITY SCHOOL OF
MEDICINE, NIKOLINA CAMAJ, MARGIT
CHADWELL, MATT JACKSON, RICHARD
S. BAKER, and R. DARIN ELLIS,
in their individual and official capacities,
jointly and severally,

       Defendants.

---

## **PROPOSED PROTECTIVE ORDER**

      At a session of this Court held in the courthouse
in the County of Wayne, State of Michigan, on
September __, 2020.

      Present:    Hon. _____

      This matter is before the Court upon Plaintiff's Motion for Protective Order

to Permit Plaintiff to Proceed Anonymously, pursuant to Fed. R. Civ. P. 26(c), 5.2(d)

and (e)(1), and

**IT IS HEREBY ORDERED THAT:**

      1.    Plaintiff's Motion for Protective Order is granted, and Plaintiff is

permitted to proceed under the pseudonym John Plaintiff.

2.      In all publicly filed documents, Plaintiff (i.e. "John Plaintiff") shall only be identified as John Plaintiff or Plaintiff.

3.      All documents filed with the Court that contain the full name of Plaintiff, or contain information that identifies him, whether directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any and all identifying information redacted.

4.      In all publicly filed documents, the name of Plaintiff's accuser shall only be identified as Jane Roe or Roe.

5.      All documents filed with the Court that contain the full name of Jane Roe, or contain information that identifies her, whether directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any and all identifying information redacted.

6.      If an inadvertent disclosure is made through a court filing, or in a court proceeding, such as a public court hearing, the offending party must take immediate action to rectify the disclosure.

7.      Defendants' counsel may disclose Plaintiff's name and identity to the Defendants, their agents, and to any experts retained in this litigation, but only to the extent that disclosure is reasonably calculated, and in good faith, to lead to the preparation and/or defense of this litigation.

2

8.      Every individual to whom disclosure of Plaintiff's identity is made pursuant to paragraph 7, as stated above, shall read and be bound by this Order. Defendants' counsel shall ensure that persons to whom disclosure is made are aware of this Order.

9.      Under no circumstance shall any part, or any other person, intentionally disclose Plaintiff's identity without Plaintiff counsel's written consent.

10.     Any allegations of abuse or violation of this Order will be considered by the Court for purposes of determining whether sanctions are appropriate, including a contempt of court order or other sanctions as available under the Federal Rules of Civil Procedure or otherwise.

11.     This Order is subject to modification by the Court upon application of either party.

**SO ORDERED.**


DATED:_____        _____
                                                    DISTRICT COURT JUDGE