# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN PLAINTIFF, an individual, | Case No. 2:20-cv-11718 |
| | Hon. Gershwin A. Drain |
| Plaintiff, | Mag. Judge David R. Grand |
| v. | |
| WAYNE STATE UNIVERSITY, WAYNE STATE UNIVERSITY SCHOOL OF MEDICINE, NIKOLINA CAMAJ, MARGIT CHADWELL, MATT JACKSON, RICHARD S. BAKER, and R. DARIN ELLIS, in their individual and official capacities, jointly and severally, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS WITHOUT PREJUDICE (ECF NO. 5)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………………………... ii

STATEMENT OF ISSUES PRESENTED ………………………………… iii

CONTROLLING AUTHORITY …………………………………………... iv

I. INTRODUCTION ……………………………………………………… 1

II. LEGAL STANDARD ………………………………………………….. 2

III. ARGUMENT …………………………………………………………. 4

   A. Plaintiff Filed His Motion for Protective Order to Proceed Anonymously (ECF No. 8), and Defendants' Argument That This Court Lacks Jurisdiction Pursuant to Fed. R. Civ. P. 10(a) is Moot and/or Otherwise Should Be Decided Based on Plaintiff's Motion. …………………………………………... 4

   B. Plaintiff's Complaint Complies with Fed. R. Civ. P. 8. ……………………. 5

IV. CONCLUSION ……………………………………………………… 10

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ……………………………………………………… 6, 7

*Atkins v. City of Chicago*
  631 F.3d 823 (7th Cir. 2011) …………………………………………….... 8

*Bell v. Twombly*
  550 U.S. 544 (2007) …………………………………………………… 7, 8

*Conley v. Gibson*
  355 U.S. 41 (1957) …………………………………………………….. 7

*Doe v. Porter*
  370 F.3d 558 (6th Cir. 2004) …………………………………………….... 2

*Grubbs v. Sheakley Group, Inc.*
  2014 WL 202041 (S.D. Ohio 2014) ……………………………............... 6, 7

*Howard v. City of Girard*
  346 F. App'x 49 (6th Cir. 2009) ……………………………………….. 3

*In re Intuitive Surgical Sec. Litig.*
  65 F. Supp. 3d 821 (N.D. Cal. 2014) ……………………………………... 7

*Kadamovas v. Stevens*
  706 F.3d 843 (7th Cir. 2013) ……………………………………………... 6, 8

*Southfield Ltd. P'ship v. Flagstar Bank*
  *F.S.B.*, 727 F.3d 502 (6th Cir. 2013) ……………………………………... 6, 7

**Rules**

Fed. R. Civ. P. 8 ……………………………………………………………. *in passim*

Fed. R. Civ. P. 10 …………………………………………………………… 2, 4

## STATEMENT OF ISSUES PRESENTED

1. Should this Court dismiss Plaintiff's Complaint for lack of jurisdiction where Plaintiff, whose privacy interests substantially outweigh the presumption of open judicial proceedings, has sought a Protective Order from the Court seeking to proceed anonymously?

**Plaintiff answers: No**

2. Should this Court dismiss Plaintiff's Complaint without prejudice and in favor of filing an amended complaint, where Plaintiff's Complaint complies with Rule 8 and applicable federal court pleading standards?

**Plaintiff answers: No**

# CONTROLLING AUTHORITY

**Issue 1:** *See Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004), which provides that, while Fed. R. Civ. P. 10(a) generally requires the title of a complaint to "name all the parties," this requirement can be displaced in situations where a Plaintiff's privacy interests substantially outweigh the public's interest to open judicial records.

**Issue 2:** *See* Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also* Fed. R. Civ. P. 8(d), requiring that "each allegation must be simple, concise, and direct" and Fed. R. Civ. P. 8(e), requiring that "pleadings must be construed so as to do justice." Lastly, *Howard v. City of Girard*, 346 F. App'x 49 (6th Cir. 2009) provides a general, well-rounded discussion of the Rule 8 pleading standard and precedential case law interpreting the same.

I.     **INTRODUCTION**

This case stems from Defendants' egregious violations of Plaintiff's Constitutional rights, which culminated in Plaintiff's expulsion from Wayne State University's ("WSU") school of medicine. Consequently, Defendants' unlawful actions now prevent Plaintiff, an exemplary student and lifelong medical doctor hopeful who was on the verge of achieving his dreams, from being accepted into any other M.D. program in the United States. Plaintiff had no choice but to file his lawsuit to rectify Defendants' decision-making processes, to reinstate him as a student, and to seek redress for the host of injuries, both economic and non-economic, caused by Defendants who, *inter alia*, deprived Plaintiff of his right to due process, violated Title IX, denied Plaintiff of the Constitution's guarantee of equal protection, and inflicted severe emotional distress upon Plaintiff.

At present, and rather than respond to the merits of Plaintiff's thoughtful, highly detailed and well-organized Complaint, which is entirely compliant with Fed. R. Civ. P. 8, and despite having approximately two months to file an Answer, Defendants have chosen instead to avoid addressing the gravamen of Plaintiff's Complaint and challenge (1) this Court's jurisdiction, *prior to* Plaintiff having filed a Motion for Protective Order to proceed anonymously, and, in essence, (2) the style of Plaintiff's Complaint. All the while Plaintiff, a former WSU medical school student whose dreams of becoming a medical doctor were derailed by Defendants'

1

faulty and biased series of administrative processes, in violation of his Constitutional rights, continues to suffer and sustain damages entirely beget by Defendants with each passing day.

On September 28, 2020 Plaintiff filed a *Motion for Protective Order* (ECF No. 8) to proceed anonymously in this litigation and that Motion is now before the Court. Nevertheless, this Response addresses both issues raised by Defendants though the issue pertaining to anonymity receives brief treatment. Accordingly, Defendants' Motion regarding the form of Plaintiff's Complaint is the focus of this Response and Plaintiff maintains that though lengthy in pagination his Complaint sets forth in necessary and relevant detail the facts that make it fully compliant with the pleading requirements of our federal court system.[1] As such, dismissal of the present lawsuit is entirely unwarranted.

## II.  LEGAL STANDARD

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, binding, Sixth Circuit precedent provides that the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe*

---

[1] Plaintiff would also like to note that, in the interests of time, fairness, and judicial economy, and given that the hearing on Defendants' Motion to Dismiss (ECF No. 5) is not presently scheduled until January 2021, Plaintiff in good faith plans to prepare an Amended Complaint and to seek Defendants' stipulation to enter the Amended Complaint into the record. Nonetheless, for the reasons stated herein, Plaintiff's position remains that his Complaint complies with Rule 8.

2

*v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Moreover, "[s]everal considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id*. (internal citations omitted).

Additionally, Fed. R. Civ. P. 8(a) provides that "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). As discussed in *Howard v. City of Girard*, 346 F. App'x 49, 50 (6th Cir. 2009), "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" (internal citations omitted).

### III. ARGUMENT

A. **Plaintiff Filed His Motion for Protective Order to Proceed Anonymously (ECF No. 8), and Defendants' Argument That This Court Lacks Jurisdiction Pursuant to Fed. R. Civ. P. 10(a) is Moot and/or Otherwise Should Be Decided Based on Plaintiff's Motion.**

Although Defendants correctly point out in their brief in support of their Motion to Dismiss that, at the time of their Motion filing Plaintiff had not moved this Court to allow him to proceed anonymously, Plaintiff has now filed the appropriate Motion for Protective Order to do so and awaits this Court's decision with respect to his anonymity. However, Defendants incorrectly point out, and without authority, that Plaintiff has "not otherwise shown he is entitled" to seek a protective order. Defendants also fail to cite to authority that states a Plaintiff who wishes to proceed anonymously must seek the judicial permission immediately.

Defendants also curiously suggest that proceeding anonymously is "entirely unwarranted in this case" without providing an explanation for why they believe it is unwarranted, save for their entirely unwarranted position that Plaintiff is engaging in some "strategic effort" to "make bombastic and legally irrelevant assertions without attribution while avoiding the public scrutiny that comes with their rebuttal." This theory, which could not be further from the truth, finds no support in the already abundant evidentiary record provided for by the Complaint. It is clear that Plaintiff,

4

a young adult and aspiring physician, and a person who is operating under no ulterior motives, wants nothing more than immediate redress for the wrongs caused to him by Defendants.

Plaintiff was actually surprised to learn that Defendants had challenged his status as an anonymous participant to this litigation, as he patiently and eagerly awaited their first action in response to his Complaint filing. Suffice it to say, Plaintiff was disappointed, but unsurprised, to watch Defendants dance around the very real and legitimate issues set forth in the Complaint filing; the very real and legitimate issues which Defendants will eventually answer for. Nonetheless, Plaintiff has filed a Motion for Protective Order, and the Complaint should not be dismissed on the bases set forth in Defendants' Motion.

### B. Plaintiff's Complaint Complies with Fed. R. Civ. P. 8.

Plaintiff's Complaint complies with Rule 8. Nonetheless, Defendants surmise that Plaintiff's Complaint "is a thinly veiled attempt to either improperly persuade another audience or circumvent the limitations placed on discovery and motion practice, or both" and argue that it "violates the letter and spirit of Rule 8." Plaintiff would like to assuage Defendants' perceived concerns and state that his Complaint is not an attempt to improperly persuade some unknown audience, nor does his Complaint seek to circumvent the federal court rules concerning discovery and motion practice.

Furthermore, there is no requirement that a Complaint be "short," nor is there a requirement that a Complaint must be "plain." Fed. R. Civ. P. 8, and relevant case law interpreting the same, merely provides the floor for what is required to plead legal claims within a Complaint; it does *not* impose a "short" and "plain" ceiling that a Plaintiff must adhere to. In fact, Fed. R. Civ. P. 8, per its plain and unambiguous terms, requires that each *statement* within a Complaint, and not the entire Complaint, shows that the pleader is entitled to relief as provided. Plaintiff's Complaint contains many statements, which, if and when teased apart, are short and plain statements that are succinctly stated. Relatedly, it should also be noted that "[t]he word "short" in Rule 8(a)(2) is a relative term. Brevity must be calibrated to the number of claims and also to their character, since some require more explanation than others to establish the plausibility of its claims." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's Complaint might be considered "long" if it were submitted in support of a simple tort case. This case, however, is not simple because of how Defendants have opted to hide their disciplinary practices behind a truly opaque covering. Plaintiff's Complaint is necessarily fact intensive because it contains numerous claims against numerous parties, and the plausibility of each claim is well-established throughout its many short and plain statements throughout. While "[t]here is no bright-line rule providing that the length of a complaint, in and of itself,

is a basis for dismissal . . . it still must contain sufficient factual basis to put the defendant on notice of their alleged wrongdoing and must contain more than [conclusory allegations]." *Grubbs v. Sheakley Group, Inc.*, 2014 WL 202041, at *6 (S.D. Ohio Jan. 17, 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013)). Plaintiff's Complaint puts Defendants on notice of the claims against them and does not violate Rule 8.

Additionally, while Rule 8 holds that a pleading must contain "short and plain" statements, *Bell Atlantic Corp. v. Twombly* sets forth that the purpose of this Rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This purpose is accomplished in Plaintiff's Complaint, as Defendants have received fair notice of each claim, and the factual bases for each claim. Again, Rule 8 has not been violated. *See also In re Intuitive Surgical Sec. Litig.*, 65 F. Supp. 3d 821, 831 (N.D. Cal. 2014), wherein a plaintiff's amended complaint was described as "indisputably cumbersome, surpassing one hundred pages in length. In thirty of those pages, Plaintiff recites boilerplate corporate statements made by Defendants and allege that each statement was rendered false or misleading because Defendants failed to disclose a number of alleged material facts." *Id*. Plaintiff's Complaint is undeniably "lengthy" and

7

detailed often citing to and quoting, in relevant part, the underlying factual record that gives rise to this litigation. That does not mean that it violates the letter or spirit of Rule 8. That does not render it a "puzzle pleading," as described by some courts. "Since a plaintiff must now show plausibility, complaints are likely to be longer— and legitimately so—than before *Twombly* and *Iqbal. Kadamovas* at 844. "[T]he fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it. … [T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote." *Kadamovas* at 845 (quoting from *Atkins v. City of Chicago,* 631 F.3d 823, 831-32 (7th Cir. 2011)).

Lastly, Defendants' claims that they must respond to Plaintiff's Complaint quickly, or "in a relatively short period of time," are also disingenuous, because Defendants had additional time to respond to the Complaint (i.e. 60 days, following the Parties' agreement to waive formal service), made no attempts to communicate with Plaintiff for an extension of time prior to filing their Motion, and made no attempts to communicate with Plaintiff regarding their perceived concerns with the style of the Complaint. This failure to talk with Counsel for Plaintiff is not new, but characterizes the initial discussion with the Office of Defendant's General Counsel—no interest in discussing the matter, exploring settlement, only taking the position that they simply defend the actions of the faculty.

Suffice it to say, Plaintiffs' Counsel has implied that the complaint's length is intended as bombastic argument; however, the Complaint has been publicly posted on PACER, is likely already known to groups that are interested in such litigation, and waiting to complain now is inconsistent with the belated concern that somehow it will harm Defendant WSU and its medical school. On the contrary, Plaintiff has laid bare the long and troubling facts and the reader is clearly left to conclude that Plaintiff's allegations are plausible, are supported by facts, and Plaintiff's claims, including that he was denied due process, clear. Had Plaintiff attempted to summarize the complex facts, ascribe them to the Defendants generally, and gloss over Defendants' conduct, Defendant would have likely taken the opposite position and argued that the Complaint is insufficiently specific, failed to clearly allege the basis for bringing suit not only against the University, but individual defendants and was implausible because of the *sterling* reputations of the defendants and lack of factual specificity.

To be sure, Plaintiff has clearly and specifically asked this Honorable Court to allow Plaintiff to proceed anonymously. Just as clearly, Plaintiff has not asked that the suit be prosecuted under cover of darkness or under seal. These facts will come out, Defendants' have access early about the strength of the Plaintiff's case, and the facts provided in the complaint are exactly those that the Plaintiff will be asking for in discovery. Once again, as they did when Plaintiff asked Defendants for

information, Defendants delay, complain that their failure is someone else's fault, and offer no facts that place the sufficiency of Plaintiff's Complaint in question.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss. In the alternative, Plaintiff requests that this Court allow him to file an amended complaint and require that Defendants provide their answer within twenty-one days. Further delay prejudices Plaintiff alone as he cannot resume his studies unless he is successful and it appears Defendants intend to pursue their defense to the fullest extent.

Dated: September 29, 2020                     Respectfully submitted by:

**ROSSMAN P.C.**

By:   /s/ Mark C. Rossman
      Mark C. Rossman (P63034)
      Jacob M. Campbell (P83900)
      2145 Crooks Road, Suite 220
      Troy, Michigan 48084
      Telephone: 248.385.5481
      Facsimile: 248.480.4936
      mark@rossmanpc.com
      jacob@rossmanpc.com
      *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that, on September 29, 2020, I caused the foregoing response to be filed using the Court's electronic filing system, thereby giving notice to all counsel of record and all other ECF participants.

/s/ Mark C. Rossman
Mark C. Rossman
