# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN PLAINTIFF, an individual, | Case No. 2:20-cv-11718 |
| | Hon. Gershwin A. Drain |
| Plaintiff, | Mag. Judge David R. Grand |
| v. | |
| WAYNE STATE UNIVERSITY, WAYNE STATE UNIVERSITY SCHOOL OF MEDICINE, NIKOLINA CAMAJ, MARGIT CHADWELL, MATT JACKSON, RICHARD S. BAKER, and R. DARIN ELLIS, in their individual and official capacities, jointly and severally, | |
| Defendants. | |

## PROTECTIVE ORDER

This matter is before the Court upon Plaintiff's Motion for Protective Order to Permit Plaintiff to Proceed Anonymously, pursuant to Fed. R. Civ. P. 26(c), 5.2(d) and (e)(1), and

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Protective Order is granted, and Plaintiff is permitted to proceed under the pseudonym John Plaintiff.

2. In all publicly filed documents, Plaintiff (i.e. "John Plaintiff") shall only be identified as John Plaintiff or Plaintiff.

3. All documents filed with the Court that contain the full name of Plaintiff, or contain information that identifies him, whether directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any and all identifying information redacted.

4. In all publicly filed documents, the name of Plaintiff's accuser shall only be identified as Jane Roe or Roe.

5. All documents filed with the Court that contain the full name of Jane Roe, or contain information that identifies her, whether directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any and all identifying information redacted.

6. If an inadvertent disclosure is made through a court filing, or in a court proceeding, such as a public court hearing, the offending party must take immediate action to rectify the disclosure.

7. Defendants' counsel may disclose Plaintiff's name and identity to the Defendants, their agents, and to any experts retained in this litigation, but only to the extent that disclosure is reasonably calculated, and in good faith, to lead to the preparation and/or defense of this litigation.

8. Every individual to whom disclosure of Plaintiff's identity is made pursuant to paragraph 7, as stated above, shall read and be bound by this Order.

Defendants' counsel shall ensure that persons to whom disclosure is made are aware of this Order.

9. Under no circumstance shall any part, or any other person, intentionally disclose Plaintiff's identity without Plaintiff counsel's written consent.

10. Any allegations of abuse or violation of this Order will be considered by the Court for purposes of determining whether sanctions are appropriate, including a contempt of court order or other sanctions as available under the Federal Rules of Civil Procedure or otherwise.

11. This Order is subject to modification by the Court upon application of either party.

**SO ORDERED.**

DATED: October 8, 2020                    s/Gershwin A. Drain_____
                                          DISTRICT COURT JUDGE