UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY, WAYNE STATE UNIVERSITY SCHOOL OF MEDICINE, NIKOLINA CAMAJ, MATT JACKSON, RICHARD S. BAKER, and R. DARIN ELLIS, in their individual and official capacities, jointly and severally,

    Defendants.

Case No: 20-cv-11718

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

---

Mark C. Rossman (P63034)
Jacob M. Campbell (P83900)
ROSSMAN SAXE, P.C.
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI  48084
(248) 385-5481
mark@rossmansaxe.com
jacob@rossmansaxe.com

J. Robert Flores
Attorney for Plaintiff
Seeking EDMI Admission
10410Hampton Road
Fairfax Station, VA  22039
(703) 609-8731
rfloresesq@verizon.net

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
    David A. Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

**<u>DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS WITHOUT PREJUDICE</u>**

## ARGUMENT

In response to Defendants' contention that Plaintiff's Complaint violates Rule 8, Plaintiff now says he will file an amended complaint.[1] Defendants welcome that development and are hopeful that any new complaint reflects a serious effort on Plaintiff's part to comply with Rule 8.

Until then, three responses to Plaintiff's defense of his current Complaint are in order:

*First*, Plaintiff first argues that "[Rule 8] merely provides the floor for what is required to plead legal claims within a Complaint; it does *not* impose a 'short' and 'plain' ceiling that a Plaintiff must adhere to." (Pl's Resp., R. 9, Pg ID 358 (emphasis in original).) This assertion is unaccompanied by any citation to legal authority, and for good reason: it would make a mockery out of Rule 8. If "short and plain" is merely a minimum expectation, then no complaint, no matter how long and complicated, could be struck for violation of Rule 8. That, we know, cannot be true. (*See generally*, Defs' Motion to Dismiss, R. 5, Pg ID 285–98 (citing numerous cases dismissing complaints for violation of Rule 8).)

---

[1] In response to Defendants' separate argument that dismissal is required under Rule 10 because Plaintiff has not sought and received permission to proceed pseudonymously, Plaintiff has also filed a motion, albeit a tardy one, for protective order seeking such permission. (*See* R. 8.) Defendants will respond to that motion separately.

1

*Second*, perhaps recognizing the consequences of his initial proposition, Plaintiff next argues that "short and plain" is a flexible concept that allows variation in length and complexity based on the nature of the case. Defendants agree, *see* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (3d ed.), which is why they identified not one but two complaints brought by similarly situated individuals raising the same claims that are *half* the size and complexity as Plaintiff's. If these plaintiffs are able to plead plausible claims of relief while complying with Rule 8, so can Plaintiff.

The only reason Plaintiff gives for why his case is "not simple" is because "Defendants have opted to hide their disciplinary practices behind a truly opaque covering." (Pl's Resp., R. 9, Pg ID 358.) Ignoring the faulty factual premise, Defendants are at a loss for why this—if true—would justify a 400-plus paragraph complaint. Plaintiff doesn't explain. In truth, Plaintiff's case is straightforward: he was expelled from medical school for professionalism reasons after multiple hearings and an opportunity to appeal. His case is no different, either factually and legally, than countless others brought by university students who contend they were deprived of due process. It does not require hundreds of paragraphs to allege that the process in this case failed to provide Plaintiff adequate notice and an opportunity to be heard before an impartial decision-maker.

Plaintiff also quibbles that Rule 8 requires short and plain "statements," not short and plain "complaints." (Pl's Resp., R. 9, Pg ID 358.) True, but that semantic distinction avoids the substance of Defendants' argument. In fact, it actually proves it: "Plaintiff's Complaint," he goes on to write, "contains many statements which, *if and when teased apart*, are short and plain statements that are succinctly stated." (Pl's Resp., R. 9, Pg ID 358.) That's precisely Defendants' point. As Wright and Miller explain, a statement of a claim that forces the reader "to ferret out the relevant material from a mass of verbiage" violates Rule 8 because it "places an unjustified burden on the district judge and the party who must respond to it." 5 Wright & Miller, *Federal Practice and Procedure* § 1281 (3d ed.). Since, by Plaintiff's own admission, the Complaint must be "teased apart" to even arguably find short and plain statements buried within,[2] it violates the letter and spirit of Rule 8.

*Third*, Plaintiff also suggests that he need not comply with Rule 8 because the Supreme Court in *Twombly* and *Iqbal* said so. (*See* Pl's Resp., R. 9, Pg ID 360, *citing Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).) Not true. "The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*." *Universal Health Grp. v. Allstate Ins. Co.*, No. 09-cv-12524,

---

[2] As set forth in their Motion, Defendants dispute that Plaintiff's allegations are "short and plain" even when "teased apart."

3

2010 WL 2278618, at *3 (E.D. Mich. May 12, 2010), *report and recommendation adopted*, 2010 WL 2287151 (E.D. Mich. June 4, 2010) (Ex. 1). Plaintiff overlooks this authority and instead relies on a non-binding authority from another circuit. (Pl's Resp., R. 9, Pg ID 358–59, *citing Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013).) Even that circuit, however, disagrees with Plaintiff's basic proposition. It has recognized that "the Court in [*Twombly*] made clear that it did not, in fact, supplant the basic notice-pleading standard." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). A "plaintiff still must provide *only* enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. (emphasis added).³ Thus, the choice Plaintiff presents is a false one. A complaint can (and should) state a claim for relief that is plausible on its face while also consisting of short and plain statements.

    In the final analysis, Plaintiff offers no real justification for his complaint under Rule 8. Rule 8's "short and plain" standard cannot be "merely" a "floor," as Plaintiff suggests, since that would transform the rule into a mere suggestion. Nor can Plaintiff blame the length of his complaint on the circumstances of his case or Rule 8's (entirely compatible) pleading requirements. There is nothing unusually complicated about Plaintiff's due process grievances that require over 400

---

³ Driving home the point that *Kadamovas* doesn't support Plaintiff's Rule 8-incompatibility argument, the author of *Kadamovas* was on the panel that decided *Tamayo*.

paragraphs to allege plausible claims for relief. Whatever leeway Rule 8 affords in complying with its "short and plain" standard, Plaintiff's argumentative, tome-like complaint far, far exceeds it.

## CONCLUSION

For these reasons, in the event Plaintiff does not file an amended brief, Defendants ask this Court to dismiss the Complaint without prejudice to filing an amended complaint that complies with Rule 8.  In the event this Court disagrees with Defendants' request for relief, Defendants respectfully request an additional 60 days to answer the Complaint.  *See* Fed. R. Civ. P. 12(a)(4) (requiring a 14-day response "[u]nless the court sets a different time").

        KIENBAUM HARDY VIVIANO
        PELTON & FORREST, P.L.C.

        By:  */s/Elizabeth Hardy*
            Elizabeth Hardy (P37426)
            David A. Porter (P76785)
        Attorneys for Defendants
        280 N. Old Woodward Ave., Suite 400
        Birmingham, MI  48009
        (248) 645-0000
        ehardy@khvpf.com

Dated: October 12, 2020        dporter@khvpf.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 12, 2020 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                          */s/Elizabeth Hardy*
                                          Elizabeth Hardy (P37426)
                                          Kienbaum Hardy Viviano Pelton
                                           & Forrest, P.L.C.
                                          280 N. Old Woodward Avenue, Suite 400
                                          Birmingham, MI  48009
                                          (248) 645-0000
                                          E-mail:  ehardy@khvpf.com

390628