2010 WL 2278618
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

UNIVERSAL HEALTH GROUP, Plaintiff,
v.
ALLSTATE INSURANCE COMPANY, Defendant.

No. 09–12524.
|
May 12, 2010.

*REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO STRIKE OR
FOR MORE DEFINITE STATEMENT (Dkt.31)*

MICHAEL HLUCHANIUK, United States Magistrate Judge.

**I. PROCEDURAL HISTORY AND PARTIES' ARGUMENTS**

\*1 District Judge Victoria A. Roberts issued an order dismissing plaintiff's defamation claim without prejudice and allowing plaintiff to re-file its defamation claim under the following circumstances:

> If Plaintiff intends to re-file its defamation claim with a request for exemplary and punitive damages, on or before November 2, 2009, it must send Allstate another notice to publish a retraction; allow Allstate 30 days to publish a retraction; and re-file its defamation claim by December 3, 2009, if Allstate does not publish a retraction.

(Dkt. 22, Order dated 10/30/09). Plaintiff filed a second amended complaint on December 2, 2009. (Dkt.24). This matter was referred to the undersigned for all pretrial purposes on December 22, 2009. (Dkt.30).

On January 7, 2010, defendant moved to strike plaintiff's second amended complaint or for a more definite statement. (Dkt.31). Plaintiff filed a response on February 11, 2010 and defendant filed a reply on February 26, 2010. (Dkt.41, 45). The Court held a hearing on March 11, 2010. This matter is now ready for report and recommendation

As set forth in detail below, the undersigned **RECOMMENDS** that defendant's motion to strike be **GRANTED** in part and **DENIED** in part.

**II. ANALYSIS AND CONCLUSIONS**

A. *Fraud and New Factual Allegations*
Defendant argues that plaintiff's second amended complaint exceeds the scope of the October 30, 2009 Order because it includes a newly-pleaded fraud claim along with voluminous factual allegations not contained in the first amended complaint. (Dkt.31). Defendant contends that the second amended complaint violates Rule 8(a)'s requirement that a complaint contain a short, plain statement of the claim and Rule 12(f)'s bar on impertinent and scandalous materials.[1] According to defendant, the second amended complaint contains numerous factual allegations that have nothing to do with plaintiff's claims. Plaintiff has agreed to dismiss its fraud claim, but the parties are unable to agree on whether that dismissal should be with or without prejudice. Plaintiff asserts that second amended complaint contains more specific allegations regarding Allstate's bad faith national strategy to target, defame and destroy heath care clinics like plaintiff.

With respect to the fraud claim, plaintiff argued in its opening brief that this claims should be stricken because plaintiff did not have leave of Court and because plaintiff failed to comply with Rule 9(b), which requires a fraud claim to be pleaded with particularity. (Dkt.31). Under these circumstances, where plaintiff has not had any opportunity to amend the fraud claim to comply with Rule 9(b), the undersigned suggests that plaintiff's fraud claim should be dismissed without prejudice. *Yaldu v. Bank of America Corp.,* ––– F.Supp.2d ––––, 2010 WL 123871, \*10 (E.D.Mich.2010) ("[D]ismissal with prejudice on the basis of failure to plead with particularity ordinarily should be done only after the plaintiff has a chance to seek leave to amend the complaint."); *see also Boroff v. Alza Corp.,* 685 F.Supp.2d 704, 2010 WL 395211, \*7 (N.D.Ohio 2010) ("The failure to properly plead fraud is not grounds for dismissal with prejudice," citing, *United States ex rel. Bledsoe v. Cmty. Health Sys.,* 342 F.3d 634, 644 (6th Cir.2003)).

**\*2** As to the host of new factual allegations contained in plaintiff's second amended complaint, the undersigned concludes that plaintiff's inclusion of these additional factual allegations, unrelated to notice and retraction, is improper for two reasons. The first reason is that Judge Robert's October 30, 2009 Order was quite specific in allowing plaintiff to *re-file* its defamation claim after giving defendant the requisite opportunity to retract the allegedly defamatory statements. Nothing in Judge Roberts' order allowed plaintiff to rewrite its entire complaint or change any aspect of it other than those allegations in the defamation claim relating to notice and whether defendant issued any retraction.

The second reason plaintiff's new allegations are improper is because they violate Rule 8(a), which requires a short, plain statement of the claim. "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240–41 (3d ed.2004). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs,* 2009 WL 3200686, \*3 (D.R.I.2009), quoting, *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.,* quoting, *Laurence v. Wall,* 2007 WL 1875794, \*1 (D.R.I.2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.,* quoting, *Laurence,* 2007 WL 1875794 at \*1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in response to all of the allegations in a complaint ..." *Id.,* quoting, *Indiana Regional Council of Carpenters Pension Trust Fund,* 2006 WL 3302642, \*2 (N.D.Ind.2006); *see also Calderon–Garnier v. Sanchez–Ramos,* 439 F.Supp.2d 229 (D.P.R.2006), aff'd, 506 F.3d 22 (1st Cir.2007).

The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal. See e.g. Tamayo v. Blagojevich,* 526 F.3d 1074, 1082–83 (7th Cir.2008) ( "Although *Twombly* retooled federal pleading standards ... and retired the oft-quoted *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) motion to dismiss no set of facts standard, *Twombly* did not supplant the basic notice-pleading standard.") (internal quotation marks omitted); *see also Hensley Manufacturing v. Propride, Inc.,* 579 F.3d 603, 609 (6th Cir.2009). Indeed, a "plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests...." *Tamayo,* 526 F.3d at 1083 (internal quotation marks and citation omitted). *Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625 (6th Cir.2009), quoting, *Ashcroft v. Iqbal,* –––U.S. ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

**\*3** Thus, in the wake of *Twombly/Iqbal,* a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts. *See e.g., Lease v. Fishel,* 2009 WL 922486, \*2 (M.D.Pa.2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail."); *Fritz v. County of Kern,* 2009 WL 382741, \*2 (E.D.Cal.2009) (a "complaint is not a novel—background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). The undersigned suggests that plaintiff's second amended complaint contains far too much detail, extraneous information, and plaintiff's attempt to prove its case through the complaint is not well-taken. By way of example, here is a typical single paragraph contained in plaintiff's second amended complaint:

> McKinsey's name for its new strategy recommended to Allstate was "Claims Core Process Redesign" ("CCPR"). McKinsey taught Allstate the principles of CCPR over the course of many months, through the presentation of approximately 12,500 PowerPoint slides.

As a result of litigation against Allstate and/or McKinsey, the substance of at least some of McKinsey slides have become public information very recently. Other related McKinsey documents/materials requested, which Allstate has either denied the existence of or desperately fought disclosure of in other litigated cases, expand on this vile and predatory claims handling plan/strategy in greater detail. Upon Court order they have been produced in other cases across the country and consequently there no longer exists, if there ever did, a proprietary or confidential nature concerning these documents. Similarly, since Allstate has previously produced these same documents in it's production as required by the courts in other litigation, it cannot now claim to this court that the requests would be overly burdensome or require unreasonable time to produce. While this Second Amended Complaint will refer to the contents of certain slides, these descriptions of the McKinsey slides are based on what limited information is currently publicly available, which, to some extent, may be paraphrasing or approximating the actual slides and by no means is all inclusive. Nonetheless, what is presented below regarding the contents of the McKinsey slides is intended to be representative thereof on a substantive basis.

(Dkt.24, pp. 4–5, ¶ 10). It would be unduly burdensome for defendant to have to parse each sentence—and possibly each clause—of this paragraph in order to determine what to admit, what to deny, and what it can neither admit nor deny. Plaintiff's second amended complaint reads more like a brief than a complaint and the undersigned suggests that it violates the letter and spirit of Rule 8(a)'s requirement of a short, plain statement. Thus, the undersigned recommends that plaintiff's new factual allegations should also be stricken for this reason in addition to the reason that they violate the October 30, 2009 Order.

B. *Defamation*

**\*4** Defendant also argues that the defamation claim, as set forth in the second amended complaint, should be stricken because it fails as a matter of law, based on the lack of specificity and because the communications at issue were privileged. Plaintiff asserts that the second amended complaint contains more specific allegations regarding Allstate's bad faith national strategy to target, defame and destroy heath care clinics like plaintiff and thus, its defamation claim should not be dismissed.

Defendant cites Michigan cases in support of its argument that plaintiff's defamation claim must be stated with specificity. (Dkt. 31, p. 15, n. 5; Dkt. 45, p 10). Defendant does not, however, offer any explanation or support for the implied proposition that the Court should follow state law on what appears to be a purely procedural issue of pleading form. [2] The undersigned concludes that nothing in the Federal Rules suggests that pleading a defamation claim is subject to higher pleading standard than any other claim. *Scheser v. Island Property Management, Inc.,* 2010 WL 1742532, \*1 (W.D.Ky.2010) ("We see no reason to impose a heightened pleading standard. Rule 9(b) demands particularity of complaints alleging fraud or mistake, but neither is alleged here. Consequently, ordinary notice-pleading rules apply."). The *Scheser* court also observed that in light of *Iqbal,* a claim for defamation, like any other claim for relief, must merely " 'state a claim to relief that is plausible on its face,' but no more than that is required simply because the plaintiff has asserted a defamation claim." *Id.* Defendant does not claim that plaintiff's defamation claim fails to satisfy the *Iqbal* [3] standard. Based on the foregoing, the undersigned suggests that defendant's motion to strike the defamation claim should be denied.

Defendant also insists that the Court can, and should, decide, as a matter of law whether the statements alleged in plaintiff's second amended complaint are defamatory and whether it has a conditional privilege to make the alleged statements to its insured. Defendant relies primarily on *Another Step Forward v. State Farm Auto. Ins. Co.,* 2009 WL 879690 (E.D.Mich.2009), which, according to defendant, "held the defamation claim failed as a matter of law—not based on any factual analysis—on the ground that the defendant no-fault insurer's alleged defamatory statement to its insureds regarding why it was not paying the plaintiff's medical charges was privileged." A closer review of this case suggests that the court relied on deposition testimony to reach this conclusion and a finding that the plaintiff had failed to rebut the evidence presented by the defendant. *Another Step Forward,* at \*13. [4] The undersigned suggests that the issues raised by defendant regarding whether the statements at issue are defamatory and defendant's claimed conditional privilege, even if ultimately decided by the court, should be decided based on a factual development of the record and not on the pleadings alone. This is especially important here, where defendant bears the burden of proving qualified privilege. *See Savage v. Lincoln Benefit Life,* 49 F.Supp.2d 536, 542 (E.D.Mich.1999).

### C. *Tortious Interference*

***5** Finally, defendant asserts that plaintiff's tortious interference claim must also fail because plaintiff fails to allege facts showing the existence of any particular valid business relationship or expectancy and because defendant had a legitimate business reason to engage in the conduct about which plaintiff complains. (Dkt.31). Plaintiff asserts that the second amended complaint contains more specific allegations regarding Allstate's bad faith national strategy to target, defame and destroy heath care clinics like plaintiff and thus, the tortious interference claim should not be dismissed.

As with the defamation claim, the undersigned suggests that defendant attempts to hold plaintiff to a pleading standard that is not warranted under the Federal Rules of Civil Procedure. Defendant relies on *Badiee v. Brighton Area Schools,* 265 Mich.App. 343, 366, 695 N.W.2d 521 (2005) for the proposition that tortious interference claim will not lie where a defendant has a legitimate business reason for its actions. In *Badiee,* the court found that the plaintiff had presented insufficient evidence *at trial* to counter the defendant's evidence of a valid business purpose for its actions. *Id.* at 368, 695 N.W.2d 521. Even if the Court were inclined to follow *Badiee* for what appears to be a purely procedural pleading issue, nothing in *Badiee* suggests that the decision reached would be appropriate at the pleading stage. In addition, as with the defamation claim, defendant has not properly asserted that this claim fails to meet the *Twombly/Iqbal* standard for pleading. Based on the foregoing, the undersigned suggests that defendant's motion to strike the tortious interference claims should be denied.

### D. *Motion for More Definite Statement*

In light of the conclusions reached above, which, if adopted by the Court would drastically alter plaintiff's complaint, the undersigned suggests that the Court need not decide the motion for more definite statement.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's motion to strike be **GRANTED** in part and **DENIED** in part and that plaintiff's fraud claim be **DISMISSED** without prejudice. More specifically, the undersigned **RECOMMENDS** that, if this report and recommendation is adopted, plaintiff be permitted **14 days** from the date of adoption to file a third amended complaint that contains no additional or different allegations or claims beyond those alleged in the first amended complaint except for the new allegations regarding the notice and retraction issues for its defamation claim.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir.1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

**\*6** Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2278618

**Footnotes**

1    Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy."

Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D.Mich.1998), quoting, Resolution Trust Corp. v. Vanderweele, 833 F.Supp. 1383, 1387 (N.D.Ind.1993). However, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir.2000); 2 Moore's Federal Practice § 12.37 (3d ed.2002). In this case, however, the undersigned's recommendations as to the portions of plaintiff's second amended complaint that should be stricken are based on Judge Roberts' October 30, 2009 Order and Rule 8(a), rather than Rule 12(f).

2    A handful of cases in this district appear to rely on the "specificity" or "particularity" requirement found in Michigan case law on defamation. For example, in Williams v. Detroit Bd. of Educ., 523 F.Supp.2d 602, 606 (E.D.Mich.2007), the court noted, relying on Royal Palace Homes, Inc. v. Channel 7 of Detroit, 197 Mich.App. 48, 52, 495 N.W.2d 392 (1992), that a plaintiff must plead a defamation claim with specificity and cannot rely on general, conclusory allegations to support a defamation claim, but must specifically identify the statements alleged to be defamatory. However, the court was actually analyzing a motion for summary judgment, not a motion to dismiss. Similarly, in DirecTV v. Cavanaugh, 321 F.Supp.2d 825, 836 (E.D.Mich.2003), the court concluded that the counterclaim for defamation failed for "want of particularity." Again, the court was analyzing a motion for summary judgment, not a motion to dismiss or a motion to strike.

Finally, in Stencel v. Augat Wiring Systems, 173 F.Supp.2d 669 (E.D.Mich.2001), the court noted that a "defamation claim must be pleaded with particularity." While this observation was seemingly made in the context of a motion to dismiss, the court relied on the plaintiff's discovery response to reach the conclusion that her defamation claim was not viable.

3    Defendant raised this issue in the context of its futility argument in its reply brief, but this was not addressed or argued in the initial motion. Thus, the undersigned declines to address the issue, first raised in the reply, and which was not fully brief by the parties. See Lexicon, Inc. v. Safeco Ins. Co. of America, Inc. ., 436 F.3d 662, 676 (6th Cir.2006) (A district court properly declines to consider an issue raised for the first time in a reply brief.), citing, Sundberg v. Keller Ladder, 189 F.Supp.2d 671, 682–83 (E.D.Mich.2002) (Noting, in the context of summary judgment, "it is not the office of a reply brief to raise issues for the first time.") (citation omitted).

4    Specifically, the court in *Another Step Forward* observed: "As shown by Ms. Higginbottom's deposition testimony, the statements appear limited to this purpose, provided on a proper occasion, and made in a proper manner (non-threatening) and to proper parties (to the insureds and/or their guardians). Plaintiffs have not provided this Court with genuine issues of material fact to rebut such a finding."

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works.    5

**2010 WL 2287151**
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

UNIVERSAL HEALTH GROUP, Plaintiff(s),
v.
ALLSTATE INSURANCE COMPANY, Defendant(s).

No. 09–12524.
|
June 4, 2010.

### ORDER ADOPTING REPORT AND RECOMMENDATION

VICTORIA A. ROBERTS, District Judge.

**\*1** On May 12, 2010, Magistrate Judge Michael Hluchaniuk submitted a Report and Recommendation (Doc. # 62) recommending that Defendant's motion to strike Plaintiff's Second Amended Complaint (Doc. # 31) be GRANTED IN PART AND DENIED IN PART.

Because the Court has not received objections from either party within the time frame provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2), the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's fraud claim is **DISMISSED WITHOUT PREJUDICE,** the new allegations in Plaintiff's Second Amended Complaint are **STRICKEN,** Defendant's motion to strike Plaintiff's defamation claim is **DENIED,** and Defendant's motion to strike Plaintiff's tortious interference claim is **DENIED.**

Plaintiff has until **Monday, June 21, 2010** to file a third amended complaint that does not contain allegations or claims beyond those alleged in the First Amended Complaint, with the exception of Plaintiff's new allegations regarding the notice and retraction issues for its defamation claim.

**IT IS ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2287151

---

**End of Document** © 2020 Thomson Reuters. No claim to original U.S. Government Works.