UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No: 20-cv-11718

WAYNE STATE UNIVERSITY, WAYNE　　　Hon. Gershwin A. Drain
STATE UNIVERSITY SCHOOL OF　　　　　Mag. Judge David R. Grand
MEDICINE, NIKOLINA CAMAJ, MATT
JACKSON, RICHARD S. BAKER, and R.
DARIN ELLIS, in their individual and official
capacities, jointly and severally,

    Defendants.
_____/

| | |
|---|---|
| Mark C. Rossman (P63034) | KIENBAUM HARDY VIVIANO |
| Jacob M. Campbell (P83900) | PELTON & FORREST, P.L.C. |
| ROSSMAN SAXE, P.C. | By: Elizabeth Hardy (P37426) |
| Attorneys for Plaintiff |     David A. Porter (P76785) |
| 2145 Crooks Road, Suite 220 | Attorneys for Defendants |
| Troy, MI  48084 | 280 N. Old Woodward Ave., Suite 400 |
| (248) 385-5481 | Birmingham, MI  48009 |
| mark@rossmansaxe.com | (248) 645-0000 |
| jacob@rossmansaxe.com | ehardy@khvpf.com |
| | dporter@khvpf.com |
| J. Robert Flores | |
| Attorney for Plaintiff | |
| Seeking EDMI Admission | |
| 10410Hampton Road | |
| Fairfax Station, VA  22039 | |
| (703) 609-8731 | |
| rfloresesq@verizon.net | |

_____/

**DEFENDANTS' MOTION FOR RECONSIDERATION OF
ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
ANONYMOUSLY ENTERED WITHOUT AN OPPORTUNITY FOR
<u>DEFENDANTS TO RESPOND</u>**

Defendants Wayne State University, Wayne State University School of Medicine, Nikolina Camaj, Matt Jackson, Richard S. Baker, and R. Darin Ellis, move this Court Local Rule 7.1(h) to reconsider its order granting Plaintiff's motion for a protective order to proceed anonymously, which was entered before Defendants had an opportunity to respond under the court rules.  In support, Defendants contend:

1. Plaintiff, a former Wayne State University student, filed a 119-page Complaint against WSU, its medical school, and several of its employees.  The title of the complaint pseudonymously listed Plaintiff as "John Plaintiff."

2. In response, Defendants filed a motion to dismiss Plaintiff's Complaint arguing, in part, that it should be dismissed because it failed to name all parties and Plaintiff failed to request (and obtain) permission from this Court to proceed pseudonymously.  In that motion, Defendants represented that, if Plaintiff sought permission from the Court, they would "contest [the motion] because it is entirely unwarranted" but would "reserve their arguments on the merits of Plaintiff's request until he files an appropriate motion." (Defs' Mot. to Dismiss, R. 5, Pg ID 284 & n.2.)

3. On September 28, 2020, Plaintiff filed a motion for protective order to permit him to proceed anonymously.  (Mot. for Protective Order, R. 8.)  In it, Plaintiff accurately represented to the Court that Defendants did not concur in the relief request (consist with their position in their motion to dismiss). (*Id*. at Pg ID 325.)

4. Under Local Rule 7.1, Defendants were afforded until October 13, 2020 to file a response to Plaintiff's motion.[1] E.D.Mich. LR 7.1(e)(2)(B) (providing a 14-day deadline for responses to non-dispositive motions).

5. Five days before that period expired, on October 8, 2020, while Defendants were in the process of drafting their response to Plaintiffs' motion, this Court entered an order granting Plaintiff's motion. (Order, R. 10.)

6. Defendants' respectfully request this Court reconsider that decision, as it was made without Defendants having had an opportunity to be heard, an elemental requirement of due process. *See, e.g.*, *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999) ("Since the opportunity to respond is deeply embedded in our concept of fair play and substantial justice, making such a ruling [on a motion] *sua sponte* without notice or an opportunity to respond violates the due process rights of the adverse party." (cleaned up)).

7. Under Local Rule 7.1(h), this Court may reconsider prior decisions if the moving party shows "a palpable defect by which the court . . . [has] been misled [and] . . . that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(h)(3).

---

[1] The 14-day deadline, October 12, 2020, falls on a court holiday, making the next business day the filing deadline. *See* Fed. R. Civ. P. 6(a)(6)(A).

8. Defendants respectfully submit that this Court committed a palpable error by deciding Plaintiff's motion before the deadline for filing a response had expired. The court rules afford non-moving parties an opportunity to respond to non-dispositive motion within 14 days. In reliance on that court rule, Defendants prepared a response to be filed on October 13, 2020. Furthermore, Defendants indicated in an earlier court filing that they intended to file a response if Plaintiff moved to proceed anonymously.

9. Under these unique circumstances, it is—or should be—unnecessary to prove that the Court would have decided Plaintiff's motion differently in order to establish Defendants are entitled to reconsideration. After all, Defendants—through no fault of their own—have been deprived of the opportunity to respond in the first instance and the Court has not yet had the benefit of Defendants' input before ruling. Nevertheless, the reasons set forth in Defendants' Response to Plaintiff's Motion for to Proceed Anonymously—which is attached in partially redacted form as Exhibit 1—demonstrate that there is no legal basis to grant Plaintiff's requested protective order.[2] The only privacy interest Plaintiff cites—his interest in preserving the

---

[2] The attached version is partially redacted because it contains facts regarding Plaintiff's status as a "public figure" that may indirectly identify Plaintiff, thus undermining his request to proceed pseudonymously. If the Court vacates its order and allows Defendants to file their response, Defendants will file a motion for leave to file its response under seal so as to preserve the integrity of the Court's decision—something Plaintiff has agreed is warranted under these circumstances.

4

privacy of his educational records under federal law—was waived when he filed this suit. And Plaintiff's concern over potential embarrassment from his own conduct—as opposed to legitimate fears of governmental or public reprisal—is not enough to outweigh the public's interest in transparency. That's especially true here because Plaintiff is a public figure, in whose conduct and character the public has a keen interest.

10. These reasons and those set forth in Exhibit 1 are not the only reasons for denying Plaintiff's motion. As stated in footnote two, there is additional information that this Court should know before ruling, but which Defendants cannot publicly disclose at this time due to an agreement of the parties. Defendants are entitled to submit for the Court's review a complete, unredacted response to Plaintiff's motion, setting forth *all* the reasons Plaintiff's request for anonymity is legally and factually baseless.

11. Defendants sought Plaintiff's concurrence in this relief. Plaintiff's counsel stated that Plaintiff "do[es] not concur in the requested relief, which would vacate the Protective Order as entered, but [he] will not oppose [Defendants'] intended motion for reconsideration filing." (Ex. 2, Concurrence Email Chain Excerpt).

For these reasons, Defendants respectfully request this Court to vacate its October 8th order and allow Defendants to file a complete, unredacted response and,

if necessary, conduct a hearing on Plaintiff's motion before making a decision on this significant issue.

                                              KIENBAUM HARDY VIVIANO
                                              PELTON & FORREST, P.L.C.

                                              By: */s/ Elizabeth Hardy*
                                                    Elizabeth Hardy (P37426)
                                                    David A. Porter (P76785)
                                              Attorneys for Defendants
                                              280 N. Old Woodward Ave., Suite 400
                                              Birmingham, MI  48009
                                              (248) 645-0000
                                              ehardy@khvpf.com
Dated: October 12, 2020           dporter@khvpf.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 12, 2020 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

                                      */s/ Elizabeth Hardy*
                                      Elizabeth Hardy (P37426)
                                      Kienbaum Hardy Viviano Pelton
                                         & Forrest, P.L.C.
                                      280 N. Old Woodward Avenue, Suite 400
                                      Birmingham, MI  48009
                                      (248) 645-0000
                                      E-mail:  ehardy@khvpf.com