UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PLAINTIFF,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY, ET AL.,

    Defendants.

_____/

Case No. 20-cv-11718

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY [#13]

Plaintiff John Plaintiff ("Plaintiff") commenced the instant action against Wayne State University, Wayne State University School of Medicine, Nikolina Camaj, Margit Chadwell, Matt Jackson, Richard S. Baker, and R. Darin Ellis, in their individual and official capacities, jointly and severally (collectively, the "Defendants") on June 26, 2020. *See* ECF No. 1. Plaintiff seeks redress for damages allegedly caused by Defendants' purported unconstitutional and unlawful conduct related to his dismissal from Defendant Wayne State University's School of Medicine.

Presently before the Court is Defendants' Motion for Reconsideration of the Court's Order Granting Plaintiff's Motion to Proceed Anonymously (hereinafter,

"Motion for Reconsideration"). ECF No. 13. The Court previously granted Plaintiff's Motion for Protective Order to Permit Plaintiff to Proceed Anonymously (hereinafter, "Motion for Protective Order"), ECF No. 8, and entered the Protective Order, on October 8, 2020, ECF No. 10. Upon review of Defendants' submission, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve Defendants' Motion for Reconsideration on the relevant brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court will **GRANT** Defendants' Motion for Reconsideration [#13].

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d

636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Here, Defendants argue that the Court committed a palpable error by deciding Plaintiff's Motion for Protective Order, ECF No. 8, before the deadline for filing a response had expired. ECF No. 13, PageID.385. Plaintiff filed his Motion for Protective Order on September 28, 2020. ECF No. 8. In his Motion, Plaintiff asserted that Defendants did not concur in the relief requested. *Id.* at PageID.325. In their present Motion for Reconsideration, Defendants explain that they were afforded until October 13, 2020 to file a response to Plaintiff's Motion for Protective Order. ECF No. 13, PageID.384. However, the Court entered an Order granting Plaintiff's Motion on October 8, 2020. *Id.*

The Court agrees with Defendants that it committed a palpable error by deciding Plaintiff's Motion for Protection Order without affording Defendants the opportunity to be heard. Indeed, the Court mistakenly entered its Order five days prior to the response deadline. Defendants correctly point out that the Local Rules provide non-moving parties an opportunity to respond to non-dispositive motions, like Plaintiff's Motion for Protective Order, within fourteen days. E.D. Mich. L.R. 7.1(e)(2)(B). The Court denotes that Plaintiff indicated he would not oppose Defendants' present Motion, even though he does not concur in the requested relief, which would vacate the Protective Order as entered. ECF No. 13-2, PageID.406.

For the reasons discussed herein, **IT IS ORDERED** that Defendants' Motion for Reconsideration [#13] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order Granting Plaintiff's Motion for Protective Order [#10] is **VACATED**.

**IT IS FURTHER ORDERED** that Defendants file their Response brief to Plaintiff's Motion for Protective Order [#8] no later than Wednesday, October 21, 2020. Plaintiff may file his Reply brief in accordance with the Court's Local Rules.

**IT IS SO ORDERED.**

Dated: October 14, 2020

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 14, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager