UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

    Plaintiff,

v.                                           Case No: 20-cv-11718

WAYNE STATE UNIVERSITY, WAYNE STATE UNIVERSITY SCHOOL OF MEDICINE, NIKOLINA CAMAJ, MATT JACKSON, RICHARD S. BAKER, and R. DARIN ELLIS, in their individual and official capacities, jointly and severally,

    Defendants.

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

Mark C. Rossman (P63034)
Jacob M. Campbell (P83900)
ROSSMAN SAXE, P.C.
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI 48084
(248) 385-5481
mark@rossmansaxe.com
jacob@rossmansaxe.com

J. Robert Flores
Attorney for Plaintiff
Seeking EDMI Admission
10410 Hampton Road
Fairfax Station, VA 22039
(703) 609-8731
rfloresesq@verizon.net

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
    David A. Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (R. 8)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

    I.    Plaintiff identifies no compelling privacy interest that substantially outweighs the strong presumption in favor of open judicial proceedings. ................................................................................2

        A.    Plaintiff's suit against his former educational institution and its private-individual employees weighs against granting pseudonymity. ...........................................................................3

        B.    Plaintiff's suit does not require him to disclose information "of the utmost intimacy." ..............................................................5

        C.    Plaintiff's suit does not compel him to disclose an intent to violate the law or confess a past crime (or anything close to it). ..................................................................................................8

        D.    Plaintiff is not a child. ...................................................................9

        E.    Plaintiff's status as a public figure weighs heavily against granting Plaintiff's motion. ........................................................10

CONCLUSION ........................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Coe v. Cty. of Cook,*
  162 F.3d 491 (7th Cir. 1998) ................................................................................. 7

*D.E. v. John Doe*,
  834 F.3d 723 (6th Cir. 2016) ................................................................................. 7

*Doe #1 v. Sevier Cty., Tennessee*,
  2017 WL 1048378 (E.D. Tenn. Mar. 15, 2017) .................................................... 6

*Doe v. Blue Cross & Blue Shield United of Wisconsin*,
  112 F.3d 869 (7th Cir. 1997) ................................................................................. 2

*Doe v. Frank*,
  951 F.2d 320 (11th Cir. 1992) ........................................................................... 4, 7

*Doe v. JBF RAK LLC*,
  2014 WL 5286512 (D. Nev. Oct. 15, 2014) .......................................................... 9

*Doe v. Megless*,
  654 F.3d 404 (3d Cir. 2011) ................................................................. 4, 8, 9, 11

*Doe v. Merten*,
  219 F.R.D. 387 (E.D. Va. 2004) ............................................................................ 4

*Doe v. Pittsylvania Cty.*,
  844 F. Supp. 2d 724 (W.D. Va. 2012) ................................................................... 4

*Doe v. Porter*,
  370 F.3d 558 (6th Cir. 2004) ........................................................................ *passim*

*Doe v. Stegall,*
  653 F.2d 180 (5th Cir. 1981) ............................................................................ 3, 9

*Doe v. Vill. of Deerfield*,
  819 F.3d 372 (7th Cir. 2016) ................................................................................. 7

*G.E.G. v. Shinseki*,
  2012 WL 381589 (W.D. Mich., Feb. 6, 2012) ....................................................... 6

*Osei v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*,
  2015 WL 12914144 (E.D. Pa. Nov. 10, 2015) .......................................................... 5

*Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*,
  599 F.2d 707 (5th Cir. 1979) ............................................................................ 3, 4, 9

*W.N.J. v. Yocom*,
  257 F.3d 1171 (10th Cir. 2001) .............................................................................. 2

**Other Authorities**

Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be
  Permitted to Keep Their Identities Confidential?*,
  37 Hastings L.J. 1, 19 (1985) ............................................................................... 11

**Rules**

Federal Rule of Civil Procedure 10 ....................................................................... 1, 2

**Regulations**

34 C.F.R. § 99.31 ................................................................................................. 5, 6

## INTRODUCTION

In the American system, judicial proceedings are open to the public and parties litigate in their own name. This fundamental principle of transparency, with its common-law roots and constitutional pedigree, promotes a number of important values, including public scrutiny of the judicial process and the litigants who make use of it.

Today, that principle is codified in, among other places, Federal Rule of Civil Procedure 10, which requires that "[t]he title of the complaint . . . name all of the parties." Plaintiff asks this Court for a reprieve from Rule 10 but offers no justification for the extraordinary relief he seeks, namely, proceeding pseudonymously. The only privacy interest Plaintiff cites—his interest in preserving the privacy of his educational records under federal law—was waived when he filed this suit. Moreover, Plaintiff's concern over potential embarrassment from his own conduct—as opposed to legitimate fears of governmental or public reprisal—is not enough to *substantially* outweigh the public's interest in transparency. That's especially true here because Plaintiff is a public figure, in whose conduct and character the public has a keen interest. For these reasons, Defendants ask this Court to deny Plaintiff's motion for a protective order.

# ARGUMENT

I. **Plaintiff identifies no compelling privacy interest that substantially outweighs the strong presumption in favor of open judicial proceedings.**

The parties agree on the basics. Rule 10(a) requires Plaintiff to litigate in his own name unless he can overcome the strong presumption in favor of open judicial proceedings by showing that his privacy interests "*substantially* outweigh" the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (emphasis added).

That is no easy task. Described by some courts as "an unusual procedure," *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001), and a "rare dispensation," *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014), proceeding by pseudonym in federal court is highly "disfavored," *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). That's because "[t]he public has an interest in knowing the names of the litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Id.*

There is no hard-and-fast test to determine when the scales have tipped far enough to warrant pseudonymity. Instead, courts look to all the circumstances and, in particular, four primary factors:

1. whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
2. whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"

2

3. whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

4. whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (reformatted) (citing *Doe v. Stegall,* 653 F.2d 180, 185–86 (5th Cir. 1981)).

None of these factors weigh in Plaintiff's favor.

### A. Plaintiff's suit against his former educational institution and its private-individual employees weighs against granting pseudonymity.

The first *Doe* factor asks whether Plaintiff is suing to challenge governmental activity. Plaintiff argues the first factor weighs in his favor simply because he is suing Wayne State University, a state institution. (R. 8, Pg ID 335–36.) Not so.

For starters, Plaintiff has not sued just Wayne State University. Plaintiff has also sued several private individuals in their individual capacities, accusing them of violating federal laws. In so doing Plaintiff has threatened to "cause damage to their good names and reputation and may also result in economic harm." *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979). If Plaintiff wishes to publicly accuse private individuals of committing constitutional violations, "basic fairness" dictates that he do so under his real name. Thus, whatever beneficial effect Wayne State University's presence may have for Plaintiff under this factor, the other Defendants' interest in preserving their good names reputations against anonymous accusations weighs heavily against him.

3

Second, even isolating WSU for a moment, case law makes clear that the mere fact that the defendant is a governmental agency does not necessarily tip this factor in Plaintiff's favor.[1] It simply means that, unlike in a suit against a private litigant, there are no countervailing reputational interests to weigh in evaluating the plaintiff's request. *See Wynne & Jaffe,* 599 F.2d at 713 ("[S]uch suits [against government agencies] involve no injury to the Government's 'reputation.' "). In other words, it simply means there is one *less* reason to deny a motion to proceed anonymously. *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). But "[t]he reverse is not necessarily true." *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Indeed, courts have recognized that when defendants are public officials or government bodies the public's interest is "heightened." *Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011); *see also Pub. Citizen*, 749 F.3d at 274 (observing that the public interest in the underlying litigation was "especially compelling" given that the plaintiff "sued a federal agency").

Thus, on balance, this factor weighs against Plaintiff's request for pseudonymity.

---

[1] Indeed, if that were true, then *anyone* who sues a public body would be permitted to proceed anonymously. This is simply not the case. *See Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) ("To grant this factor dispositive effect would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation.").

4

### B. Plaintiff's suit does not require him to disclose information "of the utmost intimacy."

The second *Doe* factor asks whether Plaintiff will have to disclose information "of the utmost intimacy." Plaintiff argues that he will, but he avoids giving any meaningful description of the "intimate" information he'll be required to disclosed. He simply refers to his "personal and confidential educational records." (R. 8, Pg ID 336.) Those, he says, are entitled to privacy protection under federal law and, as a result, this factor weighs in his favor.

There are a number of flaws in Plaintiff's reasoning. First, it fails on its own terms. By filing suit against Wayne State University, Plaintiff has already consented to the disclosure of his educational records. *See* 34 C.F.R. § 99.31(a)(9)(iii)(B);[2] *see also Osei v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, No. 10-cv-2042, 2015 WL 12914144, at *1 (E.D. Pa. Nov. 10, 2015) (rejecting the identical contention that "public access to the record" violated the plaintiff's rights under the Family Educational Rights and Privacy Act of 1974 because the defendant educational institution was authorized to disclose his disciplinary record, citing

---

[2] This regulation states, in relevant part: "An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure meets one or more of the following conditions: . . . If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself."

5

§ 99.31); *Doe #1 v. Sevier Cty., Tennessee*, No. 17-cv-41, 2017 WL 1048378, at *3 (E.D. Tenn. Mar. 15, 2017) (noting that § 99.31(a)(9)(iii)(b) "potentially—if not likely—extinguish[es] [a plaintiff's] privacy rights in [educational] records").

Moreover, to the extent there are lingering privacy interests in the information contained in Plaintiff's records, it's a logical fallacy to contend, as Plaintiff does, that he will be forced to publicize private information in order to bring suit. There are a number of less-restrictive alternatives available to appropriately protect private information short of proceeding pseudonymously. Those include protective orders governing discovery and redacting protected information in public filings. *See, e.g.*, *Yaldo v Wayne State University et al.*, No. 15-cv-13388-GAD, Stip. Protective Order, R. 53, Pg ID 1109–15 (E.D. Mich.) (filed June 6, 2016).[3]

Second, and perhaps more to the point, the privacy concerns that Plaintiff alleges are nowhere close to the kind of sensitive information or socially stigmatizing circumstances that justify pseudonymity. *Cf. G.E.G. v. Shinseki*, No. 10-cv-1124, 2012 WL 381589, at *2 (W.D. Mich., Feb. 6, 2012) (observing that "matters of a sensitive and highly personal nature" are matters "such as birth

---

[3] Plaintiff cites *Roe v. Adams-Gaston*, No. 17-cv-00945, R. 13, Pg. ID 116–17 (S.D. Ohio), in support of his educational-records argument. But the motion to proceed anonymously in *Roe* was unopposed, and the movant (like Plaintiff here) overlooked 34 C.F.R. § 99.31(a)(9)(iii)(B). *See Roe v. Adams-Gaston*, No. 17-cv-00945, R. 4, Pg. 101–103 (S.D. Ohio). This Court, with the benefit of adversarial presentation, can avoid the same mistake made in *Roe*.

control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families"). Contrary to Plaintiff's repeated and misleading suggestions, this case is not about sexual harassment or sexual assault, and no such allegation served as a basis for Plaintiff's dismissal. It therefore shares none of the special privacy interests that have justified anonymity in similar cases.

At most, Plaintiff is concerned about being embarrassed by his own unprofessional conduct. That is never enough to allow a plaintiff to proceed anonymously. *See Frank*, 951 F.2d at 324 ("The risk that a plaintiff may suffer some embarrassment is not enough."); *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (embarrassment of past criminal behavior insufficient basis for anonymity); *Coe v. Cty. of Cook,* 162 F.3d 491, 498 (7th Cir. 1998) (embarrassment of past "immoral or irresponsible" behavior insufficient basis for anonymity); *see also D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) ("As for potential negative scrutiny from future employers, [the plaintiff] "forfeited his ability to keep secret his actions . . . when he sued [the defendants].").

Plaintiff's rationale on this point is also illogical. Plaintiff seeks anonymity in order to keep other medical schools and future employers from knowing about this dark chapter in his past. But Plaintiff will be required to disclose and explain his dismissal from medical school to these entities, regardless of his anonymity in this case. Granting Plaintiff anonymity solely because there is a chance Plaintiff's

dismissal will be revoked amounts to a pre-determination that Plaintiff was improperly dismissed—one that is entirely unnecessary since any decision requiring Defendants to revoke his dismissal will *necessarily* publicly vindicate Plaintiff. *See Megless*, 654 F.3d at 410 ("Litigating publicly will not contribute further to the harm that he alleges has already occurred.").

### C. Plaintiff's suit does not compel him to disclose an intent to violate the law or confess a past crime (or anything close to it).

The third *Doe* factor asks whether the litigation compels Plaintiff to disclose an intention to violate the law or to confess a past crime. Plaintiff admits that he will not have to do that. But, he says, that is not fatal under this factor because his Complaint "invite[s] an opprobrium analogous to the infamy associated with criminal behavior." (R. 8, Pg ID 338 (quoting *Porter*, 370 F.3d at 560).) By that he means that his expulsion for a "behavioral offense" (whatever that means) will cause others to think that he was dismissed for committing a significant sexual offense. That's absurd. There is nothing about this case that will require Plaintiff to experience the kind of "infamy associated with criminal behavior" if he litigates in his name. No one has suggested that Plaintiff committed a sexual offense, and his contention that others will draw the inference is baseless conjecture.

Plaintiff relatedly suggests that identifying himself will "likely subject him to considerable harassment and harm even if he is successful." (R. 8, Pg ID 337.) But, unlike other plaintiffs who have successfully marshalled this factor in support of

8

anonymity, *see e.g., Wynne & Jaffe*, 599 F.2d at 712–13, Plaintiff offers no evidence to support his assertion. *Cf. Doe v. JBF RAK LLC*, No. 14-cv-00979, 2014 WL 5286512, at *5 (D. Nev. Oct. 15, 2014) ("Courts are arguably more likely to permit a plaintiff to proceed anonymously if the motion is supported by testimony from a psychologist, psychiatrist or other mental health professional that plaintiff will suffer additional mental trauma if her identity is publicly disclosed."). The best he can do is cite wholly inapplicable policy changes made by the Department of Education regarding higher education disciplinary procedures that prompted "vehement disagreement" and "threats of multiple lawsuits." (R. 8, Pg ID 337–38.)  Those are not the kind of "threats" that this *Doe* factor is meant to protect against. *See Stegall*, 653 F.2d at 186 ("The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity.").

In fact, Plaintiff's evidence actually *undercuts* his claim because it highlights the fact that Plaintiff's case raises matters worthy of public scrutiny and debate.  In any event, "litigating publicly will afford [him] the opportunity to clear his name in the community. Litigating publicly will not contribute further to the harm that he alleges has already occurred." *Megless*, 654 F.3d at 410.

### D. Plaintiff is not a child.

The last *Doe* factor asks if Plaintiff is a child. He is not.

That should be the end of the discussion on this factor. Undeterred, Plaintiff insists that "other considerations related to this factor," namely his status as a "young professional," nevertheless tip this factor in his favor. (R. 8, Pg ID 339.) But that "related consideration" is not at all related to the fundamental reason children are accorded special treatment—youth. Plaintiff is a twenty-eight-year-old adult man, capable of making his own choices and accepting their consequences. Ironically, Plaintiff simultaneously addresses the impact that this case may have him on as a professional physician who, by the nature of the career, is seeking to have the lives of others in his hands. In no sense can this factor support Plaintiff.

### E. Plaintiff's status as a public figure weighs heavily against granting Plaintiff's motion.

Defendants agree that the *Doe* factors are not the end-all be-all on the question of proceeding pseudonymously, though their research has found no case granting a plaintiff's motion to proceed anonymously when—as here—*none* of the primary factors are met. Nevertheless, none of the additional "practical considerations" Plaintiff offers overcome the presumption of open judicial proceedings.

Beyond that, there is one critical consideration, not mentioned above, that weighs heavily against granting Plaintiff's motion: Plaintiff's status as a public figure, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10

That matters. As many courts have recognized, one factor disfavoring anonymity is "whether, because of the subject matter of this litigation, *the status of the litigant as a public figure*, or otherwise, *there is a particularly strong interest in knowing the litigant's identities*, beyond the public's interest which is normally obtained." *Megless*, 654 F.3d at 409 (emphasis added); *see also* Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants Be Permitted to Keep Their Identities Confidential?*, 37 Hastings L.J. 1, 19 (1985) ("[W]hen a litigant is a public figure, the public and press may be particularly inclined to scrutinize the participants' conduct, with a salutary effect upon their performances. That extra measure of community scrutiny will be absent so long as the identity and notoriety of the litigant are shielded by a pseudonym.").



## CONCLUSION

For these reasons, Defendants ask this Court to deny Plaintiff's motion for a protective order to permit Plaintiff to proceed anonymously.

|  | Respectfully submitted, |
|---|---|
|  | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
|  | By: */s/Elizabeth P. Hardy*<br>ELIZABETH P. HARDY (P37426)<br>DAVID PORTER (P76785)<br>Kienbaum Hardy Viviano Pelton<br> & Forrest, P.L.C.<br>Attorneys for Defendant Kienbaum<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com |
| Dated:  October 21, 2020 | dporter@khvpf.com |

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on October 21, 2020, the foregoing document and this Certificate of Service was filed under seal via the Court's electronic filing system and served upon all counsel of record in this matter via electronic mail and U.S. Mail upon:

Mark C. Rossman
Jacob M. Campbell
ROSSMAN SAXE, P.C.
2145 Crooks Road, Suite 220
Troy, MI  48084
mark@rossmansaxe.com
jacob@rossmansaxe.com

J. Robert Flores
10410Hampton Road
Fairfax Station, VA  22039
rfloresesq@verizon.net

I declare the above statements to be true to the best of my information, knowledge and belief.

              By: <u>*/s/Elizabeth P. Hardy*</u>
              ELIZABETH P. HARDY (P37426)
              Kienbaum Hardy Viviano Pelton
               & Forrest, P.L.C.
              Attorneys for Defendant Kienbaum
              280 N. Old Woodward Ave., Suite 400
              Birmingham, MI  48009
              (248) 645-0000
              ehardy@khvpf.com

390732