# EXHIBIT 1

## Redacted Version of Document to Be Sealed

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JOHN PLAINTIFF, an individual,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERSITY SCHOOL OF
MEDICINE, NIKOLINA CAMAJ, MARGIT
CHADWELL, MATT JACKSON, RICHARD
S. BAKER, and R. DARIN ELLIS,
in their individual and official capacities,
jointly and severally,

    Defendants.

Case No. 2:20-cv-11718
Hon. Gershwin A. Drain
Mag. Judge David R. Grand

---

**PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF HIS MOTION FOR PROTECTIVE ORDER
<u>TO PERMIT PLAINTIFF TO PROCEED ANONYMOUSLY</u>**

# ARGUMENT

**1.      Defendants' delay in acting undermines their claim of speculative harm.**

Plaintiff filed his Complaint in this matter on June 26, 2020. On August 5, 2019, counsel for Plaintiff served Defendant Wayne State University's ("WSU") Office of the General Counsel with a spoliation notice. (**Exhibit 1**, *Spoliation Notice*). In that same letter, Plaintiff also requested that Defendant WSU conduct an investigation about the apparent violation of Plaintiff's rights under the Family Educational Rights and Privacy Act ("FERPA"), as rumors were already circulating at the WSU School of Medicine ("WSUSOM") regarding Plaintiff, which included information that was arguably protected under FERPA and defamatory. Thus, although WSU was put on notice that litigation was contemplated on August 5, 2019, and the instant complaint was filed on June 26, 2020 naming Plaintiff anonymously and Defendants institutionally and individually by name, Counsel took no action to seek a protective order on behalf of its clients for almost four months.

Indeed, the specter raised by Defendants that being sued in their individual capacity will "cause damage to their good names and reputation and may also result in economic harm" is not borne out. *See* Defendants' Response to Plaintiff's Motion for Protective Order. (ECF No. 16-3, PageID.429). In the nearly four months that the Complaint naming Defendants individually has been available to the public, Defendants have not suffered any harm and they have not offered any evidence that

the mere existence of the suit against the university and its administrators is likely to do so. Defendants do not claim that they have suffered as Plaintiff has already, from rumor and innuendo surrounding his departure from WSUSOM, which, contrary to Defendants' assertions, is supportable with evidence.[1] Defendants do not allege that they have been denied job opportunities as has Plaintiff. Finally, Defendants do not claim that they have been denied a position or been refused employment as a result of having third parties or prospective employers reject them because of an unexplained gap in education or work history as has Plaintiff.

Defendants go on to argue that "basic fairness" dictates that Plaintiff must publicly identify himself if he is going to publicly accuse private individuals of committing constitutional violations. First, Plaintiff notes that such a dictum is not found in the law, or else Defendants would have surely cited to precedent. (ECF No. 16-3, PageID.429). Unremarkably, Defendants, in their apparent effort to increase the pain threshold for Plaintiff, totally ignore the fact that they have been sued in both their individual and official capacity. (ECF No. 1, PageID.1). And because such an argument would be clearly unsustainable, they cannot argue that being named in their official position, would expose them to the type of social, economic, and professional opprobrium that Plaintiff will suffer if forced to proceed by name.

**2.     Disclosure under FERPA is to the Court, not the Public, and Plaintiff has absolutely not abandoned his rights under FERPA by bringing suit.**

---

[1] E.g. a text message to Plaintiff, stating "I heard a rumor that you have sexual assault charges."

Federal statutory and case law make it clear that FERPA protects "'education records' as well as personally identifiable information from improper disclosure." *See Doe v. Sevier County*, 2017 WL 1026491 (E.D. Tenn. March 15, 2017). This protection is based on a recognition that "Congress holds student privacy interests in … high regard." *Id*. at 8 (quoting from *United States v. Miami University*, 294 F.3d 797, 807 (6th Cir. 2002)). Defendants seek to convince this Court that Plaintiff has already been stripped of his rights to protect his educational records because WSU believes them "necessary to defend itself." (ECF No. 16-3, PageID.431, fn. 2). On the contrary, Defendant WSU must demonstrate that the "student's education records … are relevant for the educational agency or institution to defend itself." *Id.* Defendants ran what amounted to a "star-chamber" type proceeding against Plaintiff. As a result, Plaintiff remains unaware of what information Defendants have collected, created, or amassed before, during, and after their improper investigation process.

First, Plaintiff does not concede that Defendants may disclose Plaintiff's entire educational record to defend itself. Second, separate and apart from proceeding pseudonymously, Plaintiff may properly seek protective orders for information from the education records, including personally identifiable information without minimizing the need to proceed anonymously. Third, notwithstanding that Defendants' citation to the regulations pertaining to disclosure

3

of educational records, 34 C.F.R. §99.31(a)(9)(iii)(B) permits an "educational agency or institution [to] disclose to the court, … the student's education records that are relevant for the educational agency or institution to defend itself." Defendants argue without citation that disclosure to the Court is the same as disclosure to the public. Defendants' arguments relating to FERPA turn the statute on its head and into an additional justification to ensure that both the educational records and their owner are exposed publicly.

**3.     This case involves serious allegations that go far beyond simple embarrassment or economic harm for Plaintiff.**

This case raises issues so serious that they resulted in the expulsion of WSUSOM's then second year class president, former student representative to the University's Board of Governors and former WSU Student Body President, who was about to complete his second year of medical school, and by all accounts was a strong academic performer. Because the best that Plaintiff can achieve in this case, even with a full victory, is partial relief, because no one can return to him the lost years of schooling, undo his humiliation and emotional distress, fully cleanse his professional reputation and allow him to recover lost income what Defendants have done has and will have a life changing impact on Plaintiff.

In the hopes of further harming Plaintiff, Defendants now put forth a completely different case than the one that actually exists; one that does not raise "the kind of sensitive information or socially stigmatizing circumstances that justify

4

pseudonymity." (ECF No. 16-3, PageID.432). Suddenly, "[t]his case is not about sexual harassment or sexual assault…." *Id.* at 433. Instead, the case is *only* about "unprofessional conduct." *Id.* Were Defendants accurate, then there would be no justification for the imposition of the most severe sanction a University can impose—expulsion, or to have denied him due process in order to safeguard the delicate sensitivities that they stereotypically assumed were necessary in order to protect the female complainant against Plaintiff.

### 4. Defendants' assertions do not constitute findings of fact and are wholly inadequate to support Defendants' response.

Plaintiff's Complaint has proffered substantial facts documenting the serious treatment given to the allegations brought against him by the complainant, Jane Roe, the complete denial of due process, and the injuries and harms caused by Defendants. In fact, the Defendants have moved this Court for a dismissal without prejudice to avoid having to address the detailed Complaint. (ECF No. 5). In contrast, Defendants now offer their characterization of this case as involving only unprofessional conduct, albeit unprofessional conduct that they found without benefit of having extended to Plaintiff the due process rights to which he was entitled where expulsion was a clear possibility. This sudden characterization is not a fact, it is not supported by an offer of proof, and is not supported by the punishment imposed.

Finally, without saying so, Defendants offer an argument in the alternative that is stunning in its audacity. Defendants argue out of the other side of their mouths

5

that the expulsion and its justification are so bad as to haunt Plaintiff, even if he wins so that naming him really does not add too much more damage. Defendants characterize Plaintiff's actions as constituting a "dark chapter" that will forever be in his past. (ECF No. 16-3, PageID.433). Defendants go on and list the damage mere identification with the alleged misbehavior will have. Defendants state, "Plaintiff will be required to disclose and explain his dismissal from medical school to these entities, [other] [medical] [schools] [and] [future] [employers], regardless of his anonymity in this case." *Id.* Unfortunately, Defendants are correct, even a victory will not undo the entirety of Defendants' damage, but it does not follow that exposing him to further harm is appropriate because Defendants admit that they have already inflicted great harm.

5. **Plaintiff and Defendants' relative positions are so different as to justify Plaintiff's continued use of a pseudonym during this litigation.**

Defendants, as university officials, are in the position of regularly participating in policing and enforcing discipline among their students. And as university officials they are regularly in the position of having their decisions publicly reviewed and criticized. Moreover, litigation is a distinct possibility as university officials. Defendants make no offer of proof in support of their position that it is unfair to treat the Parties differently. As Defendants are publicly identified with WSU and WSUSOM it is not unexpected or immediately obvious that Defendants will experience any harm simply from being named in the complaint.

6

**6.     Plaintiff's status as a "public official" does not require identification.**

██████████ Importantly, this case is not about Plaintiff's conduct, but about Defendants' failure to provide due process, among other constitutional requirements. Plaintiff believes that the public's interest in Plaintiff's alleged conduct is *de minimis* and does not require disclosure. Yet, Defendants press this issue, knowing that making him bring this suit in his name will immediately harm Plaintiff, making employment during the course of this case difficult and threatening his ability to continue this case. Defendants know this because they have access to his financial aid information. In pressing for every advantage Defendants continue their efforts to deny Plaintiff his rights as they did in denying him due process.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter a Protective Order, allowing Plaintiff to proceed in this litigation anonymously and to prevent disclosure of his name, and his accuser's name, as provided for therein.

Dated: October 28, 2020            Respectfully submitted by:

                                                       **ROSSMAN, P.C.**

By:    /s/ Mark C. Rossman
        Mark C. Rossman (P63034)
        Jacob M. Campbell (P83900)
        2145 Crooks Road, Suite 220
        Troy, Michigan 48084
        Telephone: 248.385.5481
        Facsimile: 248.480.4936
        mark@rossmanpc.com
        jacob@rossmanpc.com
        *Attorneys for Plaintiff*

# EXHIBIT 1

# J. Robert Flores, Esq.

August 5, 2019                                                                                       By Email Only

Mr. Louis Lessem
Vice President and General Counsel
Wayne State University
4324 faculty Administration Building
656 W. Kirby Ave.
Detroit, Michigan 48202

      Re:    Violation of the Family Educational Rights and Privacy Act rights of ▮▮▮▮▮▮▮▮; Notice to Prevent Spoliation of Evidence

Dear Mr. Lessem:

I represent ▮▮▮▮▮▮▮▮, an accomplished alumnus and former medical student of Wayne State University. On February 27, 2019, ▮▮▮▮▮▮ was improperly dismissed from the Medical School. I have been retained to represent ▮▮▮▮ on this matter. Until this week, it was my hope that we would be able to conduct discussions on this matter without collateral pressures or actions by Wayne State that cause further harm to my client. Unfortunately, in the last few days, I have learned that there are now rumors about my client's dismissal that defame him. Based on my review of the situation, it appears that information protected by the Family Educational Rights and Privacy Act (FERPA) may have been improperly disclosed. Accordingly, I am writing to you to investigate the matter of the improper disclosure of protected information, take the necessary steps to stop any further defamatory actions, and ensure that no further actions are taken to harm my client while we work to resolve the universe of legal issues that now exist.

I am aware that the senior leadership of the University is currently engaged in litigation between different factions of the Board. Moreover, that the situation has attracted media attention. As a former federal and state prosecutor I know that these pressures and circumstances sometimes result in witnesses and others with a responsibility to protect records to take unwise steps—steps that they do not fully appreciate and destroy or remove documents and evidence. Since we intend to proceed with litigation if a mutually agreeable solution cannot be reached, in an abundance of caution, this letter serves as our *Notice to Prevent the Spoliation of Evidence.* Accordingly, please take all necessary steps to:

- confirm that a complete and accurate copy of all of the data that refers to or pertains to ▮▮▮▮▮, including his service as a Student Representative to the Board of will be maintained and produced without alteration throughout the course of any litigation that may ensue;

▮ Spoliation Ltr. to WSU         10410 Hampton Road         Page 1 of 2
Fairfax Station, Virginia 22039
703-609-8731 RFloresesq@

# J. Robert Flores, Esq.

- issue and confirm that you have issued a litigation hold / spoliation of evidence notice to the Wayne State University School of Medicine; the School of Medicine's Professionalism Committee, Wayne State University School of Medicine Promotions Committee, Wayne State University School of Medicine Student Senate; Wayne State University Board, including *ex officio* and student members of the Board of Governors, the Office of the Dean of the School of Medicine, and all other Deans and Offices that were involved in the decision to dismiss ▇▇▇ or provide information regarding his dismissal—whether or not you believe that such disclosure was warranted; and,
- direct any and all other individuals whom you have been advising and to anyone, working at their direction or on their behalf instructing them to preserve all potential evidence and not to delete or alter any documents, data, or other information in light of the present dispute and your threatened litigation.

It is unfortunate that someone or some group of individuals has embarked on an effort to defame my client. Ordinarily, it is always my practice to reach out to opposing counsel and attempt to resolve disputes in a quiet and non-confrontational way. The defamation issue complicates an already difficult situation where my client's professional future has been placed in jeopardy and has pre-empted my usual process. Though I assume that you and your Office were not involved in creating this situation or exacerbating it by falsely maligning my client, it is always the case that Counsel for opposing parties must now step in quickly to minimize the harm and work out a solution.

I will be contacting your office on Wednesday, August 7, 2019 to discuss this matter further. Please notify me of the name and contact information for the Assistant General Counsel that you have assigned to handle this matter.

Until then, I remain,

Sincerely yours,

J. Robert Flores, Esq.
Virginia Bar No. 42080