UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PLAINTIFF,

    Plaintiff,

    v.

WAYNE STATE UNIVERSITY, ET AL.,

    Defendants.

Case No. 20-cv-11718

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE [#5]; AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PERMITT PLAINTIFF TO PROCEED ANONYMOUSLY [#8]

### I. INTRODUCTION

Plaintiff John Plaintiff ("Plaintiff") brings suit against Wayne State University, Wayne State University School of Medicine, Nikolina Camaj, Margit Chadwell, Matt Jackson, Richard S. Baker, and R. Darin Ellis, in their individual and official capacities, jointly and severally (collectively, the "Defendants") on June 26, 2020. *See* ECF No. 1. Plaintiff seeks redress for damages allegedly caused by Defendants' purported unconstitutional and unlawful conduct related to his dismissal from Defendant Wayne State University's School of Medicine.

Presently before the Court are Defendants' Motion to Dismiss Without Prejudice and Plaintiff's Motion for Protective Order to Permit Plaintiff to Proceed

Anonymously. ECF Nos. 5, 8. Both Motions are fully briefed. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the parties' Motions on the relevant briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will **GRANT** Defendants' Motion to Dismiss Without Prejudice [#5]. The Court will also **DENY** Plaintiff's Motion for Protective Order to Permit Plaintiff to Proceed Anonymously [#8].

## II. BACKGROUND

This action stems from Plaintiff's expulsion from Defendant Wayne State University's School of Medicine. He claims that Defendants "deprived [him] of his right to due process, violated Title IX, denied [him] of the Constitution's guarantee of equal protection, and inflicted severe emotional distress upon [him]." ECF No. 8, PageID.331. Plaintiff avers that Defendants' purported unlawful actions prevent him from pursuing his medical career. ECF No. 1, PageID.5.

Plaintiff first met with Defendant Camaj on November 30, 2018 for a fact-finding conference regarding the underlying incident. ECF No. 8, PageID.332. This matter was then forwarded to Defendant Chadwell, the School of Medicine's Dean of Student Affairs and Career Development, and eventually to the School of Medicine's Professionalism Committee. *Id.* Plaintiff then met with Defendant Jackson, the Professionalism Committee's chairman, on January 25, 2019. *Id.* He

then testified before the Professional Committee on February 7, 2019. *Id.* Plaintiff avers that he was not allowed to be present for his accuser's testimony and "was not provided an opportunity to ask questions or submit areas for inquiry." *Id.* On February 27, 2019, the Promotions Committee issued a letter to Plaintiff informing him that they decided to dismiss him from the School of Medicine. *Id.* at PageID.334. Plaintiff met with the Promotions Committee chairman on March 6, 2019, and he subsequently appealed their decision.

Throughout this process, Plaintiff claims that he never received "any information that provided him with evidence, the equivalent of a bill of particulars, or any information regarding how and on what basis the Defendants' decisions were made or based." *Id.* at PageID.334–35. On June 26, 2020, Plaintiff filed his present Complaint alleging claims under 42 U.S.C. § 1983 (Count I), Title IX (Count II), the Equal Protection Clause of the Fourteenth Amendment (Count III), and the Michigan Constitution for violation of his due process rights (Count V), as well as state law claims for promissory estoppel and reliance (Count IV) and intentional infliction of emotional distress (Count VI). *See* ECF No. 1.

Defendants now move to dismiss Plaintiff's Complaint without prejudice. ECF No. 5. Defendants first argue that the Court lacks jurisdiction over this case because Plaintiff failed to seek permission to proceed pseudonymously as required under Federal Rule of Civil Procedure 10(a). *Id.* at PageID.283. Alternatively,

Defendants assert that the Court should dismiss the Complaint because it violates the letter and spirit of Federal Rule of Civil Procedure 8. *Id.* at PageID.285.

On September 29, 2020, Plaintiff filed a Response to Defendants' Motion. ECF No. 9. Notably, Plaintiff also filed a Motion for Protective Order to Permit Plaintiff to Proceed Anonymously one day earlier. ECF No. 8. In his Response to Defendants' Motion, Plaintiff admitted that his Complaint is "undeniably lengthy," but argued that it does not violate the letter or spirit of Rule 8. *Id.* at PageID.360. He also asserted that his recent Motion moots Defendants' first argument pursuant to Rule 10. *Id.* at PageID.356. Defendants filed a timely Reply on October 12, 2020. ECF No. 12.

As stated *supra*, Plaintiff filed a Motion for Protective Order to Permit Plaintiff to Proceed Anonymously (hereinafter, "Motion for Protective Order") separately and subsequent to Defendants' Motion to Dismiss. ECF No. 8. Plaintiff argues that his privacy interests substantially outweigh the presumption of open judicial proceedings. *Id.* at PageID.335. He explains that he "seeks to avoid the embarrassment associated with the baseless accusations lodged against him[.]" *Id.* at PageID.331. Plaintiff also claims that he has reason to believe that "even more baseless information may be revealed to the public that would impact his good name and identity." *Id.* at PageID.332.

Defendants filed a Response on October 21, 2020. ECF No. 17. They claim that Plaintiff waived his "only privacy interest"—preserving the privacy of education records under federal law—when he filed the present lawsuit. *Id.* at PageID.451. Defendants also argue that Plaintiff's "concern over potential embarrassment from his own conduct" is not enough to substantially outweigh the public's interest in transparent judicial proceedings. *Id.* Plaintiff timely filed a Reply on October 28, 2020. ECF No. 19.

### III. LAW & ANALYSIS

**A. Defendants' Motion to Dismiss (ECF No. 5)**

As an initial matter, the Court will address Defendants' first argument: that Plaintiff's Complaint should be dismissed for lack of jurisdiction. ECF No. 5, PageID.283. Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The Sixth Circuit has held that a plaintiff's failure to seek permission to proceed under a pseudonym is fatal to his or her case because "federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) (citation omitted).

At the time of Defendants' filing, Plaintiff had not yet moved this Court to proceed anonymously. Prior to filing his Response to the present Motion, however, Plaintiff filed his Motion for Protective Order. ECF No. 8. Defendants explained

-5-

in their Reply to their present Motion that they would respond to Plaintiff's separate Motion, therefore mooting their first argument that dismissal is required under Rule 10. ECF No. 12, PageID.370. Accordingly, the Court will only address Defendant's second argument, that Plaintiff's Complaint should be dismissed without prejudice for failing to comply with Federal Rule of Civil Procedure 8, in its analysis below.

### 1. Legal Standard

Federal Rule of Civil Procedure 8 governs the general pleading standard. Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1217 at 240–41 (3d ed. 2004). As a circuit court explained,

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because "[u]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (internal citations omitted).

This principle is especially significant in light of a defendant's responsive obligations pursuant to Rule 8(b). Under this rule, a defendant must either (1) admit an allegation, (2) deny an allegation, or (3) assert a lack of information or sufficient knowledge to form a belief as to the allegation's truth. Fed. R. Civ. P. 8(b)(1)(B), (b)(5).

When a complaint fails to comply with Rule 8's requirements, the district court can strike improper sections of the complaint, *see* Fed. R Civ. P. 12(f), or it can dismiss the complaint, *see Schied v. Daughtrey*, No. 08-cv-14944, 2008 WL 5422680 (E.D. Mich. Dec. 29, 2008) (dismissing complaint without prejudice for violating Rule 8); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283 (E.D. Tenn. 1966); *see also Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995). "[I]f the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Simmons*, 49 F.3d at 86–87; *see also* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1281 at 366–67 (1969).

### 2. Analysis

Defendants argue that Plaintiff's Complaint is neither plain nor short and thus does not comply with Rule 8. ECF No. 5, PageID.287. They also emphasize the prejudicial consequences they face in responding to the Complaint. *Id.* at PageID.296. "Requiring Defendants to respond to a complaint this far out of

compliance with Rule 8 would be patently unfair and upend the foundational premise of Rule 8 and the litigation process." *Id.* at PageID.298. In his Response, Plaintiff emphasizes that his case is complex and that his Complaint accordingly is fact intensive with numerous claims against numerous parties. ECF No. 9, PageID.358. He also argues that his Complaint "puts Defendants on notice of the claims against them[.]" *Id.* at PageID.359.

Upon review of the Complaint and the parties' arguments, the Court agrees with Defendants that Plaintiff's Complaint violates Rule 8. The Complaint spans 119 pages and contains over 400 paragraphs. Importantly, the paragraphs often blend factual and legal assertions. Such complex pleadings directly conflict with Rule 8's requirement of directness and clarity. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

First, the Court finds that Plaintiff's Complaint, in its present form, is not "plain." To reiterate, a party's statement of the claim should be plain in order to give the opposing party "fair notice" to answer and prepare for trial. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's Complaint significantly exceeds what is necessary to provide Defendants notice of the numerous claims. Indeed, rather than providing clear and concise averments, the Complaint contains lengthy and complicated paragraphs. For example, in the "Nature of this Action" section, Plaintiff includes a paragraph that spans over two pages and includes a lengthy

footnote. ECF No. 1, PageID.6–7, ¶ 14. Defendants assert that this paragraph, without including the footnote, yields ten separate assertions. ECF No. 5, PageID.289.

The Court also takes notice of several paragraphs included in the "Factual Allegations Common to All Claims" section. ECF No. 1, PageID.10–12. In this section, Plaintiff includes several paragraphs concerning policies under the Obama Administration's Department of Education. These paragraphs also discuss Sixth Circuit precedent. *Id.* at PageID.11–12, ¶ 25–27. Moreover, the Court denotes that Plaintiff includes allegations concerning the details of Wayne State University's Code of Conduct over numerous pages. *Id.* at PageID.28–42. While the Court agrees with Plaintiff that there is no "bright-line rule" providing the length of a complaint, ECF No. 9, PageID.358, the Court finds that such prolix evidentiary averments more than complicate the requirement to put Defendants on notice of the specific claims against them.

Second, the Court concludes that the Complaint is not "short." As explained above, the Complaint includes over 400 paragraphs and spans over 119 pages, without including exhibits. While the Court does not dispute that Plaintiff's Complaint "contains numerous claims against numerous parties," ECF No. 9, PageID.358, the Court takes issue with the multiple paragraphs which incorporate multiple factual allegations. Such complex averments place a significant burden on

Defendants, who must respond according to Rule 8(b). The Complaint presently requires Defendants to parse through lengthy paragraphs, which include several factual and legal assertions, in order to determine what to admit, deny, and what they can neither admit nor deny. Such a task would be unduly burdensome for Defendants. *See Univ. Health Grp. v. Allstate Ins. Co.*, No. 09-12524, 2010 WL 2278618, at *3 (E.D. Mich. May 12, 2010), *report and recommendation adopted*, 2010 WL 2287151 (E.D. Mich. June 4, 2010).

Additionally, the Complaint places a burden on the Court. Other courts have denoted that a prolix, confusing, and redundant complaint can complicate a court's ability to conduct pretrial discovery and formulate pretrial orders. *See Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 776 (7th Cir. 1994) (collecting cases). Upon careful review of Plaintiff's filing, the Court concludes that the Complaint may prevent it from conducting orderly litigation as the matter progresses.

As a final matter, the Court emphasizes that a complaint must still comply with Rule 8(a) following the plausibility standards set forth in *Twombly* and *Iqbal*. "The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*." *Univ. Health Grp.*, 2010 WL 2278618, at *2 (citations omitted). The primary purpose of Rule 8, even with the pleading standards provided in *Twombly* and *Iqbal*, is rooted in fair notice. A complaint must therefore "state a claim to relief that is plausible on

its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), while also containing "short and plain" statements, Fed. R. Civ. P. 8(a)(1).

In sum, the Complaint in its present form fails to comply with Rule 8's "short and plain statement" requirement. Accordingly, the Court will grant Defendants' Motion and permit Plaintiff to file an Amended Complaint.

### B. Plaintiff's Motion for Protective Order

#### 1. Legal Standard

Federal Rule of Civil Procedure 10(a) mandates that a complaint include the names of all parties. Fed. R. Civ. P. 10(a). In certain limited circumstances, however, a court may excuse a party from identifying himself. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "[P]rivacy in one's identity in a public forum—such as a federal court—is the exception, not the rule." *Does v. Shalushi*, No. 10-11837, 2010 WL 3037789, at *1 (E.D. Mich. Jul. 30, 2010). The Sixth Circuit has held that a party's request to proceed anonymously requires a court to weigh "[s]everal considerations [to] determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. Such considerations include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citation omitted).

### 2. Analysis

Plaintiff argues that he satisfies each of the factors set forth in *Doe v. Porter* in order to proceed anonymously. First, Plaintiff argues that his case involves a challenge to governmental activity, as "Defendants, and their agents … are state actors of a public institution and university." ECF No. 8, PageID.336. Plaintiff cites to the Sixth Circuit's decision in *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015) for the proposition that Defendant Wayne State University is an "arm of the State of Michigan" and therefore a state actor. *Id.* Defendants emphasize, however, that this fact does not necessarily tip in Plaintiff's favor. ECF No. 17, PageID.454. They also highlight how Plaintiff has not only sued Wayne State University, but also several private individuals in their individual capacities for their alleged violations of federal laws. *Id.* at PageID.453.

By bringing this action against Defendant Wayne State University, it is clear that Plaintiff is challenging governmental activity. The Court acknowledges Defendants' argument that Plaintiff also brings his action against five other individuals in their official and individual capacities. However, other courts with this District have declined to rule against a plaintiff for this distinction. *See, e.g.*, *Doe 1 v. Mich. Dep't of Corr.*, No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) (finding that plaintiffs "undoubtedly challeng[ed] governmental

-12-

activity" in their suit against the Michigan Department of Corrections and several private defendants in their individual and official capacities). The Court likewise agrees that Plaintiff here challenges governmental activity by bringing this action against Wayne State University.[1] Accordingly, the Court finds that this first factor weighs in Plaintiff's favor.

Second, Plaintiff argues that he will be required to disclose information "of the utmost intimacy," including personal and confidential education records. ECF No. 8, PageID.337. He cites to *Roe v. Adams-Gaston*, No. 17-cv-00945, 2017 U.S. Dist. LEXIS 181930 (S.D. Ohio Nov. 2, 2017), a case that, unlike here, involved an unopposed motion for leave to proceed anonymously, to support his argument for this second *Porter* factor. The Court takes notice of Defendants' argument that Plaintiff has already consented to the disclosure of his educational records. ECF No. 17, PageID.455. Indeed, § 99.31 of FERPA explains that "[i]f a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." 34 C.F.R. § 99.31(a)(9)(iii)(B). The Court

---

[1] The Court denotes, however, that the subject of this action heightens the public's interest in light of Defendants' roles as public officials and government bodies. *See Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011). This finding does not complicate the Court's conclusion that Plaintiff is challenging governmental activity against a governmental entity.

questions Plaintiff's privacy concerns in light of this exception. Moreover, the Court emphasizes that Plaintiff can move for protective orders and other remedies throughout the course of discovery to protect such information from being disclosed to the public.

While the Court takes seriously Plaintiff's concerns for future employment, and his desire to avoid embarrassment associated with the underlying action, it does not find that the prosecution of this suit will compel him to disclose information "of the utmost intimacy." The Court presumes that Plaintiff considered the possible disclosure of underlying facts before filing his Complaint. *See D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (adopting the district court's recognition of plaintiff's forfeiture of ability to keep his underling actions secret in filing his action). In sum, the second *Porter* factor weighs against Plaintiff.

Third, Plaintiff argues that this litigation "invites an opprobrium analogous to the infamy associated with criminal behavior." ECF No. 8, PageID.337. He explains that if he is forced to identify himself to the public as having been expelled from medical school for a "behavioral offense," "there is a substantial likelihood that a significant portion of the public, another medical school, or future employer will see his expulsion as tantamount to an admission that Plaintiff must have committed a significant sexual offense[.]" *Id.* at PageID.338. Plaintiff thus contends that this third factor weighs "heavily" in his favor. *Id.* at PageID.339.

Defendants contest this argument, arguing that "[t]here is nothing about this case that will require Plaintiff to experience the kind of 'infamy associated with criminal behavior' if he litigates in his name." ECF No. 17, PageID.458. Upon careful review of the Complaint in its present form, the Court agrees. To reiterate, the third factor set forth in *Porter* concerns "whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Court does not find that the threat of harassment, without more, is enough to satisfy this threshold. In *Porter*, the Sixth Circuit cited to a sister circuit decision, *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) for the proposition that a plaintiff can satisfy the third factor even if he or she does not confess to illegal acts or purposes. *Id.* at 560. The court in *Stegall* emphasized that the plaintiffs were at risk of experiencing "threats of violence" for their actions involving daily religious observances should they have proceeded without anonymity. 653 F.2d at 186. Plaintiff here does not aver that he may experience threats of violence. Rather, he focuses on potential harm to his professional reputation. *See* ECF No. 19, PageID.486. The Court declines to extend the third *Porter* factor to such circumstances. *Cf. Doe 1 v. Mich. Dep't of Corr.*, No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. 2014) (concluding that discovery in the matter could have revealed the "extraordinary means" which plaintiffs used to

protect themselves, thus resulting in potential exposure to punishment from prison authorities). Accordingly, the third *Porter* factor also weighs against Plaintiff.

Fourth, Plaintiff emphasizes that he is a young adult with a career and professional future ahead of him. ECF No. 8, PageID.339. In addressing the fourth factor, Plaintiff argues that if he is not able to proceed anonymously, and if he is successful in his suit, "his reputation and his future are significantly harmed." *Id.* The Court finds, however, that the fourth factor is inapplicable here. Indeed, Plaintiff's status as "young adult" or "young professional" is not equivalent to a plaintiff who is a child seeking to proceed anonymously. *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (concluding that the "very young children" who brought the case should be granted a "heightened protection"); *Doe v. City of Detroit*, No. 18-cv-11295. 2018 WL 3434345, at *1 (E.D. Mich. Jul. 17, 2018) (finding the fourth factor inapplicable since the plaintiff was not a child). Accordingly, the fourth *Porter* factor also weighs against Plaintiff.

Finally, Plaintiff contends that there are other considerations which favor his request to proceed anonymously. ECF No. 8, PageID.339. The parties agree that the Court can look to additional considerations beyond the aforementioned *Porter* factors. Indeed, other courts have considered whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff proceeding anonymously. *Doe v. City of Detroit*, No. 18-cv-11295, 2018

WL 3434345, at *1 (E.D. Mich. Jul. 17, 2018); *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("We advance no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings.").

In his Motion, Plaintiff asserts that Defendants would not be prejudiced by the use of a pseudonym. ECF No. 8, PageID.340. Moreover, Plaintiff argues that the public "will not be harmed utilizing this narrowly tailored privacy mechanism." *Id.* He also emphasizes that Defendant Wayne State University's administrative and disciplinary processes are governed by the Family Educational Rights and Privacy Act ("FERPA") and are thus confidential and anonymous. *Id.* at PageID.341. Lastly, Plaintiff refutes Defendants' claim that this action is a "strategic effort … to make bombastic and legally irrelevant assertions while avoiding the public scrutiny that comes with their rebuttal." *Id.*

Defendants assert that none of these additional considerations overcome the presumption of open judicial proceedings. ECF No. 17, PageID.461. They also emphasize that Plaintiff cannot meet a majority of the four *Porter* factors. *Id.* Moreover, Defendants argue that Plaintiff's status as a public figure matters to the Court's analysis. *Id.* at PageID.460–61. In his Reply, Plaintiff argues that the public's interest in his alleged conduct is *de minimis* and therefore does not require

disclosure. ECF No. 19, PageID.489. Other courts have specifically considered the status of a litigant seeking to proceed anonymously as a public figure. *See, e.g.*, *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011). The Court agrees that the public's interest, which already favors open judicial proceedings, is heightened when public officials and government bodies are involved. Plaintiff's status as a public figure is therefore another factor which disfavors anonymity.

As a final matter, the Court finds that Plaintiff's asserted additional considerations, ECF No. 8, PageID.339–40, are not enough to overcome the presumption of open judicial proceedings. To reiterate, Plaintiff was unable to meet three of the four *Porter* factors and is a public figure. Upon weighing the aforementioned factors and considerations, the Court does not find that Plaintiff's interest in anonymity satisfies the heavy burden he must carry to avoid the standard obligation to identify himself.

Accordingly, the Court will deny Plaintiff's Motion. Plaintiff must therefore identify himself by name upon amending his Complaint in this matter.

### IV. CONCLUSION

For the reasons discussed herein, **IT IS ORDERED** that Defendants' Motion to Dismiss Without Prejudice [#5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order to Permit Plaintiff to Proceed Anonymously [#8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint that identifies himself by name within twenty-one days of the entry of this Order.

**IT IS SO ORDERED.**

Dated: January 25, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 25, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager