UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANTHONY EID, an individual,

     Plaintiff,

v.

WAYNE STATE UNIVERSITY, et al.,

     Defendants.

Case No: 20-cv-11718

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

_____/

Mark C. Rossman (P63034)
Jacob M. Campbell (P83900)
ROSSMAN, P.C.
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI  48084
(248) 385-5481
mark@rossmanpc.com
jacob@rossmanpc.com

J. Robert Flores
Attorney for Plaintiff
10410 Hampton Road
Fairfax Station, VA  22039
(703) 609-8731
rfloresesq@verizon.net

Elizabeth Hardy (P37426)
David Porter (P76785)
KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

_____/

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Wayne State University, Wayne State University School of Medicine,[1] Nikolina Camaj, Matt Jackson, Richard S. Baker, and R. Darin Ellis, by and through their attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., in answer to Plaintiff's First Amended Complaint state as follows:

## I.   THE PARTIES

1.     Defendants are without knowledge or information sufficient to admit or deny Plaintiff's current residence and therefore deny the same. Defendants deny the remaining allegations and inferences in Paragraph 1, except to admit that Plaintiff attended Wayne State University, obtained bachelor's and master's degrees, and completed his first year at Wayne State University School of Medicine.

2.     Defendants deny the allegation that Plaintiff was unlawfully terminated from Wayne State University's School of Medicine. Defendants admit only that Plaintiff was a second-year medical student and class president when he was dismissed from the School of Medicine. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 and therefore deny the same.

3.     Defendants deny the allegations in Paragraph 3.

---

[1] This Answer and Affirmative Defenses is filed on behalf of all Defendants. However, "Wayne State University School of Medicine" is not a separate legal or corporate entity but is merely a part of the University and is therefore not properly listed as a separate defendant.

4.      Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and therefore deny the same.

5.      Defendants admit the allegations in Paragraph 5.

6.      Defendants admit the allegations in Paragraph 6.

7.      Defendants admit that Defendant Camaj was Associate Director and Student Conduct Officer in the Office of the WSU Dean of Students from July 2018 through the duration of the time period relevant to this Amended Complaint. Defendants deny the allegations in Paragraph 7 to the extent that any events pertinent to this Amended Complaint occurred prior to July 2018.

8.      Defendants deny the allegations and inferences in Paragraph 8, except to admit that Margit Chadwell was Associate Dean of Student Affairs and Career Development at Wayne State University's School of Medicine.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in Paragraph 11.

## II.    THE NATURE OF THIS ACTION

12.     The allegations in Paragraph 12 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 12 intends to allege that Defendants violated Plaintiff's rights under the U.S. Constitution, Michigan Constitution, Title IX, or Wayne State University policies

3

and guidelines, and otherwise caused Plaintiff to suffer damages, Defendants deny the allegations.

## III.   JURISDICTION AND VENUE

13.   Paragraph 13 contains allegations of jurisdiction and conclusions of law to which no answer is required.

14.   Paragraph 14 contains allegations of jurisdiction to which no answer is required.

15.   Paragraph 15 contains allegations of venue to which no answer is required.

## IV.   FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16.   Defendants are without knowledge or information sufficient to admit or deny Plaintiff's academic major at the time of matriculation and therefore denies the same. Defendants deny the remainder of the allegations and inferences in Paragraph 16, except to admit that Plaintiff matriculated at Wayne State University in 2010.

17.   Defendants admit the allegations in Paragraph 17.

18.   Defendants are without knowledge or information sufficient to admit or deny the allegation in Paragraph 18 relating to Plaintiff's GPA, but admit that Plaintiff obtained a master's degree from Wayne State University in Medical Science in 2017.

4

19.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 and therefore deny the same.

20.     Defendants are without knowledge or information sufficient to admit or deny the allegation that Plaintiff has spent in excess of $225,000 on his educational program and therefore deny the same. The remainder of the allegations in Paragraph 20 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 20 intends to allege that Plaintiff has a constitutionally protected property interest in his education program or that Defendants deprived him of due process, Defendants deny the allegation.

21.     The allegations in Paragraph 21 state conclusions of law and not averments of fact for which an answer is required, but insofar as an answer may be deemed to be required, Defendants deny the allegations and inferences in Paragraph 21.

22.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 22 and therefore deny the same.

23.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 23 and therefore deny the same.

24.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 and therefore deny the same.

25.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 25 and therefore deny the same.

26.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 26 and therefore deny the same.

27.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 27 and therefore deny the same.

28.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 and therefore deny the same.

29.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 and therefore deny the same.

30.     Defendants admit the allegation in Paragraph 30 that Plaintiff matriculated into Wayne State University School of Medicine in Fall 2017 and was the School of Medicine Class of 2021 President. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 30 and therefore deny the same.

31.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 31 and therefore deny the same.

32.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 32 and therefore deny the same.

33.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and therefore deny the same.

34.     In answer to Paragraph 34, Defendants admit that Roe filed an online complaint dated October 29, 2018, alleging harassing cyber-stalking conduct by Plaintiff.

35.     Defendant Camaj admits the allegations in Paragraph 35. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 35 and therefore deny the same.

36.     Defendant Camaj admits the allegations in Paragraph 36. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 36 and therefore deny the same.

37.     Defendant Camaj denies the allegations and inferences in Paragraph 37. Answering further, Plaintiff confirmed to Defendant Camaj that he sent the texts in question.   The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 and therefore deny the same.

38.     Defendant Camaj denies the allegations and inferences in Paragraph 38, except to admit only that she did not record the call referenced in Paragraph 38. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 and therefore deny the same.

39.     Defendants admit the allegations in Paragraph 39.

40.     Defendant Camaj denies the allegation in Paragraph 40 that she did not corroborate Roe's statements. Answering further, Defendant Camaj admits that she did not identify the Colorado police department to which Roe made a report or obtain a copy of Roe's police report, but denies the allegations and inferences in Paragraph 40 insofar as they allege and/or imply that Camaj was obligated to do so under the facts and circumstances of this case. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 and therefore deny the same.

41.     Defendant Camaj is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 because it is ambiguous and misleading and therefore not susceptible to answer. Answering further, Defendant Camaj admits only that Roe confirmed the accuracy of the statements in her online complaint during their call. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 and therefore deny the same.

42.     Defendant Camaj denies the allegations and inferences in Paragraph 42 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to obtain the email in question. The remaining Defendants

are without knowledge or information sufficient to admit or deny the allegations in Paragraph 42 and therefore deny the same.

43.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 43 because the reference to "additional allegations made by Roe concerning Plaintiff" is vague and ambiguous and therefore deny the same. Answering further, Defendants Camaj denies the allegations and inferences in Paragraph 43 insofar as they allege and/or imply that Camaj failed to collect relevant evidence.

44.    Defendant Camaj denies the allegations and inferences in Paragraph 44. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 44 and therefore deny the same.

45.    Defendants deny the allegations and inferences in Paragraph 45.

46.    Defendants deny the allegations and inferences in Paragraph 46 because the notice provisions in the Student Code of Conduct do not apply to the School of Medicine's professionalism hearing process.

47.    Defendants deny the allegations and inferences in Paragraph 47, except to admit that Camaj wrote a letter to Plaintiff dated November 27, 2018.  The letter speaks for itself.

48.    Defendants deny the allegations and inferences in Paragraph 48 because the notice provisions in the Student Code of Conduct do not apply to the School of Medicine's professionalism hearing process.

49.    Defendants deny the allegations and inferences in Paragraph 49 insofar as they allege and/or imply that the notice provisions in the Student Code of Conduct apply to the School of Medicine's professionalism hearing process or that due process requires providing additional information.  Defendants further deny that Plaintiff's due process rights were violated.  Answering further, Defendants state that Camaj's November 27, 2018 letter stated: "I am inviting you to join me, Nikolina Camaj, Associate Director & Student Conduct Officer, in a Fact-Finding Conference on Friday, November 30, 2018 at 12:00pm in Dean of Students Office, Office 301."

50.    Defendants deny the allegations and inferences in Paragraph 50 insofar as they allege and/or imply that the notice provisions in the Student Code of Conduct apply to the School of Medicine's professionalism hearing process. Answering further, Defendants admit that Plaintiff emailed Camaj on November 29, 2018. The email speaks for itself.

51.    Defendants deny the allegations and inferences in Paragraph 51 insofar as they allege and/or imply that the notice provisions in the Student Code of Conduct apply to the School of Medicine's professionalism hearing process. Answering

10

further, Defendants admit only that Plaintiff's November 29, 2018 email to Camaj states, "I am still wondering what the fact-finding conference scheduled for tomorrow is regarding. I am unaware of any charges [sic, that] are currently pending against me. Are there any current charges? Or is the purpose of this meeting to determine if charges will be filed? The letter I was sent only said that my behavior 'may' be in violation of the code of conduct, not that there are currently pending charges against me."

52.    Defendant Camaj denies the allegations and inferences in Paragraph 52. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 52 and therefore deny the same.

53.    Defendants deny the allegations and inferences in Paragraph 53, except to admit that Camaj completed her report on December 4, 2018 and provided it to Dr. Chadwell.

54.    Defendants deny the allegation and inference in Paragraph 54 that Camaj's investigatory work and report was "a sham." Answering further, Defendant Camaj denies the remaining allegations and inferences in Paragraph 54 insofar as they allege and/or imply that she was obligated under the facts and circumstance of this case to make further inquiry into Plaintiff's rationale for his conduct, particularly given the information she had already received from Plaintiff on that very issue. Defendant Camaj further states that she understood Plaintiff's position and

11

accurately conveyed it in her report. The remaining Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 54 and therefore deny the same.

55.     Defendants are without knowledge or information sufficient to admit or deny the allegation in Paragraph 55 that Roe filed a police report with the WSU police department and therefore deny the same. Answering further, Defendant Camaj denies the allegations and inferences contained in Paragraph 55 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to obtain Roe's Colorado police report. The remaining Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 55 and therefore deny the same.

56.     Defendant Camaj denies the allegations and inferences in Paragraph 56 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to interview other students or friends of Plaintiff. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 56 and therefore deny the same.

57.     Defendant Camaj denies the allegations and inferences in Paragraph 57 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to obtain expert assistance. The remaining Defendants are

without knowledge or information sufficient to admit or deny the allegations in Paragraph 57 and therefore deny the same.

58.    Defendant Camaj denies the allegations and inferences in Paragraph 58 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to identify the person associated with the telephone number in question. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 58 and therefore deny the same.

59.    Defendant Camaj denies the allegations and inferences in Paragraph 59 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to investigate Plaintiff's "Cloud storage" records. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 59 and therefore deny the same.

60.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 60 because the allegation is incoherent and thus not reasonably susceptible to an answer. Answering further, Defendants Camaj denies the allegations and inferences in Paragraph 60 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to make findings regarding "jurisdiction." Answering further, Defendants state that the School of Medicine's Professionalism and Promotions Committees have authority

13

to investigate and address all professionalism concerns pertaining to medical students.

61.     Defendant Camaj denies the allegations and inferences in Paragraph 61 insofar as they allege and/or imply that Camaj was obligated under the facts and circumstances of this case to obtain Roe's banking records. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 61 and therefore deny the same.

62.     Defendant Camaj denies the allegations and inferences in Paragraph 62. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 62 and therefore deny the same.

63.     Defendant Camaj denies the allegations and inferences in Paragraph 63. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations and inferences in Paragraph 63 and therefore deny the same.

64.     Defendant Camaj denies the allegations and inferences in Paragraph 64. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations and inferences in Paragraph 64 and therefore deny the same.

65.     Defendants deny the allegations and inferences in Paragraph 65 insofar as they allege and/or imply that the hearing provisions in the Student Code of Conduct apply to the School of Medicine's professionalism hearing process. Answering further, Defendant Camaj denies the remaining allegations and

inferences in Paragraph 65. The remaining Defendants are without knowledge or information sufficient to admit or deny those remaining allegations and therefore deny the same.

66.     Defendant Camaj denies the allegations and inferences in Paragraph 66. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 66 and therefore deny the same.

67.     Defendant Camaj denies the allegations and inferences in Paragraph 67. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 67 and therefore deny the same.

68.     Defendant Camaj denies the allegations and inferences in Paragraph 68. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 68 and therefore deny the same.

69.     Defendant Camaj denies the allegations and inferences in Paragraph 69. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 69 and therefore deny the same.

70.     Defendant Camaj denies the allegations and inferences in Paragraph 70. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 70 and therefore deny the same.

71.     Defendants deny the allegations and inferences in Paragraph 71, except to admit that Camaj completed the Camaj Report on December 4, 2018.

72.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 72 and therefore deny the same.

73.     Defendant Jackson admits the allegation in Paragraph 73 that he met with Plaintiff on or about January 25, 2019. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 73 and therefore deny the same.

74.     Defendant Jackson admits the allegation in Paragraph 74 that he met with Plaintiff to review materials provided to the Professionalism Committee for use at Plaintiff's Professionalism Committee hearing. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 74 and therefore deny the same.

75.     Dr. Jackson admits the allegation in Paragraph 75 that once a student is referred to the Promotions Committee, dismissal is always an option. Defendant Jackson denies the remaining allegations in the manner and form alleged. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 75 and therefore deny the same.

76.     Defendant Jackson is without knowledge or information sufficient to admit or deny the allegation in Paragraph 76 that Plaintiff asked about the possibility of dismissal. Answering further, Jackson denies the remaining and allegations and inferences in Paragraph 76. The remaining Defendants are without knowledge or

information sufficient to admit or deny the allegations in Paragraph 76 and therefore deny the same.

77.    Defendant Jackson is without knowledge or information sufficient to admit or deny the allegations in Paragraph 77 and therefore denies the same. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 77 and therefore deny the same.

78.    Defendant Jackson is without knowledge or information sufficient to admit or deny the allegation in Paragraph 78 that Plaintiff asked about hiring an attorney. Answering further, Jackson denies the allegations that he told Plaintiff that the did not need to hire an attorney at that time or discouraged Plaintiff in any way from retaining an attorney. Jackson states that all students appearing before the Professionalism Committee are told that they may bring a support person, but that person cannot speak at the hearing.  Jackson denies that this makes the hiring of an attorney "not useful." The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 78 and therefore deny the same.

79.    Defendant Jackson is without knowledge or information sufficient to admit or deny the allegations in Paragraph 79 because it is incoherent and not susceptible to answer.  Answering further, Defendant Jackson states that Plaintiff was allowed to review the materials submitted to the Professionalism Committee for

use at Plaintiff's Professionalism Committee hearing but not allowed to remove those materials from the premises. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 79 and therefore deny the same.

80.     Defendants admit the allegations in Paragraph 80.

81.     Defendant Jackson denies the allegations in Paragraph 81 in the manner and form alleged. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 81and therefore deny the same.

82.     Defendants are without knowledge or information sufficient to admit or deny the allegation and inferences in Paragraph 82 because "institutional entity," "any action," and "status of a medical student" are vague and ambiguous and therefore deny the same. Answering further, Defendants state that the charge and role of the School of Medicine's Professionalism Committee is set forth in Sections 2 and 3 of the Professionalism Committee's Bylaws.

83.     Defendants deny the allegations and inferences in Paragraph 83 insofar as it asserts that the Professionalism Committee "has not established its own due process procedures." Answering further, Defendants state that the Professionalism Committee has elected to "conform to the due process procedures of the Code and

the guidelines for implementing the Student Code of Conduct as adopted by the School of Medicine."

84.    Defendant Jackson denies the allegations and inferences in Paragraph 84. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 84 and therefore deny the same.

85.    Defendants are without knowledge or information sufficient to admit or deny the allegation and inferences in Paragraph 85 because it is incoherent and not susceptible to answer and therefore deny the same. Answering further, Defendants deny the allegations and inferences in Paragraph 85 insofar as they allege and/or imply that the Professionalism Committee had an obligation to inform Plaintiff about uncalled witnesses.

86.    Defendants deny the allegations and inferences in Paragraph 86.

87.    Defendant Jackson denies the allegations and inferences in Paragraph 87 insofar as they allege and/or imply that Plaintiff was entitled to hear Roe's testimony. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 87 and therefore deny the same.

88.    Defendant Jackson denies the allegations and inferences in Paragraph 88 insofar as they allege and/or imply that Plaintiff was entitled to "a summary of the testimony expected or taken by the Committee of a transcript or recording of the

testimony." The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 88 and therefore deny the same.

89. Defendant Jackson denies the allegations and inferences in Paragraph 89 insofar as they allege and/or imply that Plaintiff was entitled to submit questions for the Professionalism Committee to ask of other witnesses. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 89 and therefore deny the same.

90. Defendant Jackson denies the allegations and inferences in Paragraph 90 insofar as they allege and/or imply that Plaintiff was entitled to record the Professionalism Committee hearing. Answering further, Dr. Jackson states that students are permitted to take notes during the hearings and therefore denies that Plaintiff was not allowed to document the proceedings. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 90 and therefore deny the same.

91. Defendants deny the allegations and inference in Paragraph 91.

92. Defendant Jackson denies the allegations and inferences in Paragraph 92 insofar as they allege and/or imply that Plaintiff was entitled to specific factual findings regarding evidence presented during the Professionalism Committee

hearing. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 92 and therefore deny the same.

93.     Defendants admit the allegations in Paragraph 93.

94.     Defendants deny the allegations and inferences in Paragraph 94.

95.     Defendant Jackson denies the allegations and inferences in Paragraph 95. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 95 and therefore deny the same.

96.     Defendant Jackson denies the allegations and inferences in Paragraph 96 insofar as they allege and/or imply that Plaintiff was entitled to cross examine witnesses during the Professionalism Committee hearing. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 96 and therefore deny the same.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 97 because the term "record" is vague and ambiguous in this context and therefore deny the same. Defendants further aver that Plaintiff was provided a chance to review the materials submitted to the Professionalism Committee, as well as additional materials received before the Promotions Committee hearing.

98.     Defendant Jackson denies the allegations and inferences in Paragraph 98 insofar as they allege and/or imply that Plaintiff was entitled to an explanation of

the basis for the Professionalism Committee's decision beyond what was provided to him in the Committee's February 11, 2019 letter, which stated that "[t]he professionalism committee expressed an opinion that you have demonstrated a pattern of harassment and misrepresentation that is not consistent with the values and attributes that are the core professionalism standards for Wayne State University School of Medicine: professional responsibility, competence and self-improvement, respect for others and for professional relationships, honesty including academic integrity, personal responsibility, and social responsibility." (bulleted list reformatted). The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 98 and therefore deny the same.

99.   Defendants admit the allegations in Paragraph 99.

100.   Defendants admit the allegations in Paragraph 100.

101.   Defendants Baker, Jackson, and Chadwell deny the allegations and inferences in Paragraph 101.  The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 101 and therefore deny the same.

102.   Defendants deny the allegations and inference in Paragraph 102.

103.   In answer to Paragraph 103, Defendant Baker admits only that Plaintiff submitted a statement to the Promotions Committee pursuant to § 5.2 of the hearing

rules that summarized the information he wished the Promotions Committee to consider. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 103 and therefore deny the same.

104.    Defendants deny the allegations and inferences in Paragraph 104.

105.    Defendants deny the allegations and inferences in Paragraph 105.

106.    Defendants deny the allegations and inferences in Paragraph 106. Answering further, Defendants state that § 5.2 of the Promotions Committee hearing rules inform all students, including Plaintiff, that "[i]n the process of making decisions regarding students, the Promotions Committee considers the student's entire academic record to date, which includes: pre-entry data and medical school transcript information; performance data from the current academic year; and information regarding any student issues which appear to have impaired academic or professional performance." (bulleted formatting removed).

107.    Defendants, Baker, Jackson, and Chadwell admit that Plaintiff was not asked questions about his academic record and progress during the hearings because such issues were not the impetus for the committees' inquiry. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 107 and therefore deny the same.

108. Defendants Baker, Jackson, and Chadwell deny the allegations in Paragraph 108 that the Promotions Committee failed to conduct a searching inquiry of Roe's account and accepted it at face value. Defendant Baker further denies the allegations and inferences in Paragraph 108 insofar as they allege and/or imply that the Promotions Committee based its inquiry solely on the Camaj Report and that the Camaj Report had "virtually no corroborating evidence in support of Roe's complaint." The remaining Defendants are without knowledge or information sufficient to admit or deny the previously mentioned allegations in Paragraph 108 and therefore deny the same. Answering further, the remaining Defendants deny that the Camaj Report had virtually no corroborating evidence.

109. Defendants Baker, Jackson, and Chadwell deny the allegations and inferences in Paragraph 109. Answering further, Defendants state that a profile of the student's academic record is automatically included in the Promotions packet for Committee review. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 109 and therefore deny the same.

110. Defendants are without knowledge or information sufficient to admit or deny the allegations and inferences in Paragraph 110 because the term "accusations" is vague and ambiguous in this context and therefore deny the same. Answering further, Defendants Baker, Jackson, and Chadwell deny the remaining

allegations and inferences in Paragraph 110. The remaining Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 110 and therefore deny the same.

111.   Defendants deny the allegations and inferences in Paragraph 111.

112.   Defendants are without knowledge or information sufficient to admit or deny the allegation in Paragraph 112 regarding Plaintiff's subjective understanding and awareness and therefore deny the same. Defendants otherwise deny the allegations and inferences in Paragraph 112.

113.   Defendants deny the allegations and inferences in Paragraph 113. Answering further, Defendants state that § 5.2 of the Promotions Committee hearing rules inform all students, including Plaintiff, that "[i]n the process of making decisions regarding students, the Promotions Committee considers the student's entire academic record to date, which includes: pre-entry data and medical school transcript information; performance data from the current academic year; and information regarding any student issues which appear to have impaired academic or professional performance." (bulleted formatting removed).

114.   Defendants deny the allegations and inferences in Paragraph 114.

115.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 115 and therefore deny the same.

116.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 116 and therefore deny the same.

117.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 117 and therefore deny the same.

118.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 118 and therefore deny the same.

119.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 119 and therefore deny the same.  Defendants admit only that Plaintiff appealed the Promotion Committee's decision to the Promotion Committee for reconsideration.

120.   Defendant Baker denies the allegations and inferences in Paragraph 120. The remaining Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 120 and therefore deny the same.

121.   Defendants deny the allegations and inferences in Paragraph 121, except to admit that Plaintiff was not entitled to voluntarily withdraw from the School of Medicine after having chosen to appeal the Promotions Committee decision.

122.   Defendants deny the allegations and inferences in Paragraph 122.

123.   Defendants deny the allegation and inference in Paragraph 123 that he was "forced" to appeal to the Office of the Provost. Answering further, Defendants

26

admit only that Plaintiff appealed the Promotions Committee's denial of his appeal to the Wayne State University Office of the Provost on May 10, 2019.

124.   Defendants deny the allegations and inferences in Paragraph 124.

125.   Defendants admit the allegations in Paragraph 125.

126.   Defendants deny the allegations that the hearings before the Professionalism and Promotions Committee lacked procedural and due process protections, and they further deny that the Interim Administrative Hearing Guidelines applied in Plaintiff's case.   To the extent that Plaintiff alleges that any particular Sixth Circuit law is applicable to his case, such an allegation constitutes a conclusion of law to which no response is required.   Defendant Ellis denies the remaining allegations and inferences in Paragraph 126. The remaining Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 126 and therefore deny the same.

127.   Defendants deny the allegations and inferences in Paragraph 127.

128.   Defendants deny the allegations and inferences in Paragraph 128.

129.   Defendants deny the allegation in Paragraph 129 that Plaintiff's actions in this case were "relatively minor." Answering further, Defendants state that Plaintiff's actions became a criminal matter when Roe made a report to law enforcement. Defendants otherwise lack knowledge or information sufficient to

form a belief about whether the matter became the subject of criminal investigation or prosecution and therefore deny the same.

130.   Defendants deny the allegations and inferences in Paragraph 130.

131.   Defendants deny the allegations and inferences in Paragraph 131.

132.   Defendants lack knowledge or information sufficient to form a belief about whether it is impossible for Plaintiff to pursue a career as a physician. Defendants deny the remaining allegations and inferences in Paragraph 132.

133.   Defendants deny the allegations and inferences in Paragraph 133.

134.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134.

135.   Defendants lack knowledge or information sufficient to form a belief about Plaintiff's future prospects in the medical profession, but deny the allegations and inferences in Paragraph 135 that Defendants have caused him harm.

136.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 and therefore deny the same.

### COUNT I
### 42 U.S.C. § 1983: Denial of Fourteenth Amendment Due Process
### (Against All Defendants)

137.   Defendants have responded to each of the allegations incorporated by reference in Paragraph 137. Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

28

138.   The allegations in Paragraph 138 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 138 intends to allege that Defendants violated the Fourteenth Amendment, Defendants deny this allegation.

139.   The allegations in Paragraph 139 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 139 intends to allege that Defendants are liable under the Fourteenth Amendment, Defendants deny this allegation.

140.   The allegations in Paragraph 140 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 140 intends to allege that Defendants are liable under the 42 U.S.C. § 1983, Defendants deny this allegation.

141.   The allegations in Paragraph 141 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 141 intends to allege that Defendants are liable under the 42 U.S.C. § 1983, Defendants deny this allegation. Section 1983 speaks for itself.

142.   Defendants deny the allegations and inferences in Paragraph 142.

143.   Defendants deny the allegations and inferences in Paragraph 143.

144.   Defendants deny the allegations and inferences in Paragraph 144.

145.   Defendants deny the allegations and inferences in Paragraph 145.

146.   Defendants deny the allegations and inferences in Paragraph 146.

147.   Defendants deny the allegations and inferences in Paragraph 147.

148.   Defendants deny the allegations and inferences in Paragraph 148.

149.   Defendants deny the allegations and inferences in Paragraph 149.

150.   Defendants deny the allegations and inferences in Paragraph 150.

151.   Defendants deny that Plaintiff is entitled to the relief and damages alleged in Paragraph 151.

**COUNT II**
**Violation of Title IX of the Education Amendments of 1972**
**(Against Defendant WSU)**

152.   Defendants have responded to each of the allegations incorporated by reference in Paragraph 152. Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

153.   The allegations in Paragraph 153 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 153 intends to allege that Defendants violated the Title IX, Defendants deny this allegation.

154.   Insofar as Paragraph 154 intends to allege that Defendants are liable under Title IX or that the events that led to Plaintiff's dismissal from the WSU School of Medicine fell within the scope of Title IX, Defendants deny these allegations.

155.   The allegations in Paragraph 155 pertaining to the scope of Title IX state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 155 intends to allege that Defendants violated the Title IX, Defendants deny this allegation. Defendants deny the remaining allegations and inferences in Paragraph 155.

156.   The allegations in Paragraph 156 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 156 intends to allege that Defendants are liable under Title IX, Defendants deny this allegation.

157.   The allegations in Paragraph 157 state conclusions of law and not averments of fact for which an answer is required, but insofar as an answer may be deemed to be required, Defendants deny the allegations and inferences in Paragraph 157.

158.   Defendants deny the allegations and inferences in Paragraph 158.

159.   Defendants deny the allegations and inferences in Paragraph 159.

160.   Defendants deny the allegations and inferences in Paragraph 160.

161.   Defendants deny the allegations and inferences in Paragraph 161.

162.   Defendants deny the allegations and inferences in Paragraph 162.

163.   Defendants deny the allegations and inferences in Paragraph 163, including its subparts.

164.   Defendants deny the allegations and inferences in Paragraph 164.

165.   Defendants deny the allegations and inferences in Paragraph 165.

166.   Defendants deny the allegations and inferences in Paragraph 166.

167.   Defendants deny that Plaintiff is entitled to the relief and damages alleged in Paragraph 167.

**COUNT III**
**Violation of the Equal Protection Clause of**
**the Fourteenth Amendment to the United States Constitution**
***(Against All Defendants)***

168.   Defendants have responded to each of the allegations incorporated by reference in Paragraph 168. Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

169.   The allegations in Paragraph 169 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 169 intends to allege that Defendants violated the Fourteenth Amendment, Defendants deny this allegation. The Fourteenth Amendment speaks for itself.

170.   Defendants deny the allegations and inferences in Paragraph 170.

171.   Defendants deny that Plaintiff is entitled to the relief and damages alleged in Paragraph 171.

## COUNT IV
## State Law Estoppel and reliance
## (Against Defendant WSU)

172.   Defendants have responded to each of the allegations incorporated by reference in Paragraph 172. Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

173.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 173 because it is vague and ambiguous and not susceptible to answer and therefore deny the same. Answering further, insofar as Paragraph 173 alleges or implies that Defendants did not follow applicable policy or procedure in Plaintiff's case, Defendants deny the same.

174.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 174 because it is vague and ambiguous and not susceptible to answer and therefore deny the same.

175.   Defendants deny the allegations and inferences in Paragraph 175.

176.   Defendants deny the allegations and inferences in Paragraph 176.

177.   Defendants deny that Plaintiff is entitled to the relief and damages alleged in Paragraph 177.

**COUNT V**
**Violation of Plaintiff's Due Process Rights Pursuant to Article 1, § 17 of**
**Michigan's Constitution – Due Process, Fair and Just Treatment in the**
**Course of Legislative and Executive Investigations and Hearings**
**(Against All Defendants)**

178.   Defendants have responded to each of the allegations incorporated by reference in Paragraph 178. Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

179.   The allegations in Paragraph 179 state conclusions of law and not averments of fact for which an answer is required, but insofar as Paragraph 179 intends to allege that Defendants violated Plaintiff's rights under the Michigan Constitution, Defendants deny this allegation.

180.   Defendants deny the allegations and inferences in Paragraph 180, including its subparts.

181.   Defendants deny the allegations and inferences in Paragraph 181.

182.   Defendants deny the allegations and inferences in Paragraph 182.

183.   Defendants deny that Plaintiff is entitled to the relief and damages alleged in Paragraph 183.

184.   Defendants deny that Plaintiff is entitled to the relief and damages alleged in Paragraph 184.

## COUNT VI
## Intentional Infliction of Emotional Distress
## (Against All Defendants)

185.   Defendants have responded to each of the allegations incorporated by reference in Paragraph 185. Defendants repeat each and every response set forth in the forgoing Paragraphs as if fully set forth herein.

186.   Defendants deny the allegations and inferences in Paragraph 186.

187.   Defendants deny the allegations and inferences in Paragraph 187.

188.   Defendants deny the allegations and inferences in Paragraph 188.

189.   Defendants deny the allegations and inferences in Paragraph 189.

190.   Defendants deny the allegations and inferences in Paragraph 190.

191.   Defendants deny that Plaintiff is entitled to the relief and damages alleged in Paragraph 191.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief and damages sought in the prayer for relief.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's First Amended Complaint in its entirety and award Defendants their costs and attorneys' fees reasonably incurred in having to respond to the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants Wayne State University, Wayne State University School of Medicine, Nikolina Camaj, Margit Chadwell, Matt Jackson, Richard S. Baker, and R. Darin Ellis, by and through their attorneys, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., and for their affirmative defenses state as follows:

1. The First Amended Complaint, in whole or in part, including the nature of damages requested, fails to state claims upon which relief can be granted.

2. Wayne State University School of Medicine is not an independent legal or corporate entity or otherwise a proper defendant.

3. Wayne State University is an improper party to this action.

4. Plaintiff's state- and federal-law claims, including those under 42 U.S.C. §1983, are barred, in whole or in part, by sovereign immunity and/or Eleventh Amendment immunity.

5. Plaintiff's claims under 42 U.S.C. §1983 against the individual Defendants are barred by qualified immunity.

6. There is no individual liability under any federal constitutional claim.

7. Plaintiff's claims are barred, in whole or in part, because Wayne State University, and the individual Defendants acting in their official capacities as alleged by Plaintiff, are not "persons" subject to suit under 42 U.S.C. § 1983.

8. WSU and its employees are immune from tort liability.

9.      As a governmental agency or political subdivision of the State, punitive damages are not available against Wayne State University or any individual Defendant acting in his or her official capacity.

10.     As a constitutionally created State University, WSU cannot be held liable under agency theories or respondeat superior for the alleged unconstitutional or intentional acts of its employees.

11.     Any actions taken by any Defendant were not willful, made in bad faith, and were not made without a reasonable ground to believe they did not violate law.

12.     Any actions taken by any Defendant were not engaged in with malice or with reckless indifference to any state or federally protected right.

13.     Plaintiff has not been damaged in the sums or manner alleged, or in any sum or manner, or at all.

14.     Plaintiff has failed to mitigate his alleged damages, if any.

15.     The First Amended Complaint, and each and every purported cause of action alleged therein, may be barred in whole or in part by the doctrines of unclean hands, estoppel, waiver and/or laches.

16.     Plaintiff's claims, in whole or in part, are subject to the exclusive jurisdiction of the Michigan Court of Claims.

17.     Plaintiff has failed to properly file Notice before the Michigan Court of Claims as required by Mich. Comp. Laws § 600.6431 and/or some or all of Plaintiff's claims are time-barred under this statute.

18.     Plaintiff is not entitled to a jury trial for any state law claim for which the Michigan Court of Claims would have exclusive jurisdiction, and any request for a jury for any such claim should be stricken.

19.     The Court should decline to exercise pendant or supplemental jurisdiction over Plaintiff's state law claims.

Defendants reserve the right to assert such further affirmative defenses as may become apparent during the course of discovery in this case. Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery. Until Defendants avail themselves of discovery, they will not know for certain whether all of the aforementioned affirmative defenses will be raised by motion before or at trial, but Defendants assert them now in an effort to give Plaintiff notice of such defenses.

KIENBAUM HARDY VIVIANO
   PELTON & FORREST, P.L.C.

By: */s/Elizabeth Hardy*
      Elizabeth Hardy (P37426)
      David Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
Dated:  March 1, 2021          dporter@khvpf.com
404915

39

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

*/s/ Elizabeth Hardy*_____
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano Pelton
 & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
E-mail:  ehardy@khvpf.com

404915