UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANTHONY EID, an individual,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY, et al.,

    Defendants.

Case No: 20-cv-11718

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

_____/

| | |
|---|---|
| ROSSMAN, P.C.<br>By: Mark C. Rossman (P63034)<br>    Elizabeth Vincent (P76446)<br>Attorneys for Plaintiff<br>2145 Crooks Road, Suite 220<br>Troy, MI  48084<br>(248) 385-5481<br>mark@rossmanpc.com<br>liz@rossmanpc.com<br><br>J. Robert Flores<br>Attorney for Plaintiff<br>10410 Hampton Road<br>Fairfax Station, VA  22039<br>(703) 609-8731<br>rfloresesq@verizon.net | KIENBAUM HARDY VIVIANO<br> PELTON & FORREST, P.L.C.<br>By: Elizabeth Hardy (P37426)<br>    David A. Porter (P76785)<br>Attorneys for Defendants<br>280 N. Old Woodward Ave., Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>dporter@khvpf.com |

_____/

**JOINT RULE 26(f) DISCOVERY PLAN**

The parties, by their counsel, submit the following plan pursuant to Federal Rule of Civil Procedure 26(f).

1. **Parties Conferred:** On April 15, 2021, Plaintiff's and Defendants' counsel conferred by email to discuss the issues identified in Federal Rule of Civil Procedure 26(f).

2. **Background of the Action:**

Plaintiff Anthony Eid, a former medical student at Wayne State University, has sued WSU and several School of Medicine officials for dismissing him from medical school for professionalism reasons. His complaint alleges six counts:

   I. Denial of Fourteenth Amendment Due Process under 42 U.S.C. § 1983 (all Defendants)

   II. Violation of Title IX of the Education Amendments of 1972 (Defendant WSU)

   III. Violation of the Equal Protection Clause of the Fourteenth Amendment (all Defendants)

   IV. State Law Estoppel and Reliance (Defendant WSU)

   V. Violation of the Due Process and Fair and Just Treatment Clauses of Mich. Const. Art. I, § 17 (all Defendants)

   VI. Intentional Infliction of Emotional Distress (all Defendants)

3. **Brief Summary of Case:**

<u>Plaintiff's Summary</u>: Plaintiff claims that Defendants, through their lack of thorough investigation during the professionalism and promotions hearing process of an unsubstantiated allegation against Plaintiff during his time as a student of the

Wayne State University School of Medicine, deprived Plaintiff of his due process, equal protection, and fair treatment rights afforded to him under 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. Defendants additionally violated their own internal policies and guidelines during Defendants' judicial process that resulted in Plaintiff's dismissal from the WSU School of Medicine. At no time during the process was he afforded the right to confront his accuser, nor was he afforded the ability to review the evidence presented to the university and various committees pertaining to his case. Further, the Wayne State University School of Medicine fundamentally failed to initiate any substantive investigation into the claims against Plaintiff, beyond the unsubstantiated allegations proffered by Jane Roe. Contrary to the assertion of the Defendants, Plaintiff was never provided with any of the reports prepared and maintained by the University in conjunction with the investigative process. Defendants, through their actions, have stripped Plaintiff of his ability not only to complete his education at the Wayne State University School of Medicine, but to pursue a medical degree at any institution of higher learning in violation of his constitutional rights. Further, as a result of the Constitutional, statutory, and common law violations, Defendants caused harm to Plaintiff's well-being, emotional and psychological health, reputation, earning potential, and career prospects. And that these harms resulted in economic losses,

lost educational opportunities, loss of future career prospects and costs associated with bringing the instant suit.

<u>Defendants' Summary</u>: Defendants deny that they deprived Eid of due process, equal protection, or fair treatment during the professionalism and promotions hearing process. Defendants provided Eid multiple levels of committee review within the School of Medicine, as well as an opportunity to appeal to the University's Provost Office. Defendants provided Eid support services during the process and allowed Eid to review all materials that the committees relied on to evaluate his professionalism. He was informed of the basis for the School's decision. Eid was treated no differently than any other similarly situated medical student brought before the Promotions Committee with concerns regarding his or her professionalism and fitness to be a medical doctor. Eid received every legal protection he was entitled to under federal and state law.

**4.     Basis for Subject-Matter Jurisdiction:** This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

**5.     Legal Issues:** The dispositive legal issues in dispute relate to Plaintiff's treatment after the complaint was lodged against Plaintiff, during the investigation and committee hearing process, and the decision to dismiss Plaintiff from medical

school. Plaintiff and Defendants contend these issues will be appropriate for summary judgment.

6. **Relationship, if Any, to Other Cases:** None known.

7. **Initial Disclosures:** The parties have agreed to exchange information set forth in Fed. R. Civ. P. 26(a)(1) by May 3, 2021.

8. **Amendment of Pleadings, Additional Parties, and Third-Party Complaints:** Aside from the ministerial task of correcting the case caption to reflect Plaintiff's identity, the parties are not aware of any required amendments.

9. **Limitations on Discovery:** The parties do not contemplate altering discovery limitations set forth in the Federal Rules of Civil Procedure.

10. **Anticipated Discovery Disputes and Discovery Progress:** Discovery is needed on all issues relevant to the claims asserted in Plaintiff's Amended Complaint and Defendants' Answer and Affirmative Defenses. There is no need for discovery to be conducted in phases or be limited to or focused on particular issues. Currently, there is one anticipated discovery dispute involving Plaintiff's responses to Defendants' First Set of Requests for Production, though the parties are currently working to resolve that dispute short of a motion.

11. **Issues Regarding Electronically Stored Information:** The Parties have conferred about the disclosure and discovery of electronically stored information. For any relevant e-mail communications or other ESI, the Parties agree

to produce as paper copies or .pdf files, as opposed to native files. The Parties reserve the right, however, to ask for particular documents to be provided as native files (with embedded data/metadata) if necessary. The Parties do not expect to perform any forensic searches on computer hard drives, though reserve the right to request the same by motion should they deem necessary. If further issues arise regarding discovery of ESI, the Parties will first attempt to resolve those issues among themselves, and if unable to do so will seek relief from the Court.

**12.    Issues Regarding Claims of Privilege and Protective Orders:** The Parties agree on the following procedure to assert privilege: In the event that any document is claimed to be within the basis of any privilege, the producing party shall indicate on a privilege log the following information for each such withheld document: (a) the date of the document; (b) the general character or type of document (i.e., letter, memorandum, notes of meetings, etc.); (c) the identity of the author of the document; (d) the identity of the original recipient; and (e) the legal basis for withholding the document. The Parties will endeavor to resolve any issue of privilege. The Parties reserve the right to move the Court for production if necessary.

The Parties agree that it would be appropriate for the Court to enter an order applying the protections of Rule of Evidence 502(d) to the production of privileged or work-product protected documents in this case.

The Parties have discussed and will seek to propose a stipulated protective order that protects personal medical and financial information. The Parties reserve the right to object to disclosure of such documents or information, or any other discovery, on any grounds available to it under the Federal Rules or other appropriate authority.

**13.     Discovery Period and Expert Discovery:** The parties agree to complete discovery (other than expert discovery) by November 15, 2021.

With respect to experts, the parties agree that expert discovery will be permitted under the Joint Final Pretrial Conference (in other words, beyond the normal discovery deadline and after dispositive motions are filed). Experts shall be named as of the date established by the Court and expert reports, if any, shall be provided no later than six weeks before the Joint Final Pretrial Conference, unless stipulated otherwise by the parties.

Respectfully submitted,

| | |
|---|---|
| ROSSMAN, P.C. | KIENBAUM HARDY VIVIANO PELTON & FORREST, P.L.C. |
| By: */s/Elizabeth Vincent* | By: */s/Elizabeth Hardy* |
| Mark C. Rossman (P63034) | Elizabeth Hardy (P37426) |
| Elizabeth Vincent (P76446) | David A. Porter (P76785) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 2145 Crooks Road, Suite 220 | 280 N. Old Woodward Ave., Suite 400 |
| Troy, MI 48084 | Birmingham, MI 48009 |
| (248) 385-5481 | (248) 645-0000 |
| mark@rossmanpc.com | ehardy@khvpf.com |
| liz@rossmanpc.com | dporter@khvpf.com |

J. Robert Flores
Attorney for Plaintiff
Seeking EDMI Admission
10410Hampton Road
Fairfax Station, VA 22039
(703) 609-8731
rfloresesq@verizon.net

Dated: April 15, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                              */s/Elizabeth Hardy*
                                              Elizabeth Hardy
                                              Kienbaum Hardy Viviano
                                                Pelton & Forrest, P.L.C.
                                              280 N. Old Woodward Ave., Suite 400
                                              Birmingham, MI  48009
                                              (248) 645-0000
                                              ehardy@khvpf.com
                                              (P37426)

410013