UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANTHONY EID, an individual,

     Plaintiff,

v.

WAYNE STATE UNIVERSITY, et al.,

     Defendants.

Case No: 20-cv-11718

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

_____/

| | |
|---|---|
| Mark C. Rossman (P63034)<br>Elizabeth Vincent (P76445)<br>ROSSMAN, P.C.<br>Attorneys for Plaintiff<br>2145 Crooks Road, Suite 220<br>Troy, MI  48084<br>(248) 385-5481<br>mark@rossmanpc.com<br>jacob@rossmanpc.com | Elizabeth Hardy (P37426)<br>David Porter (P76785)<br>KIENBAUM HARDY VIVIANO<br> PELTON & FORREST, P.L.C.<br>Attorneys for Defendants<br>280 N. Old Woodward, Suite 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>ehardy@khvpf.com<br>dporter@khvpf.com |
| J. Robert Flores<br>Attorney for Plaintiff<br>10410Hampton Road<br>Fairfax Station, VA  22039<br>(703) 609-8731<br>rfloresesq@verizon.net | |

_____/

**<u>STIPULATED PROTECTIVE ORDER</u>**

Upon a showing of good cause in support of the entry of a protective order to control the discovery and dissemination of Confidential or proprietary information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case (hereafter collectively referred to as "Confidential Information"), IT IS ORDERED:

1.     "Confidential Information" will include all confidential medical or health information or financial data concerning current or former WSU students or employees.

2.     Confidential Information subject to this Protective Order may, depending on the content, be included in a variety of documents, including but not limited to, documents produced pursuant to written discovery, answers to interrogatories, responses to requests for admission, deposition testimony, including all copies thereof, and other information disclosed in the context of discovery of this case by either party or disclosed pursuant to the discovery procedures created by the Federal Rules of Civil Procedure.

3.     Confidential Information shall not be used for any purpose except the preparation and trial of this case, *Anthony Eid v. Wayne State University, et al.,* Case No. 20-cv-11718, and will not be used in any other litigation or disclosed to any print, broadcast or internet media or otherwise disclosed in any public or quasi-public domain.

4.      Notwithstanding the prohibitions set forth in Paragraph 3 of this Protective Order, Confidential Information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     any person who previously received or authored the materials;

(c)     witnesses in depositions and witnesses being interviewed for background purposes by attorneys actively working on this case;

(c)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case, including employees of Defendant Wayne State University;

(d)     Plaintiff and Defendants in this action;

(e)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(f)     mediators, facilitators or other persons retained by the parties to assist in the resolution of this matter, and their staff;

(g)     the Court and its employees ("Court Personnel"); and

(h)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

5.      Documents shall be designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL" or "PRODUCED PURSUANT TO

3

PROTECTIVE ORDER" or a substantially similar designation.  If the document did not originate from the party seeking to affix the Confidential Information label, or was not produced in this action by that party, the Confidential Information designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing Confidential Information.  Subject to the procedures in paragraph 8, upon such notice the document will be treated as Confidential Information within the meaning of this Protective Order.

6.    A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information as Confidential Information. The written notice shall specifically identify the information to which the objection is made.  If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion must generally be filed within 30 days after submitting written objection to the Confidential Information designation.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating

4

the information as Confidential Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

7.      In the event that either party receives a third-party subpoena or other form of legal process requesting Confidential Information in this case, the party receiving such request will provide the opposing party written notice that such a request was received as soon as possible (but no later than five days from receipt) and provide a copy of the request with the written notice.

8.      Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation.  In the case of medical, health, or financial records, the party filing said documents shall redact all PII and any appropriate non-pertinent personal, financial or health information contained therein prior to filing.  Examples of PII and "non-pertinent personal, financial or health information" include: social security numbers, bank account numbers, dates of birth, names and dates of birth of minor children, home addresses, and names of non-party employees, where these subjects are not at issue.

9.      At the conclusion of this case, unless other arrangements are mutually agreed upon by all counsel, each document and all copies thereof which have been designated as Confidential Information shall be returned to the party designating them as confidential.  The parties may agree to destroy documents containing

Confidential Information by way of a mutually agreed-upon procedure. Where the parties agree to destroy documents containing Confidential Information, the destroying party shall provide all parties with an affidavit confirming the destruction.

10.    A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order. Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

11.    This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard. This Protective Order is without prejudice to the right of either party to admit Confidential Information as evidence or, in this action, contest the admissibility, discoverability or privileged status of any document or information.

12.    In order to permit discovery to proceed without further delay, the parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, either party may designate as Confidential Information any documents or information produced

prior to entry of this Protective Order, including materials produced at any time after

the commencement of this case.


Dated: April 21, 2021

s/Gershwin A. Drain
Honorable Gershwin Drain
United States District Court


Agreed to:

ROSSMAN, P.C.

By: */s/Elizabeth Vincent (w/permission)*
   Mark C. Rossman (P63034)
   Elizabeth Vincent (P76445)
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI  48084
(248) 385-5481
mark@rossmanpc.com
jacob@rossmanpc.com

J. Robert Flores
Attorney for Plaintiff
10410Hampton Road
Fairfax Station, VA  22039
(703) 609-8731
rfloresesq@verizon.net

KIENBAUM HARDY VIVIANO
  PELTON & FORREST, P.L.C.

By: */s/ Elizabeth Hardy*
   Elizabeth Hardy (P37426)
   David Porter (P76785)
Attorneys for Defendant
280 N. Old Woodward, Ste 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

410352

7