**Wayne State University**
**Academic Appeal Form**

Submitted on May 10, 2019 at 4:35:19 pm EDT

| | |
|---|---|
| Nature: | N/A |
| Urgency: | N/A |
| Incident Date and Time: | 2019-05-09 |
| Incident Location: | N/A |

Reported by

Name:
Title:
Email:
Phone:
Address:

[UNAUTHENTICATED]

Student Background Information

**Anthony Eid (004087570)**                                                               2483108610
                                      1247 Selden St, Detroit MI 48201

Student Agreement

I understand that the above appeal procedures were completed prior to submitting the appeal to the Provost Office:
**I understand**

I understand and I have received the determination letter from School/College Dean's office
**I understand**

SUPPORTING DOCUMENTATION: I understand it is my responsibility to electronically attach any and all supporting documentation, as is provided for below. Failure to do so may affect the outcome and prevent me from further appeals for this incident.
**I understand**

Select type of appeal you are submitting.
**Dismissal from Program Appeal**

Provide a detailed explanation for your appeal.
**Dear Provost Ellis, Provost Whitfield, and the Provosts' Office,**

I am writing to appeal my dismissal from Wayne State University School of Medicine. I was surprised and distraught to be informed of this decision after business hours on Wednesday, April 10th, 2019. I am writing with the hope that you will reinstate me and allow me to continue with my medical education. Thank you for allowing me the opportunity to explain my circumstances.

I was first informed that a former student had filed a complaint against me during a meeting with the Dean of Studetns Office Conduct Officer, Nikolina Camaj, on November 30th 2018. I came into this meeting knowing absolutely nothing of what I was being accused of. Before our meeting, I had emailed her twice to ask about the nature of the meeting, once on November 27th 2018 and again on November 29th 2019. These emails went unanswered. I have attached these emails to this appeal letter. The fact that I was not informed of why the meeting was taking place violates section 11.2 of the student conde of conduct regarding fact-finding conferences. Section 11.2 states: "A notice shall be sent to the student(s) or to representative(s) of the student organization, with a copy to the Dean of Students or the Academic Dean, within ten school days of the Student Conduct Officer's receipt of the charges, and at least five school days prior to the conference. The notice shall contain the following information: a) The alleged infraction; b) The nature of the evidence

submitted; c) The time and place of the conference; d) A copy of this code, with a statement that it is the governing policy and that the student should retain it for use throughout the proceeding." I was given none of this information prior the meetlng (expect for item c), even after asking about on two separate occasions. Therefore, I was not prepared to adequately asnwer questions during the meeting, in which I was asked to recall information from years prior. I was then told, for reasons that still have not been made clear to me, that the case would be referred to the medical school for adjudication. This also violates the university student code of conduct, which states that I should have gone through the conduct case at the university level instead of within the school of medicine as an investigation had already been started. If this had taken place, I would have been allotted a hearing with voting members that included student representatives and members of the committee, and I believe the sanction given to me would be different. I believe this as I have sat as a voting member on code of conduct hearings with our university in the past. I asked Ms. Camaj why the issue had to be sent to the school of medicine and why the normal conduct structure located int eh student code of conduct was not being followed, to which I was not given a clear answer.

I then met with the Professionalism Committee on February 7th, 2019 for the formal hearing. The hearing is supposed to include four student representatives (advisory voting members, who are able to voice their opinion but do not have an actual vote); however, during my hearing there were only two students present. During this meeting I was asked many questions that I was not prepared to answer bassed on the evidence that was allotted to me, and it truly felt like more of an ambush than a Formal Committee Meeting. As I mentioned, I was never told what my specific professionalism infractions were, or if I was being charged with any specific violations of our student code of conduct or the student handbook. ) I was also not able to ask questions to the person accusing me of misbehavior in order to gain insight into why I was being accused in the first place (as is my constitutional right).

After reviewing WSUSOM's 'Professionalism Committee' handbook, I believe my right to 'due process' was not followed and that the Committee's decision was arbitrary and capricious. Regarding the aspect of due process – at the end of this document I have included a copy of the due process flow chart directly from the 'Professionalism Committee' handbook (available online at:
https://admissions.med.wayne.edu/pdfs/19-03-12v2_professionalism_committee.pdf) – all steps in the due process guidelines (aside from having a 'formal hearing with the Professionalism Committee') were violated during the procedure, including but not limited to fact finding by the Chair of the Committee (In this case, Dr. Jackson), being informed that I was found in violation of certain objective professionalism standards, and a recommendation for remediation or option to reject said remediation.

I then was scheduled to meet before the Promotions Committee on February 27th, 2018. Before the proceedings of the Promotions Committee meeting, I asked my class counselor, Ms. Robichaud, to see the information that was going to be presented to the promotions committee to prepare for the meeting. I was told by them that "that is possible" and that "they would try" to get this information to me, but that it there was no need for me to see the information as "it is the same exact information that was presented to the professionalism committee." However, during Promotions Committee meeting, I found that the promotions committee had extra information in the form on notes from the Professionalism Committee that I was not made privy to. This introduced unfair bias into the proceedings of the Promotions Committee and left me unprepared to answer questions during the meeting that took place on February 27th. During this meeting, I was also told that my "E-Value" professionalism peer reviews that I brought in as evidence would not be used in this case, even though we our whole class has been told on multiple occasions during town-hall meetings that these evaluations are important and can be used in such a manner. My evaluations from all my professors, and peer reviews from studetns, which specifically include professionalism, are all above the number we are expected to maintain. They range from "at the level expected of a year ½ medical student" - which is a three on the value scale (the number we are expected to maintain), all the way up to "performs well beyond the level expected of a year ½ medical student – a five on the evalue scale. In fact, I have never received anything lower than a three in my time at the school of medicine. Upon the decision reached by the Promotions Committee, I have yet to be informed what specific violations I have made that would warrant dismissal from the School of Medicine.

After receiving the decision from the Promotions Committee, I met with Dr. Baker to discuss many aspects of the meeting on March 6th, 2018. At this time, he informed me that I could not be given the reason on why the Committee came to the choice that it made. We then discussed the appeal process. I directly asked him if I

would still have the opportunity to withdrawal if I appealed to the Promotions Committee. I was told, very specifically, that I would still be able to withdrawal up until the point I file an appeal to the provosts' office. I then confirmed this information the next day on March 7th with my class counselor, and then again reconfirmed my intentions on one more occasion on a subsequent meeting with her himself. I expected to still have the option to withdraw if the appeal of the Promotions Committee was not favorable. I inquired about the withdraw on May 6th and was told that a withdraw was no longer an option. This directly contradicts the information I was given from Dr. Baker himself. I would not have chosen to appeal to the Promotions Committee if I did not receive this information from Dr. Baker and my class counselor.

As of today, May 10th 2019: I have yet to receive a written letter indicating my dismissal from the School of Medicine. As it states in our student handbook and on the Provost's website: "The academic appeal form must be submitted by the student himself/herself, within thirty calendar days of the postmark of the College's final decision, which is to be sent to the address provided by the student in the College's review procedures." This written notification of the final decision has yet to happen.

Finally, regarding the arbitrary and capricious nature of the punishment. I was never informed that dismissal was even a possibility based on the "complaint" that was filed against me. I explicitly asked during our first meeting on whether I needed an attorney and whether dismissal was a possibility and was informed that I did not need a lawyer and dismissal was not a possibility. Despite asking numerous times, I have yet to be told what the actual specific and explicit parts of the student code of conduct or the school of medicine student handbook I violated. Dismissal from medical school does not appear to be the next logical step in a first-time infraction for a non-criminal, non-violent offense that has nothing to do with medical school or the practice of medicine. I have not been allotted an advocate to help me with this process, and if I knew that this extreme of a sanction would have been possible I would have pursued formal representation. Sadly, this leads me to believe that the decision by the Committees were retaliatory and discriminatory in nature. Prior to this occurrence I have been an upstanding and integral part of the WSUSOM community. I have clearly maintained a passing average (often scoring well above average on exams), participated in over 150 hours of community service, presented research at numerous conferences, served as Class of 2021 Student President (a testament to my communities trust in me) for two years, and served as a board member on multiple student organizations.

It is my firm belief that my right to due process was not followed throughout the Professionalism Committee nor Promotions Committee procedures and the Deans of the SOM acted in a retaliatory manner in coming to the decision of dismissal. I am a good student, a hard-worker, and a contributing member of the WSUSOM community who made an inappropriate decision when trying to fix a personal problem. I truly hope you will give me a second chance and choose a disciplinary sanction that fits my actions. I have attached all documents to this appeal, and I hope you read through them to gain an understanding of how this has personally affected me and gain a better understanding of my thinking throughout this case. The documents also contain the action plan that I laid out and complied to during this whole process. My best outcome would be that this is resolved in my favor quickly enough so that I can take my STEP 1 exam and go on to complete my third year of medical school. At minimum, a new hearing should be held after I am given the opportunity to look at the evidence given to the Promotions Committee, and the option to withdraw should be given to me as was promised to me by Dr. Baker. Thank you for your time in considering my appeal.

Sincerely,

Anthony E. Eid

List all parties associated with this appeal of which you are aware. Be sure to include the faculty member for the course and chair (if applicable) of the department where the course resides.
Faculty Name/Title/Department/Course
(Example: Dr. Joe Smith/Professor/English/ENG 1021)
Dr. Matt Jackson/Assistant Dean of Undergraduate Medical Education/Chair of Professionalism Commitee
Dr. Richard Baker/Vice Dean WSUSOM/Chair of the Promotions Commitee
Ms. Loretta Robichaud /Class of 2021 Counselor
WSUSOM Professionalism Commitee
WSUSOM Promotions Commitee

Attachments

aeidprcfinalletter410193.pdf
a.eiddismissalletter227191.pdf
appealletter.pdf
conclusionstatement.pdf
evaluescores.pdf
evaluestudentcomments2.pdf
evaluestudentcomments.pdf
incidentstatement2.pdf
latoniacharreference.pdf
nikolinacamajletter1.pdf
nikolinacamajletter.pdf
nottoldofviolationpdf.pdf
professionalismcommitteewsusom1.pdf
professionalismnotice.pdf
reregardingwithdrawl.pdf
studentcodeofconductwsu1.pdf

Pending IR #00002016
Submitted from 35.16.25.74 and routed to Marlena Frontera (Assistant to R. Darin Ellis, Associate Provost, Academic Programs and Institutional Effectiveness). Processed by routing rule #24.

WSU / Eid 000077