

**WAYNE STATE UNIVERSITY**
Office of the Provost
Academic Programs
Institutional Effectiveness

May 23, 2019

Anthony Eid
Sent electronically to eh2083@wayne.edu

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2018151501

Good Afternoon Mr. Eid,

Attached is Dr. Ellis' response to your appeal.

Marlena Frontera
Assistant to R. Darin Ellis, Associate Provost, Academic Programs
and Institutional Effectiveness

CC: Richard Baker, M.D., Vice Dean of Medical Education, School of Medicine

Office of the Provost
Office of Academic Programs and Institutional Effectiveness
656 W. Kirby St., 4228 Faculty/Admin. Building • Detroit, MI • Tel: (313) 577-2200• assocprovost@wayne.edu

WSU / Eid 000705



May 23, 2019

Anthony Eid
1247 Selden St, Detroit MI 48201

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2018151501

Banner ID: 004087570

Dear Anthony Eid,

This is in response to your appeal, dated May 13, 2019.

As Associate Provost for Academic Programs, it is my responsibility to handle all appeals in the Office of the Provost. In reviewing appeals at this level, the key question I address is whether the reviews completed at the levels of the department and/or college were thorough, fully considered, and fair. My review is based solely upon the following: the policies and procedures relevant to the subject of the appeal/inquiry, and the procedures and regulations for appeals to the Office of the Provost.

I have reviewed your claims you made in your email to the Provost, reviewed materials you provided along with information from the School of Medicine Professionalism and Promotions Committees, including handbooks and letters dated Feb 11, Feb 27, and April 10, 2019, and other communications that were provided by the School of Medicine to you. This review has been undertaken with respect to the School of Medicine's standards and procedures for Professionalism and Promotions, under which you were dismissed on February 27, 2019.

With regard to specific claims you have made that you were not given due process:
(1) You were summoned to a fact-finding conference based upon a complaint filed against you by ▓▓▓ for alleged violations of the student code of conduct. This fact-finding conference was done pursuant to section 11.1 of the Student Code of Conduct (SCOC) in order to determine whether further proceedings were appropriate. You claim this conference was improper because you were not provided with all of the information stipulated in section 11.2 of the SCOC. The intent of section 11.2 is to provide the charged party with notice and an opportunity to be heard. Since it is clear from the record below that when the student conduct officer met with you on November 30, 2018, she provided you with all of the relevant information required by section 11.2 and then gave until December 4, 2018, to provide a response to the charge and any evidence that you felt supported your defense of the charges, your claim has no merit. You claim that due process was violated because your case was not handled by the Dean of Students, including the option of a hearing panel. This claim has no merit because it is entirely within the discretion of the conduct officer to initiate disciplinary proceedings under the SCOC or, in instances involving academic misconduct, to refer the matter to the Dean of the college in which the student is enrolled, as provided in section 11.5(b) of the SCOC. In your case, the conduct officer determined that this matter involved professionalism issues, which are part of the academic program of the School of Medicine, and referred the matter to the Dean of the School of Medicine. Once the matter was referred back to the SOM, the matter was given to the Professionalism Committee since your case involved professionalism issues. Thus, there was no due process violation.
(2) You claim that the Professionalism Committee meeting was improper because 2 of the 4 student members were missing. The procedures of the Professionalism Committee stipulate that faculty members must comprise the majority of the quorum, and that students serve in an advisory role only. That is, they are not required for the meeting. Therefore, I do not find that this was a violation of procedure or due process.

---

R. Darin Ellis, Ph.D.
Associate Provost for Academic Programs
Associate Vice President for Institutional Effectiveness
656 W. Kirby St., 4117 Faculty/Admin. Building • Detroit, MI • Tel: (313) 577-2024 • assocprovost@wayne.edu

Page 2



(3) You claim that the process specified in the WSUSOM's 'Professionalism Committee' handbook was not followed and the decisions were arbitrary and capricious. I have reviewed the handbook and documentation of the process from the SOM and I do not see any evidence to support your claim. Following the handbook flowchart (Section 5.0, page 8-9 of 12):

    a. Dec 4, Potential "*Unprofessionalism reported*" by Nikolina Camaj to Assistant Dean Dr. Margit Chadwell
    b. Chadwell conducted preliminary *Fact-Finding by Assistant Dean* (note – no requirement for SCOC procedures here)
    c. After review, Chadwell took the next step: *Assistant Dean Files Charges with Chair of Professionalism Committee.*
    d. Jan 25, *Fact-Finding by Chair of the Professionalism Committee* including meeting in person between you and Dr. Matt Jackson. You were *Found in Violation* of professionalism standards and the chair convened a formal hearing (foregoing a recommendation for remediation). You were given an opportunity to review the documents that were to be forwarded to the committee, to provide a statement and any counter evidence, and the procedure for the upcoming hearing was discussed with you.
    e. Feb 7, A *Formal Hearing with Professionalism Committee* was conducted according to established procedures. The committee chose the path of *Remediation Rejected*.
    f. Feb 11, You were informed by Jackson of the outcome of the meeting. It was found that you "demonstrated a pattern of harassment and misrepresentation" that was a violation of professionalism standards. Your case was *forwarded to Promotions Committee* with a recommendation for dismissal action per Section 3 of the Handbook: "The Professionalism Committee may use any and all disciplinary sanctions but cannot dismiss students from the medical school. The committee adjudicates professional breaches through appropriate means including referral to the Promotions Committee who may dismiss medical students."

(4) You claim that during the Promotions Committee meeting on Feb. 27, you did not have access to the notes on deliberations of the professionalism committee forwarded to the promotions committee: the Professionalism committee is a subcommittee of Promotions, and as such, its deliberations involve academic judgment and are confidential (See Section 5.2 Promotions Committee Handbook). However, Dr. Margit Chadwell, Associate Dean for Student Affairs and Loretta Robichaud, your advisor, met with you on February 13, 2019 to discuss with you the procedures for the Promotions Committee hearing and your preparation for that hearing so that you were fully informed of the process. You further claim that you were not allowed to present character evidence in the form of E-Value peer reviews. The meeting procedures allow the committee to consider any aspect of a student's record that they deem relevant, thus, it was not necessary for you to present these ratings as they already had access to them.

(5) On the matter of not being properly informed of the dismissal outcome: besides being informed by Dr. Margit Chadwell and Loretta Robichaud, immediately after the hearing of the Promotions Committee's decision, a letter was delivered to your official Wayne State email from Dr. Baker on February 27 indicating your dismissal and your "option to voluntarily withdraw from the School of Medicine or to appeal this decision." Before making a decision in that regard, you requested and Dr. Baker granted your request to meet with him to discuss your options. That meeting occurred on March 6, 2019, during which Dr. Baker reiterated the SOM policy of voluntarily withdrawing *or* appealing. Dr. Baker also granted you an extension of time to consider your options. You chose to appeal. On April 10, Dr. Baker informed you on behalf of the Promotions Committee that your written appeal had been considered and was denied. A read-receipt indicates that you accessed this notification on April 15.

I have found that evidence was appropriately considered and that you were afforded the fullest extent of due process procedures. I could find no evidence that the evaluation of your case was based on criteria not directly reflective of your professionalism relative to the school's requirements. In fact, all evidence points to the fact that the decision to dismiss you was based solely upon the collective academic decision making of the Promotions Committee.

---

R. Darin Ellis, Ph.D.
Associate Provost for Academic Programs
Associate Vice President for Institutional Effectiveness
656 W. Kirby St., 4117 Faculty/Admin. Building • Detroit, MI • Tel: (313) 577-2024 • assocprovost@wayne.edu

WSU / Eid 000707

Page 3



Thus, your dismissal from the School of Medicine stands, and I deny your appeal. This letter constitutes the final step in your appeal process.

I wish you well in your future endeavors.

Sincerely,

R. Darin Ellis, Ph.D.
Associate Provost for Academic Programs
and Associate Vice President for Institutional Effectiveness

WSU / Eid 000708