EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ANTHONY EID, an individual,                    Case No. 2:20-cv-11718
                                               Hon. Gershwin A. Drain
    Plaintiff,                                 Mag. Judge David R. Grand

v.

WAYNE STATE UNIVERSITY, WAYNE
STATE UNIVERSITY SCHOOL OF
MEDICINE, NIKOLINA CAMAJ, MARGIT
CHADWELL, MATT JACKSON, RICHARD
S. BAKER, and R. DARIN ELLIS,
in their individual and official capacities,
jointly and severally,

    Defendants.

---

Mark C. Rossman (P63034)               Elizabeth Hardy (P37426)
ROSSMAN, P.C.                          David Porter (P76785)
Attorneys for Plaintiff                KIENBAUM HARDY VIVIANO PELTON
& 2145 Crooks Road, Suite 220          FORREST, P.L.C.
Troy, Michigan 48084                   Attorneys for Defendants
(248) 385-5481                         280 N. Old Woodward Ave., Suite 400
mark@rossmanpc.com                     Birmingham, Michigan 48009
                                       (248) 645-0000
                                       ehardy@khvpf.com

J. Robert Flores
Attorney for Plaintiff
10410 Hampton Road
Fairfax Station, Virginia 22039
(703) 609-8731
rfloresesq@verizon.net

---

## PLAINTIFF'S RESPONSES TO
## DEFENDANTS' SECOND SET OF INTERROGATORIES

1

Plaintiff, Anthony Eid, by and through his attorneys, Rossman, P.C., hereby timely submits his Response to Defendants' Second Set of Interrogatories, and in support thereof states as follows:

## GENERAL OBJECTIONS

Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following set of General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual request, does not waive any of Plaintiff's General Objections. The following objections and qualifications are in response to Defendants' introductory instructions and definitions in particular, and in context apply to the Requests as a whole, and each of the separate Requests.

1. Plaintiff objects to the Requests to the extent they seek information or responses which violate or exceed the requirements of the Federal Rules of Civil Procedure (the "Rules").

2. Plaintiff's investigation of facts and discovery of information relating to the claims at issue in this action is continuing. Plaintiff's responses are based only upon such information and documents as are reasonably available and known to Plaintiff at the time of production. Plaintiff reserves the right to amend or supplement his response to Defendants' First Interrogatories as his investigation and discovery proceed.

2

3. Plaintiff objects to each Request to the extent that it calls for information, documents and/or tangible things protected by the attorney-client privilege, work product doctrine, anticipation of litigation privilege, and/or any other applicable privilege.

4. Plaintiff objects to each Interrogatory to the extent that it amounts to oppression, harassment, annoyance, embarrassment, and/or the imposition of undue burden or expense, and to the extent that the Interrogatory is unreasonably cumulative or duplicative.

5. Plaintiff objects to Defendants' Definitions and Instructions to the extent that they exceed or contradict the requirements of the Rules or the orders in this case.

6. Plaintiff objects to the Interrogatories to the extent that they define words or phrases in a way that is contrary to the plain meaning and usage of the particular word or phrase. This objection includes but is not limited to the definitions of "Plaintiff" and "You". Defendants' use of such broad and improper definitions cannot impose an obligation on Plaintiff to search for or produce information or documents that are not within his possession, custody or control and instead are in the possession, custody or control of others who are not employed by Plaintiff. Plaintiff disclaims any such obligations and will not search for or request such information or documents, which Defendants should instead seek from any

individual or entity who they believe may possess material they deem relevant and discoverable.

7. Plaintiff objects to the Interrogatories to the extent that Defendant has failed to describe with reasonable particularity the information or document that Plaintiff seeks.

8. Plaintiff objects to the Interrogatories to the extent that they are duplicative.

9. Plaintiff objects to the Interrogatories to the extent that they are overly broad and/or encompass an extensive period of time not relevant to this case.

10. Plaintiff objects to the Interrogatories to the extent that they are not relevant to a party's claims or defenses and/or otherwise unduly burdensome and not proportional to the needs of this case considering the matters at issue and the burden to Plaintiff.

11. Plaintiff objects to Defendants' Definitions and Instructions to the extent they exceed the requirements for discovery of electronically-stored information required by the Rules, orders entered in this case, or the requirements the parties may agree to in any discovery plan.

12. Any statement herein that a particular document or category of documents will be produced shall not be considered a representation that such documents exist, but rather if such documents can be located in the course of a reasonably diligent search, they will be produced in accordance with the Rules.

13. To the extent Plaintiff is producing responsive documents, those will be provided at a mutually agreeable time and location and as they are maintained in the ordinary course of business unless otherwise stated.

14. Finally, the responses set forth herein are made without waiving the following:

a. the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, authenticity or any other proper ground, to the use of any material produced herein, for any purpose in whole or in part, in any subsequent proceeding in this action or any other action;

b. the right to object on any and all grounds, at any time, to other requests for admission, interrogatories, document requests or other discovery procedures involving or relating to the subject matter of the requests for admission herein responded to; and,

c. the right, at any time, to revise, correct, modify, supplement or clarify any of the responses provided herein.

## **INTERROGATORIES**

**1.     Provide the following information for each expert witness listed on Plaintiff's expert witness list:**

**(a) Name, field of the expert's expertise or specialization, if any, and a summary of the expert's qualifications (including a curriculum vitae);**

**(b) A list of all cases—including the names of the parties, the court, case number, and year—in which the expert has been qualified by a court as an expert witness and the field of expertise in which the expert was qualified;**

**(c) A list of all cases—including the names of the parties, the court, case number, and year—in which the expert has been offered as an expert witness and the field of expertise but was not qualified as an expert by a court;**

**(d) A detailed summary of the subject matter about which the expert is expected to testify, including the substance of the facts and opinions (and grounds for each opinion) to which the expert is expected to testify;**

**(e) Whether the expert has rendered an opinion to Plaintiff or Plaintiff's attorney(s) in writing, orally, or both;**

**(f) A list of each document, exhibit, or visual aid which will be offered in connection with the testimony of each such expert witness; and,**

**(g) All documents and things that refer or relate to Plaintiff's answers to the subparts above.**

**RESPONSE:** Pursuant to the agreement of the parties, expert discovery regarding damages and damages calculations has been reserved until such time as all dispositive motions have been heard and decided. Accordingly, the responses to

these interrogatories are limited to Plaintiff's due process expert, Paul Finkelman, Ph.D.

1. **Name:** Paul Finkelman, Ph.D.

    a. Paul Finkelman, PhD. Legal Historian, constitutional law specialist. 40+ years teaching in law schools, teaching constitutional law and legal history and in history departments teaching constitutional history and legal history. President of a Gratz College for 4 years.Dr. Finkelman is due process expert as well as the Chancellor of an institute of higher education who will testify regarding administrative disciplinary procedures within the university including whether the Defendants' actions and inactions as set forth in Plaintiff's First Amended Complaint comport with applicable standards, protocols, and procedures.

    b. Dr. Finkelman served as an expert witness and testified in *Glassroth v. Moore*, 229 F. Supp. 2d 1290 (M.D. Ala. 2002). Dr. Finkelman testified on legal history and constitutional history. Dr. Finkelman served as an expert witness, part of an expert's panel, in *Popov v. Hayashi*, No. 400545, 2002 WL 31833731 (Cal. Superior 2002). Dr. Finkelman testified on legal history, history of property law, and issues surrounding baseball and law. Dr. Finkelman prepared an expert report provided in *Fields v. Speaker of the Pennsylvania House of Representatives*, Civil

Action 1:16-CV-1764, U.S. District Court for the Middle District of Pennsylvania, Memorandum Opinion of Chief Judge Christopher C. Conner, filed 8/29/2018. Dr. Finkelman prepared an expert report was submitted to the district court in *Modrovich v. Allegheny County*, 85 F.3d 397 (3d Cir. 2004).

c. Dr. Finkelman was listed, along with one other scholar, as an expert in *Green and ACLU of Oklahoma v. Board of County Commissioners of the County of Haskell* (E.D. Oklahoma 2006), 2006 WL 6861763 No. 05–CV–406–RAW. On a motion of the defendants, the court excluded both experts because the experts were "disclosed well past the deadline, to testify would significantly prejudice Defendants."

d. Dr. Finkelman is due process expert as well as the Chancellor of an institute of higher education who will testify regarding administrative disciplinary procedures within the university including whether the Defendants' actions and inactions as set forth in Plaintiff's First Amended Complaint comport with applicable standards, protocols, and procedures.

e. Dr. Finkelman has issued an expert report which has been previously provided to Defendants.

f.  The exhibit to be utilized in Dr. Finkelman's testimony shall be Dr. Finkelman's report. Plaintiff reserves the right to amend this response as additional potential exhibits are identified.

g.  All documents and testimony adduced in discovery in this case. Dr. Finkelman additionally was provided with the Complaint and the Amended Complaint.

**ROSSMAN, P.C.**

*Attorneys for Plaintiff*

By:  /s/ Elizabeth M. Vincent
Mark C. Rossman (P63034)
Elizabeth M. Vincent (P76446)
2145 Crooks Road, Suite 220
Troy, Michigan 48084
Telephone:  248.385.5481
Facsimile:  248.480.4936
mark@rossmanpc.com
liz@rossmanpc.com

Dated: December 14, 2021