# EXHIBIT B

## Interim Administrative Hearing Guidelines
## Student Code of Conduct

A. <u>Introduction</u>

Wayne State University is adopting these Interim Hearing Guidelines in order to comply with the decision of the United State Court of Appeals for the Sixth Circuit in <u>Doe v. Baum</u>, 903 F.3d 575 (6th Cir, 2018), rehearing en banc denied, 2018 U.S. App. LEXIS 28773 (6th Cir. 10.11.18), and pending a more comprehensive review and amendment of our policies and procedures.

B. <u>Parameters</u>

These interim procedures apply only in those cases in which:

1. Wayne State University undertakes an investigation into alleged student misconduct, whether by a Title IX investigator or by an individual authorized to conduct investigations under the Student Code of Conduct.

2. The investigation documents competing narratives about the alleged sexual misconduct such that credibility is an issue that is material to the outcome;

3. Based upon the evidence documented in the final investigative report, if the complainant's narrative were to be determined to be more credible than that of the respondent's, the finding would necessarily then be a violation of university policy; and

4. The investigator has determined that the alleged sexual misconduct is serious enough that the potential sanction against the respondent, if found responsible, could be suspension or expulsion.

Where all of the foregoing circumstances are present, the Wayne State University will designate and retain an experienced attorney (hereinafter referred to as the "hearing officer"), to: (a) manage the hearing process; (b) assist the Committee (which is selected pursuant to Sections 15.1, 15.2 and 15.3 of the Student Code of Conduct) in assessing responsibility under the preponderance of the evidence standard; and (c) where responsibility for violation of University policy is found, on the Committee's request, assist the Committee in recommending appropriate sanction(s).

C. <u>Pre-hearing Notifications and Requirements</u>:

1. The Title IX Director or his/her deputy in the Dean of Student's office shall meet with the respondent and provide him/her with the opportunity for a hearing pursuant to these procedures and as provided by the Student Code of Conduct.

2. The respondent may waive his/her right to a hearing, which must be done in writing, and may, instead elect for an Informal Disciplinary Conference with the Dean, as provided by the SCOC, 12.0.

3. If the respondent elects to proceed with a hearing, the complainant will be promptly notified of that election by the Title IX Director or the Deputy Director in the Dean of Student's office.

D. <u>Hearing Procedures</u>

Where the Respondent elects a hearing before a hearing panel, all of the procedures set forth in the Student Code of Conduct, Section 15.0 Hearing Procedures, will apply, with the following modifications/additions[1] so as to comply with the holding in <u>Doe v. Baum</u>:

1. The Title IX Director will be responsible for providing the Committee with a copy of the investigator's final report. The report will be accepted as evidence by the Committee. The investigator will be available as a witness and may be examined on the contents of the report.

2. Upon request, the complainant and respondent may review the documents, statements or other material in the Title IX investigator's file, including the final report (per SCOC 11.4).

3. All participants are expected to be respectful of each other in the hearing process and to conduct themselves according to the direction of the hearing officer.

4. At the request of either party, made not less than five (5) business days before the hearing, or at the hearing officer's discretion, the hearing officer may adopt additional procedures as are necessary and appropriate so as to minimize the likelihood that the hearing itself will contribute to the traumatization of the complainant and so as to support the privacy needs of the parties and/or other potential hearing participants. This may include, but is not limited to, alteration of the hearing room setup, use of multiple rooms, video-conferencing equipment, or other electronic means of communicating. This may also include the precaution that the complainant and respondent are not sitting in the same room at the same time unless they choose to do so. However, the hearing officer shall insure that whatever party is being cross examined is present in the same hearing room as the Committee so that the Committee can assess that individual's demeanor first hand.

---

[1] For convenience and clarity, these guidelines will also reiterate specific provisions outlined in the SCOC where it is necessary to tailor a provision to the circumstances of a Title IX investigation implicating the holding of <u>Doe v Baum</u>.

5. Pertinent records, exhibits, and written statements provided during the investigation stage of the process shall be admitted into evidence unless, in the judgment of the hearing officer: (a) the item is so prejudicial as to outweigh any probative value; or (b) is not relevant to the determination to be made by the Committee. Any additional information may be accepted for consideration by the hearing officer at his/her discretion.

6. Consistent with the holding in <u>Doe v Baum</u>, the respondent will be allowed to cross examine the complainant and the complainant's witnesses; and where such cross examination occurs, the complainant shall also be allowed to cross examine the respondent and the respondent's witnesses.  The following rules shall apply with regard to such cross examination:

   a. Either party may waive his/her right to examine or cross examine the opposing party or a witness;
   b. The hearing officer will establish reasonable time frames for an individual's testimony, including cross examination.
   c. Examination and cross examination generally shall be limited to matters relevant to the circumstances of the alleged misconduct.  This may include circumstances leading to the alleged misconduct, as well as testimony regarding the impact of the alleged misconduct.  There will be no questioning of the parties about their prior sexual activity, although questions about the parties' prior sexual relationship, if any, may be allowed at the discretion of the hearing officer.
   d. Cross examination will be monitored closely by the hearing officer to avoid the creation of an unduly intimidating or hostile environment.
   e. The hearing officer may at his or her discretion allow argument out of the hearing of the Committee on whether a particular line of questioning may be pursued.
   f. The hearing officer or the Committee in his/her/their discretion, may pose additional questions to the respondent, the complainant, the investigator, and any witnesses presented.

E. <u>Post-Hearing Procedures</u>:

   1. Within ten (10) business days of the hearing, the Committee, with the assistance of the hearing officer, as desired, shall:

      a. Prepare and send to the Dean of Students and Title IX Director, the Committee's decision, including a summary of the hearing and of its decision-making process (per SCOC 16.1).

      b. If the Committee sustains the charges, i.e. finds, based upon a preponderance of the evidence, that the respondent violated University policy with regard to any form of sexual misconduct, the Committee shall

      recommend a sanction or sanctions as provided in Section 5 of the SCOC (per SCOC 16.1).

   2. If the Committee sustains the charges, the Dean of Students shall, within ten (10) business days of receipt of the Committee's decision, decide an appropriate sanction or sanctions as provided in Section 5 of the SCOC. The Dean may adopt the sanction(s) recommended by the Committee or may impose sanction(s) more or less severe than those recommended by the Committee (per SCOC 16.2).

   3. The Dean of Students shall simultaneously notify the complainant and the respondent, in writing, of the Committee's decision and of the sanction(s) imposed (per SCOC 16.2).

F. <u>Appeals</u>

   1. Either the complainant or the respondent may request the President or his/her designee to review the decision of the Committee and/or of the Dean of Students, on the record (per SCOC 18.1).

   2. In order to appeal, a written Request for Review must be signed and submitted by the student (not by an advisor or attorney) to the Student Conduct Officer, with a copy to the Dean of Students and Title IX Director, postmarked within twenty (20) business days of the written notice of outcome (per SCOC 18.1).

   3. The Student Conduct Officer will forward the appeal, with the record, to the President or his/her designee. Appellate review will proceed as soon as practicable after notification by the complainant or respondent of his/her wish to seek review (per SCOC 18.1).

   4. The President or his/her designee may affirm, reverse or modify the decision or the sanction (per SCOC 18.1).

   5. The President or his/her designee shall notify the complainant and the respondent simultaneously and in writing, of the decision on the appeal within a reasonable time. Copies of the decision will also be provided to the Dean of Students, the Student Conduct Officer and the Title IX Director (per SCOC 19.0).

These Interim Guidelines are effective as of December 7, 2018.