UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANTHONY EID, an individual,

    Plaintiff,

v.

WAYNE STATE UNIVERSITY,
WAYNE STATE UNIVERSITY
SCHOOL OF MEDICINE,
NIKOLINA CAMAJ, MARGIT
CHADWELL, MATT JACKSON,
RICHARD S. BAKER, and
R. DARIN ELLIS, in their individual and
official capacities, jointly and severally,

    Defendants.

Case No: 20-cv-11718

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

---

Mark C. Rossman (P63034)
Elizabeth M. Vincent (P76446)
ROSSMAN, P.C.
Attorneys for Plaintiff
2145 Crooks Road, Suite 220
Troy, MI 48084
(248) 385-5481
mark@rossmanpc.com
liz@rossmanpc.com

J. Robert Flores
Attorney for Plaintiff
Seeking EDMI Admission
10410Hampton Road
Fairfax Station, VA 22039
(703) 609-8731
rfloresesq@verizon.net

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
By: Elizabeth Hardy (P37426)
    David A. Porter (P76785)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
dporter@khvpf.com

---

**Defendants' Reply in Support of Motion to
Exclude Plaintiff's Expert Report and Testimony**

## TABLE OF CONTENTS

          Page

Table of Contents ............................................................................................... i

Index of Authorities ........................................................................................... ii

Argument............................................................................................................1

  I.     Eid does not understand the essence of Dr. Finkelman's opinion. ................1

  II.    Eid offers nothing to shore up Dr. Finkelman's lack of qualification as a due process expert.............................................................................2

  III.   Eid has not argued that Dr. Finkelman used a reliable method.......................4

Conclusion and Relief Requested .......................................................................5

Certificate of Service ..........................................................................................6

## INDEX OF AUTHORITIES

Page

**Cases**

*Berry v. City of Detroit*,
   25 F.3d 1342 (6th Cir. 1994) ............................................................................... 1

*Keyes v. Ocwen Loan Servicing, LLC*,
   335 F. Supp. 3d 951 (E.D. Mich. 2018) .............................................................. 2

*Marathon Petroleum Co. LP v. Midwest Marine, Inc.*,
   906 F. Supp. 2d 673 (E.D. Mich. 2012) .............................................................. 4

*Nelson v. Tenn. Gas Pipeline Co.*,
   243 F.3d 244 (6th Cir. 2001) ............................................................................... 4

**Rules**

Fed. R. Evid. 702 ........................................................................................................ 1

# ARGUMENT

## I. Eid does not understand the essence of Dr. Finkelman's opinion.

In response to the argument that Dr. Finkelman's opinion is an improper legal conclusion, Eid argues that his expert is not referring to "due process" and related concepts in their specialized legal sense, but as a layman would. "In today's day and age," he says, citing irrelevant anecdotes like congressional hearings, "the terms relevant to due process, words and phrases like notice, opportunity to be heard, cross-examination, and discovery are no longer legal terms of art indecipherable to laymen that have substantially different meanings in court than they do in everyday speech." (Response, ECF No. 49, PageID.1402.)

That is a startling, if inadvertent, concession. If the concepts Dr. Finkelman is opining on are commonly understood by laymen, then his testimony is, by definition, not helpful to the jury. As the Sixth Circuit has said, "If everyone knows this, then we do not need an expert because the testimony will not 'assist the trier of fact to understand the evidence or to determine a fact in issue.' " *Berry v. City of Detroit*, 25 F.3d 1342, 1350 (6th Cir. 1994) (quoting Fed. R. Evid. 702). This Court can take Eid at his word and exclude Dr. Finkelman on that basis alone.

Eid's concession also puts him at odds with his own expert. According to Dr. Finkelman, "[g]iven the complexities of due process as it has developed in the courts it is no longer a concept that is well understood by a majority of the public and can

be confusing to laymen." (Finkelman Report, ECF No. 48-2, PageID.1303.) Dr. Finkelman devotes his Report to explaining the specialized legal meaning for concepts like "notice" and "opportunity to be heard" and how Eid's case (supposedly) failed to meet those standards. (*See, e.g.*, *id.* at PageID.1305 ("To understand how this Amendment is relevant to the case at hand, we must look at [the] evolution of the concept of due process in England and the American colonies before 1775 and in the United States from the Revolution to present.").) During this deposition, Dr. Finkelman explained his bottom-line opinion this way: "[M]y summary opinion is that the university has denied Mr. Eid a full plethora range of due process protections." (ECF No. 48-3, Page.ID.1350–51.) Put differently: Dr. Finkelman intends to "define[] the governing legal standard [and] appl[y] the standard to the facts of [this] case." *Keyes v. Ocwen Loan Servicing, LLC*, 335 F. Supp. 3d 951, 959 (E.D. Mich. 2018) (Drain, J.). That's a legal conclusion, which is inadmissible under Rule 702.

## II. Eid offers nothing to shore up Dr. Finkelman's lack of qualification as a due process expert.

Eid is notably silent on the issue of Dr. Finkelman's qualifications. The closest he comes to justifying Dr. Finkelman's *bona fides* is his bare assertion that, given "the totality of [Dr. Finkelman's] experience applying due process in the college environment and his long study of its history[, t]here can be no better expert to assist

2

the jury[.]" (Response, ECF No. 49, PageID.1407.) But this wishful description doesn't match Dr. Finkelman's resume. Eid does not dispute that Dr. Finkelman has never taught or published on the topic of procedural due process. And his "long study of [due process] history" did not prepare him to speak on even the most basic procedural due process concepts. Eid insists this was just Dr. Finkelman "not tak[ing] the bait," but when questioning aims to determine the scope and depth of a person's expertise, disclaiming knowledge of key aspects of that domain (*i.e.*, "not taking the bait") is a telltale sign that the person is not an expert.

Eid also acknowledges that a federal district court has excluded Dr. Finkelman as an expert under Rule 702 but distinguishes that case as involving a different legal issue, which was "fraught with . . . highly partisan feelings and language." (Response, ECF No. 49, PageID.1409, referring to *Green v. Haskell County*, No. 05-cv-406 (E.D. Okla.).) Eid doesn't explain why that supposed distinction matters. There is no exception in Rule 702 for "highly partisan" cases. Further, it is unclear why Eid thinks such a distinction would help him here: he has consistently and misguidedly claimed that the School of Medicine rigged the system to favor female complainants over male respondents in its zeal to be "politically correct." (*See* Complaint, ECF No. 1.) The tenor of Dr. Finkelman's Report echoes that theme, offering a partisan perspective laced with highly prejudicial references—for example, to the Salem Witch trials—that would have no business being in a closing

3

argument let alone an expert witness's report.[1] The *Green* Court's ruling shows that this is something of a habit for Dr. Finkelman.[2] That goes directly to his qualification as an expert witness.

### III. Eid has not argued that Dr. Finkelman used a reliable method.

Finally, Eid fails to respond to the argument that Dr. Finkelman's opinion is not based on reliable methods that were reliably applied in this case. That, too, is reason enough to exclude his expert testimony and report. *See Marathon Petroleum Co. LP v. Midwest Marine, Inc.*, 906 F. Supp. 2d 673, 685 (E.D. Mich. 2012) ("The proponent of expert testimony must establish all the foundational elements of admissibility by a preponderance of proof.") (quoting *Nelson v. Tenn. Gas Pipeline Co.,* 243 F.3d 244, 251 (6th Cir. 2001)). As Defendants explained in their opening brief, Dr. Finkelman reached his opinion after a rushed and incomplete review of the record. And his approach—"I read . . . and then I . . . write"—lacks the hallmarks of reliability. Eid does not dispute either contention or the conclusion that Dr. Finkelman's opinion is not reliable.

---

[1] Eid's claim that Dr. Finkelman's report "is not hyperbole" goes against Dr. Finkelman's own acknowledgment that his Report may be " 'over the top,' and an exaggeration." (ECF No., PageID.1340).

[2] Eid also faults Defendants for not attaching Dr. Finkelman's publicly available expert report from *Green*. It is attached as Exhibit 1 for ease of reference.

## CONCLUSION AND RELIEF REQUESTED

Defendants ask this Court to find that Dr. Finkelman's expert opinion as expressed in his report and deposition testimony is inadmissible and to preclude Plaintiff's reliance on it in opposition to summary judgment and, if necessary, later at trial.

Respectfully submitted,
KIENBAUM HARDY VIVIANO
  PELTON & FORREST, P.L.C.

By: /s/ *Elizabeth Hardy*
  Elizabeth Hardy (P37426)
  David Porter (P76785)
Attorneys for Defendant
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
Dated:  February 21, 2022        dporter@khvpf.com
439875

5

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Elizabeth Hardy*
Elizabeth Hardy
Kienbaum Hardy Viviano
  Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
(248) 645-0000
E-mail: ehardy@khvpf.com
(P37426)