# EXHIBIT 12

UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANTHONY EID, an individual,

    Plaintiff,

v.                                           Case No: 20-cv-11718

WAYNE STATE UNIVERSITY,
WAYNE STATE UNIVERSITY         Hon. Gershwin A. Drain
SCHOOL OF MEDICINE,              Mag. Judge David R. Grand
NIKOLINA CAMAJ, MATT JACKSON,
RICHARD S. BAKER, and
R. DARIN ELLIS, in their individual and
official capacities, jointly and severally,

    Defendants.
_____/

## Plaintiff Anthony Eid's Declaration

In accordance with 28 U.S.C. § 1746, Mr. Anthony Eid declares the following:

1.     My name is Anthony Eid, I am the Plaintiff in the above-captioned matter. I make this declaration based on personal knowledge of the facts stated herein.

2.     I am an adult competent to testify under oath if called upon to do so.

3.     I was the subject of hearings before both the Professionalism and Promotions Committees of the Wayne State University School of Medicine.

4.     I was the subject of a Wayne State University non-academic disciplinary investigation and hearing.

3. During the course of the non-academic disciplinary investigation I was denied important information in an intentional effort to deny me an opportunity to defend myself and to know the specific charges against me.

4. During discovery in this case documents were produced by the Defendant revealing information that was relevant to the investigation and hearings that I was subject to and that would have caused me to hire legal counsel prior to meeting with WSU's Student Conduct Officer, Nicolina Camaj and appearing before the Professionalism and Promotions Committees to ensure that all of my rights were protected.

5. I was led to believe by Defendants that the complaint against me and the investigative process dealt with minor issues and at most would have resulted in minimal discipline.

6. I did not know that there was a demand, from the beginning of this process, that steps be taken to keep me from continuing my medical education and becoming a doctor.

7. The following documents were never shown to me until after the disciplinary process at WSU's SOM was complete or after being questioned about the matters in an official capacity:

- The online complaint made by Jane Roe was not provided to me until the Student Code of Conduct Officer had completed her investigation and I had

2

- submitted to an investigative interview and provided a written statement based on the information and instructions provided by Officer Camaj;

- The emails between the Complainant's Mother and SOM's Assistant Dean Chadwell accusing me of major offenses and asking that the SOM ensure I would not become a doctor;

- Emails between Assistant Dean Jackson, Chairman of the Professionalism Committee, and Complainant's Mother where he made statements evincing his belief that Complainant's charges were true prior to any hearing being conducted and being given an opportunity to defend myself;

- Emails detailing that Dean Chadwell and my assigned Counselor, Loretta Robichaud, had prejudged my case and were concerned that I might be another Larry Nassar, the infamous Michigan State Doctor who molested countless University and U.S. Olympics female Gymnastics members:

- Emails mentioning that members of the University and SOM administration were reviewing involving complaints that were made against me that were closed as unsubstantiated and that I am still unsure I am aware of; and

- Emails between Defendants Robichaud and Jackson during the adjudicative and disciplinary process where she passed along derogatory information obtained while pretending that she was helping me prepare for the Professionalism hearing.

3

8. Had I known that Defendants had prejudged my case; that the mother of the complainant was asking the SOM to prevent my further medication education so that I did not become a doctor; and that my Counselor was not, in fact, my advocate but assisting the SOM to ensure its protection, I would have hired legal Counsel.

9. Further, I would not have met with the Student Conduct Officer without Counsel being present, and I would have, through Counsel, requested all of the due process required under *Doe v. Baum,* 903 F.3d 575 (6th Cir. 2018).

I declare under penalty of perjury that the foregoing is true and correct.

**Anthony Eid**

Executed on February 25, 2022

4