# UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: March 15, 2023

Mr. Joshua Adam Engel
Engel & Martin
4660 Duke Drive
Suite 101
Mason, OH 45040

Ms. Elizabeth Phelps Hardy
Mr. David Andrew Porter
Kienbaum, Hardy, Viviano, Pelton & Forrest
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009

> Re: Case No. 22-1458, *Anthony Eid v. Wayne State University, et al*
> Originating Case No. : 2:20-cv-11718

Dear Counsel,

  The Court issued the enclosed opinion today in this case.

  Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

> Sincerely yours,
>
> s/Cathryn Lovely
> Opinions Deputy

cc: Ms. Kinikia D. Essix

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0132n.06

No. 22-1458

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ANTHONY EID,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>WAYNE STATE UNIVERSITY; WAYNE STATE UNIVERSITY SCHOOL OF MEDICINE; NIKOLINA CAMAJ; MARGIT CHADWELL; MATT JACKSON; RICHARD S. BAKER; R. DARREN ELLIS,<br><br>    Defendants-Appellees. | FILED<br>Mar 15, 2023<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN<br><br>OPINION |

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Anthony Eid sued Wayne State University (WSU), WSU's School of Medicine, and various administrators (collectively, Defendants or WSU), following his dismissal from the medical program for lack of professionalism. Eid was dismissed after admitting that he had sent deceptive messages to a former undergraduate student, referred to as Jane Roe throughout the proceedings. In these messages, Eid sought passwords to Roe's online accounts; falsely claimed that he was in contact with and had received information from Apple Support; threatened to report Roe to the University if she did not comply with his demands; and threatened to have his attorney file a lawsuit against her.[1] The district court granted Defendants'

---

[1] For a more detailed description of the factual background to this appeal, *see Eid v. Wayne State Univ.*, 599 F. Supp. 3d 513, 518-29 (E.D. Mich. 2022).

No. 22-1458, *Eid v. Wayne State University, et al.*

motion for summary judgment in full. Eid's appeal is limited to the dismissal of his Fourteenth Amendment procedural due process claim against the individual administrator Defendants.

Upon review of the record and the parties' briefs, we are not persuaded that the district court erred. Given the district court's thorough analysis of the facts and law, issuing a detailed opinion by this court would be duplicative and serve no useful purpose. Accordingly, we **AFFIRM** the district court's judgment. We address only one specific matter.

Eid argues that the district court overlooked our decision in *Endres v. Northeast Ohio Medical University*, 938 F.3d 281 (6th Cir. 2019), in concluding that he was dismissed from the medical school for academic rather than disciplinary reasons. Eid acknowledges that designating his dismissal as academic is outcome-determinative for his lawsuit. If his dismissal was for academic reasons, he concedes that his due process claim fails because students facing academic dismissals are afforded only minimal protections—they are not entitled to a hearing—whereas Eid received a hearing and two levels of appellate review from WSU. *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 87-92 (1978).

Although Eid did not cite *Endres* below, he argued in opposition to summary judgment that he received insufficient due process protections, citing other cases involving disciplinary (rather than academic) decisions. The district court recognized this as an implicit argument that "the dismissal was disciplinary in nature." Eid did not forfeit the argument that his dismissal was disciplinary. *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) (to preserve an argument, a litigant need only identify the issue and "provide some minimal level of argumentation in support").

We have previously held, however, that dismissing a medical student for lack of professionalism "amounts to an academic judgment to which courts owe considerable

-2-

No. 22-1458, *Eid v. Wayne State University, et al.*

deference[.]" *Al-Dabagh v. Case W. Rsrv. Univ.*, 777 F.3d 355, 357, 359 (6th Cir. 2015). And *Endres* affirmed this rule, explaining that a university's decision is academic when it is deciding, based on undisputed facts, "whether the student possessed the necessary traits to succeed in the medical profession." 938 F.3d at 300-01. A university's decision is disciplinary, by contrast, when it "requires a factual determination as to whether the conduct took place or not." *Id.* at 301 (quoting *Horowitz*, 435 U.S. at 95 n.5 (Powell, J. concurring)).

Because Eid took "full responsibility" for sending the deceptive messages to Roe—acknowledging that he "stretched the truth" and "lied to [her] about many things"—WSU was never called upon to make a factual determination in this matter. Indeed, WSU specifically declined to resolve the sole factual dispute Eid raised in the proceedings. Eid denied that he sent Roe an email impersonating an attorney, and that he texted Roe the next day about the email. But WSU never "engage[d] in first-level factfinding" to resolve this dispute. *Endres*, 938 F.3d at 300. It explained that while "the committee does not know whether Mr. Eid sent the email . . . the other evidence is enough to base [the] decision on." Relying on Eid's admissions, WSU ultimately decided to dismiss him "from medical school based on his professionalism actions and lack of integrity." In other words, WSU drew "subjective conclusions from established facts," rendering its decision academic. *Endres*, 938 F.3d at 300. *Endres* does not alter the district court's conclusion that Eid's dismissal for lack of professionalism was for academic reasons.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

-3-

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-1458

ANTHONY EID,

    Plaintiff - Appellant,

v.

WAYNE STATE UNIVERSITY; WAYNE STATE UNIVERSITY SCHOOL OF MEDICINE; NIKOLINA CAMAJ; MARGIT CHADWELL; MATT JACKSON; RICHARD S. BAKER; R. DARRIN ELLIS,

    Defendants - Appellees.

**FILED**
Mar 15, 2023
DEBORAH S. HUNT, Clerk

Before: MOORE, CLAY, and STRANCH, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

    THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

    IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk